**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| EARL GAVIN,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and EQUIFAX, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 7:18-cv-00523-DCC-JDA |

**DEFENDANT TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Trans Union LLC ("Trans Union"), through its counsel of record and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint ("Complaint"), and seeks dismissal of Plaintiff Earl Gavin's ("Plaintiff") Complaint for the reasons set forth below.

## I. FACTUAL BACKGROUND

On or about February 22, 2018, *pro se* Plaintiff Earl Gavin sued Trans Union seeking statutory damages and costs related to alleged violations of the Fair Credit Reporting Act ("FCRA"). Mr. Gavin claims that he requested, and admits he received, consumer disclosures from Trans Union. (Complaint at ¶¶ 14 and 21). Mr. Gavin generally alleges that the disclosures he received did not constitute his "full consumer file disclosure," in violation of § 1681g. (*Id.* ¶ 38). Mr. Gavin seeks statutory damages of $1,000, attorney's fees and costs but does not allege or seek to recover any actual damages. (*Id.*).

## II. MOTION TO DISMISS UNDER RULE 12(b)(6)

Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim upon which relief can be granted. Mr. Gavin presents no factual allegations in his Complaint to support his claims against Trans Union and instead makes only speculative and conclusory allegations. Mr. Gavin's allegations do not provide Trans Union with adequate notice of the basis of the claims asserted against it, and warrant granting Trans Union's Motion to Dismiss.

## III. APPLICABLE LEGAL STANDARD

A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401-02 (5th Cir.1996). The issue is "…whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir.1999).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). A "plausible claim for relief" is one where the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Such a claim "asks for more than a sheer possibility that a defendant has acted unlawfully," and requires more than the assertion of facts "that are 'merely consistent with' a defendant's liability.*"* *Id.* (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* (citing *Twombly*,

550 U.S. at 555). A court should therefore identify and reject legal conclusions unsupported by factual allegations because they "are not entitled to the assumption of truth." *Id.*

When considering a motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions" will not suffice to prevent a motion to dismiss. *Parham v. Pepsico, Inc.*, 927 F.Supp. 177, 178 (E.D.N.C. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). Specifically, a motion to dismiss will be granted when "the factual averments do not justify recovery on some theory adumbrated in the complaint… ." *Podiatrist Ass'n v. La Cruz Azul de P.R., Inc.*, 332 F.3d 6, 19 (1st Cir.2003). "The threshold for stating a claim may be low, but it is real." *Id*. " The complaint must therefore set forth factual allegations, either direct or inferential, supporting each material element necessary to sustain recovery under some actionable legal theory." *Id*.

Mr. Gavin is a *pro se* litigant. While the pleadings of a *pro se* plaintiff are to be held to less stringent standards than those drafted by an attorney, "a *pro se* litigant must still meet minimal pleading standards." *Roberts v. Choate Constr. Co.*, No. 5:11-cv-120-Oc-32TBS, 2011 U.S. Dist. LEXIS 121551, at *5 (M.D. Fla. Oct. 20, 2011) (quoting *Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citation omitted)); *see also Price v. Porter*, 351 Fed. Appx 925, 926 (5th Cir. 2009) ("[*P*]*ro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law").

While courts should show leniency to *pro se* litigants, "leniency does not give a court license to serve as *de facto* counsel for a party…or to rewrite an otherwise deficient pleading in order to sustain an action..." *Roberts*, 2011 U.S. Dist. LEXIS 121551, at * 5 (quoting *GSR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Additionally, "even a *pro se* litigant must allege the essential elements of a claim for relief, and vague and conclusory

allegations are insufficient to state a claim." *Michaels v. Satish*, 2011 U.S. Dist. LEXIS 86568, at *5 (S.D. Fla. Jul. 18, 2011).

## IV. ARGUMENT AND AUTHORITIES

### 1. Plaintiff's Complaint Fails to State Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g

Mr. Gavin's Complaint is subject to dismissal under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA. Mr. Gavin alleges that Trans Union "failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1)." (*See* Complaint at ¶¶ 14 and 21).

Section 1681g(a)(1) states that upon request, a consumer reporting agency shall disclose "[a]ll information in the **consumer's file** at the time of the request," except that (A) if the consumer requests that his social security number be masked the CRA shall do so, and (B) the CRA is not required to disclose information about credit scores "or any other risk scores or predictors relating to the consumer." 15 U.S.C. § 1681g(a)(1) (emphasis added). To prevail on a claim based on Section 1681g(a)(1), then, a plaintiff must adequately plead that the CRA failed to provide the consumer with the consumer file.

### 2. "Consumer file" is defined as the information contained in a consumer's disclosure/credit report

Federal courts and the Federal Trade Commission ("FTC"), the federal agency formerly charged with enforcing and interpreting the FCRA,[1] have defined the term "file" as material

[1] The interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010. In preparation for the transition, in July 2011, the FTC published "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" ("40 Years Commentary"). The report stated that the CRA must disclose all items in the consumer's file, but that "ancillary records", for example, "a CRA's audit trail of changes it makes in the consumer's file, billing records, or the contents of a consumer relations folder, are not included in the term 'information in the consumer's file.'" *See* 40 Years Commentary, p. 71., available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf (last visited 3/29/2018).

included in a consumer report that would be sent to a third party. The Seventh Circuit in *Gillespie v. Trans Union Corp.* held that "file" meant information contained in a consumer report produced by the CRA. *See* 482 F.3d 907. 908-10 (7th Cir. 2007). *Gillespie* cites the FTC's commentary on § 1681g(a)(1) regarding the limited scope of the term "file" which "…denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603).

The court in *Gillespie* went on to hold that the legislative history "…suggests Congress wanted consumers to receive exactly what Clinson and Gillespie got from Trans Union – *complete copies of their consumer reports,* *not their entire files in whatever form maintained by the CRA*…Congress, it seems, chose to limit the right to contest information to material *actually contained in consumer reports*. And of course it was free to draw the line as it did." *Gillespie*, 482 F.3d at 909-910 (emphasis added).

3. **Plaintiff admits he received the requested copies of his consumer disclosure**

Mr. Gavin's sole allegation against Trans Union is that he did not receive his "full consumer file disclosure" as requested. (*See* Complaint at ¶¶ 14 and 21). Mr. Gavin states that he sent Trans Union two requests for his full consumer file disclosure, and in response to each request, he admits he received a copy of his "credit report" from Trans Union. *Id.*

Mr. Gavin has misconstrued the difference between a "consumer credit report" and a disclosure or credit file. *See Pettway v. Equifax Info. Servs., LLC,* No. CIV.A. 08-0618-KD-M, 2010 WL 653708 at *7 (S.D. Ala. Feb. 17, 2010) (citing 15 U.S.C. § 1681a). A "consumer

---

The pervasiveness and significance of the FTC interpretation remains true today. The CFPB has not issued any contrary interpretation and has cited the 40 Years Commentary in amicus briefs on other topics. *See Moran v. The Screening Pros, LLC*, 9th Cir. Cause No. 12-57246 10/4/13, Dkt. 22.

credit report" is a report generated by a CRA and then delivered to a third party for its use in deciding, for example, whether to offer a consumer credit, insurance or employment. A "consumer disclosure" or "consumer file," by comparison, is a CRA's file that is provided directly to the consumer, not to third parties, that contains information about the consumer recorded and maintained by the CRA. *Id.* (citations omitted).

The allegations in Mr. Gavin's complaint establish that Trans Union complied with § 1681g(a)(1) and relevant federal case precedent by providing Mr. Gavin with his consumer disclosure. Mr. Gavin states that he requested his full consumer file disclosure and, in response, Trans Union provided him with his credit disclosure. (*See* Complaint at ¶¶ 14 and 21). Under the FCRA, the credit disclosures produced by Trans Union are exactly what Mr. Gavin was entitled to and, admittedly, did receive.

Mr. Gavin has, therefore, failed to allege sufficient facts to support a cause of action against Trans Union under the FCRA as Mr. Gavin admits that Trans Union complied with the requirements of § 1681g(a)(1). As a result, Mr. Gavin has failed to plead a cause of action for which relief may be granted and the Court should dismiss Mr. Gavin's claims pursuant to Rule 12(b)(6).

4. **Plaintiff provides no factual basis for his assertion that the "Trans Union Credit Report" was not his "full consumer file disclosure"**

Mr. Gavin makes no claim that any of the information contained in the consumer disclosures provided in response to his requests were inaccurate or that any specific information that should have been in the disclosure was missing. Rather, Mr. Gavin speculates with no factual basis that information has been excluded from his consumer file. Mr. Gavin assumes, and pleads solely"**[u]pon information and belief**," that such information includes:

- "information that was previously shown in his credit reports"; *Id.* at ¶ 22;

- "additional information never seen by him that is provided to prospective creditors, insurers or employers who request information on Plaintiff," *Id.* at ¶ 22;
- "negative codes among other things that are provided to prospective creditors, insurers or employers" *Id.* at ¶ 23; and
- "…far more information relating to Plaintiff in [Defendants'] files and databases including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy." *Id.* at ¶ 25.

(emphasis added).

Since the decision of *Twombly* and *Iqbal*, various district courts have stated that a plaintiff may plead facts "upon information and belief" in two circumstances: 1) where the facts are peculiarly within the possession and control of the defendant, or 2) where the belief is based on factual information that makes the inference of culpability facially plausible. *See, e.g.*, *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010); *Mathews v. Bowie County*, 2013 U.S. Dist. LEXIS 130978 (E.D. Tex. Sept. 13, 2013). However, the "mere invocation of the phrase 'information and belief' does not circumvent the pleader's responsibility to set forth a claim for relief which is plausible on its face—in other words, a claim which presents factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mathews*, 2013 U.S. Dist. LEXIS 130978 at *8.

Here, Mr. Gavin's Complaint contains mere conclusory statements and speculation, and provides no factual basis for the assertion that any specific information has been excluded from his consumer disclosure. This is fatal to Mr. Gavin's Complaint because he has alleged no facts sufficient to support any recognizable cause of action under § 1681g.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and for such other relief as the Court deems necessary.

Respectfully Submitted,

*s/Wilbur E. Johnson*

Wilbur E. Johnson
Federal ID No.: 2212
YOUNG CLEMENT RIVERS, LLP
P.O. Box 993
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile:  (843) 579-1332
Email: wjohnson@ycrlaw.com
**COUNSEL FOR TRANS UNION LLC**

**CERTIFICATE OF SERVICE**

This is to certify that on March 29, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Autumn Hamit Patterson
Jones Day
2727 N Haywood Street
Dallas, TX 75201-1515
(214) 220-3939
(214) 969-5100 Fax
ahpatterson@jonesday.com
*and*
Lyndey Ritz Zwingelberg
Adams and Reese
1501 Main Street
Fifth Floor
Columbia, SC 29201
(803) 212-4958
lyndey.zwing@arlaw.com
*Counsel for Experian Information Solutions, Inc.*

Rita Bolt Barker
Wyche PA
44 E Camperdown Way
PO Box 728
Greenville, SC 29601
864-242-8235
rbarker@wyche.com
*Counsel for Equifax, Inc.*

This is to certify that on March 29, 2018, a true and correct copy of the above and foregoing document has been served via First Class Mail and Electronic Mail on the following non-CM/ECF participant:

Earl Gavin
300 Marion Avenue
Gaffney, SC 29341
Egav1986@gmail.com
Plaintiff *Pro Se*

*s/Wilbur E. Johnson*
Wilbur E. Johnson