RECEIVED
USDC CLERK, GREENVILLE, SC
2018 APR -4  PM 3: 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EARL GAVIN<br>　　　Plaintiff<br><br>vs<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.; TRANS UNION<br>LLC; EQUIFAX, INC.<br>　　　Defendants | )<br>)<br>)<br>)  Case No 7:18-cv-00523-DCC-JDA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF S MOTION TO STRIKE DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT

Plaintiff hereby moves this Court pursuant to F.R.C.P. 12(f) to strike Defendant Experian Information Solutions, Inc. s (Experian) Affirmative Defenses numbered 1 thru 4 on the grounds that they are insufficient as they fail to state legal or factual defenses.

### MEMORANDUM

Plaintiff filed this lawsuit on February 22, 2018. On March 23, 2018 Defendant Experian filed an Answer and Affirmative Defenses to Plaintiffs Original Complaint.

### STANDARD OF REVIEW

Rule 12(f) provides that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, upon a party's motion or sua sponte. Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic

remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted. F.D.I.C. v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.) The Rule applies to complaints as well as affirmative defenses. Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999). The purpose of a motion to strike under Rule 12(f) is to test the legal validity of a defense. The motion to strike should be granted only if the insufficiency of the defense is clearly apparent. See Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986). Therefore, to prevail on a motion to strike an insufficient defense, a plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law. See EEOC v. Bay Ridge Toyota, I c., 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

## ANALYSIS AND ARGUMENT

**First Defense:** The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian. Defendant asserts as an affirmative defense that Plaintiff has failed to state a claim. "Failure to state a claim is not proper affirmative defense, but, rather asserts a defect in Plaintiff's prima facie case." N. Am. Mktg., 2012 U.S. Dist. LEXIS 105102, at *6 (citations omitted); see also Helstern v. City of San Diego. No. 13-cv-0321-LAB, 2014 U.S. Dist. LEXIS 9137, at **4-5 (S.D. Cal. Jan 24, 2014. All the facts of this case have been articulated in the Complaint and all documents other that Plaintiff's respective AT&T bill (in Defendant's possession) relevant to

Experian are attached thereto; **Exhibits 1-3.** Experian failed in all respects to respond to Plaintiff's clear and explicit requests for his full consumer file. 15 U.S.C. 1681 g is unambiguous in its plain language regarding the actions required on the part of Experian after Plaintiff in clear, concise, and articulate language, made two formal request for his full consumer disclosure. Although facts in regard to the basis for his claims are fully and completely articulated in Plaintiff's Complaint accompanied by supporting documentation; Defendant seeks to dispose of this case by asserting as an affirmative defense a claim that could and should be properly brought before the Court on a Motion to Dismiss thus circumventing if granted, Plaintiff's right to due process and remedy under the law. Such an attempt is unfair and prejudicial to the Plaintiff and its affirmative defense should be stricken.

**Second Defense.** Plaintiff has failed to mitigate his damages. Failure to mitigate is not a defense to an award of statutory damages. This is not a valid affirmative defense given the claims made and should be stricken because it has no basis in law or in any recognized legal theory. Plaintiff in any case clearly articulated his efforts to mitigate damages when he sent his second and final request for his full consumer file disclosure after Experian failed to properly respond to his first request. [Doc. 1 -3] Plaintiff has the burden of demonstrating that he is entitled to whatever damages the statute allows and this affirmative defense is a waste of toner.

**Third Defense.** Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiffs or third parties own

negligence that equaled or exceeded any alleged negligence or wrongdoing by Experian. Defendant brings yet another conclusory defense before the court devoid of any facts to support it. On its face the defense is frivolous in that the only parties involved in this action are obviously the Plaintiff and Experian with the United States Postal Service (USPS) acting solely as courier in transporting documents between the parties. The far-fetched contention that the Plaintiff was somehow negligent in any manner by simply requesting what he is entitled to under the FCRA or the USPS was negligent in delivering documents between the parties is an insult to the court and a waste of its time. In addition this affirmative defense is insufficient to meet the "fair notice" standard under Woodfield as well and should be stricken.

**Fourth Defense.** Any damages that Plaintiff may have suffered, which Experian denies, were the direct and proximate result of the conduct of Plaintiff. Therefore. Plaintiff is estopped and barred from recovery of any damages. Defendant once again brings a defense in a conclusory fashion and fails to elucidate any alleged conduct by Plaintiff that could possibly under any conceivable set of circumstances have caused the damages suffered by him. A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense. S.E.C. v. Elec. Warehouse, Inc., 689 F. Supp. 53, 73 (D. Conn. 1988), *aff d*, 891 F.2d 457 (2d Cir. 1989). Furthermore, broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. See *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d

1046, 1049-50 (N.D. Cal. 2004). This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* as well and should be stricken.

## CONCLUSION

"A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." S.E.C. v. Elec. Warehouse, Inc., 689 F. Supp. 53, 73 (D. Conn. 1988), affd, 891 F.2d 457 (2d Cir. 1989).

WHEREFORE, for the reasons stated above Plaintiff requests this Honorable Court strike Defendant s Affirmative Defenses numbers 1 thru 4 and for any other relief this Court deems just and proper.

Respectfully Submitted

Earl Gavin

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document was sent to the parties listed below by first class mail USPS.

**Counsel for Defendant Experian Information Solutions, Inc.**
Lyndey Zwing
Adams & Reese LLP
1501 Main St 5th Floor
Columbia SC 29201

**Counsel for Defendant Trans Union, LLC**
Wilbur E. Johnson
Young Clement Rivers, LLP
PO Box 993
25 Calhoun Street, Suite 400
Charleston SC 29401

**Counsel for Defendant Equifax, Inc.**
Rita Bolt Barker
WYCHE
44 East Camperdown Way,
Greenville SC 29601-3512