RECEIVED
USDC CLERK, GREENVILLE, SC
2018 APR -5  PM 3: 43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

EARL GAVIN                                             )
       Plaintiff.                                    )
                                                     )   Case No 7:18-cv-00523-DCC-JDA
vs                                                     )
                                                     )
EXPERIAN INFORMATION                                   )
SOLUTIONS, INC.; TRANS UNION                           )
LLC; EQUIFAX, INC.                                     )
       Defendants                                    )
                                                     )
                                                     )

## PLAINTIFF S MEMORANDUM IN OPPOSITION TO DEFENDANT TRANS UNION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**TO THE HONORABLE JUDGE OF THIS COURT:**

Plaintiff, Earl Gavin asks the Court to deny Defendant s Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) and states as follows:

### INTRODUCTION

1. In this case the Plaintiff alleged a cause of action for violations of the FCRA. The elements:

A. Plaintiff sent initial written request by certified mail for a copy of his full consumer file disclosure which was received by Transunion November 10, 2017. Attached to the written request were copies of the Plaintiff's valid South Carolina driver's license and copy his social security card.

B. In response to his very specific initial request for his full consumer file disclosure Plaintiff received Transunion credit report which was not responsive to his request.

C. After receiving a response from each Defendant/Tranunion that did not comply with the request made, Plaintiff made a second and final request for a full consumer file disclosure pursuant to the FCRA of each Defendant. A copy of the initial letter was sent with the second request for clarification along with identification in the form of a copy of Plaintiff's social security card and driver's license for identification.

D. In response to Plaintiff's second request for a full consumer file disclosure to Trans Union he received credit report once again which was not responsive to his request.

## FACTUAL BACKGROUND

Plaintiff made two very detailed and specific requests for his <u>full consumer file disclosure</u> under 15 U.S.C. § 1681 g in an effort to obtain and review ALL information that Trans Union had in its files relating to him as a consumer. [Doc. 1-2,1-3] The FCRA requires, among other obligations, that CRAs "clearly and accurately disclose to a requesting consumer all information in the consumer s file at the time of the request. 15 U.S.C. § 1681g(a)(l). Mr. Gavin did not ask for a credit report, a credit score, risk score, predictors or things relating to the processes and procedures of how Trans Union creates reports, maintains, analyzes or disseminates information relating to him to its customers. He simply requested a full consumer file disclosure of what Trans Union was in possession of in any form or in any place that relates specifically to him as a consumer. [Doc. 1-2,1-3] It was a very unambiguous and straightforward request made under the law. In response to Plaintiffs multiple requests Trans Union provided nothing more than pages of credit report twice with the first page greeting, Plaintiff did not request a credit

report but instead made a request for his full consumer file disclosure of all information contained in his Trans Union files and that is not what he received after multiple requests.

## STANDARD OF REVIEW

When considering Defendant s motion, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996)-, Jones v. General Elec. C , 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendant s motion. Hishon v. King & Spalding, A61 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in Plaintiffs complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule Defendant's motion.

## ARGUMENT AND AUTHORITIES

**1. Plaintiffs Complaint Fails to State Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g**

Plaintiff made two very specific requests for his full consumer file disclosure pursuant to 15 U.S.C. § 1681g to be sure that there would be no misunderstanding as to exactly what it was he was requesting anticipating that Trans Union may respond by sending just his conventional credit report in response to his request. [Doc. 1-2] When he received the first response which was exactly as anticipated (a conventional credit report) he made a second and final very detailed request to be sure that Trans Union knew without any doubt what he was requesting and entitled to under the statute. [Doc. 1-3] Once again, Trans Union responded with nothing more than a conventional credit report

which was not responsive to his request for his full consumer file disclosure. Mr. Gavin made no request for any credit score, or other risk scores or predictors and made no request for any information relating to any processes or procedures of Trans Union. Mr. Gavin's complaint pleads in detail precisely what he was asking for, what Trans Union failed to do to comply with his request and his complaint is supported by exhibits.

**2. Consumer file is defined as the information contained in a consumer's disclosure/credit report**

In its arguments for dismissal Trans Union immediately begins by conflating the words disclosure and credit report (disclosure/credit report) by arguing they are synonymous. Nowhere in the FCRA is the term disclosure/credit report used. A credit report is a disclosure of course... of credit information. That does not mean it is necessarily a disclosure of all information held in a consumer s file at a certain time. The plain language of the FCRA requires, among other obligations, that CRA's clearly and accurately disclose" to a requesting consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(l). FCRA defines "file as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored. *Id.*§ 1681a(g). The United States Court of Appeals for the Seventh Circuit has found that the term file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might he furnished, or has been furnished, in a consumer report on that consumer." Gillespie v. Trans Union Corp., 482 F.3d 907, 909 (7th Cir.2007) (emphasis in original) (citing 16 C.F.R. pt. 600, app. § 603). The Seventh Circuit has held that, although a consumer's "entire file need not be

disclosed upon request, "complete copies of their consumer reports" must be disclosed upon request. *Id.* The United States Court of Appeals for the Third Circuit has ruled that a CRA may not evade disclosure requirements by, for example contracting with a third party to store and maintain information that would otherwise clearly be part of the consumer s file and is included in a credit report, Cortez v. Trans Union, LLC, 617 F.3d 688, 711 (3d Cir.2010), or by using "corporate organization, reorganization, structure, or restructuring." to circumvent reporting requirements. 12 C.F.R. § 1022.140(a). Jones v. Equifax No. 3:15-cv-112-RJC-DSC United States District Court, W.D. North Carolina, Charlotte Division April 11, 2016. Defendant's argument has no merit when looking at the plain language of the statute and case law.

**3. Plaintiff admits he received two copies of his credit report**

Plaintiff readily admits he received two copies of his credit report which is one type of disclosure. Mr. Gavin very specifically asked for something other than a credit report. He requested a full consumer file disclosure which would include all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(l). FCRA defines "file" as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored. § 1681a(g) The fact that Trans Union sent Mr. Gavin a credit report does not equate to it providing his requested full consumer file disclosure UNLESS it has no other information in any of its files that relates to Mr. Gavin whether it as been or might be furnished in a consumer report of any kind. If that is the case why doesn't Trans Union just categorically state it has no other information in its files relating to Mr. Gavin in its motion to dismiss to bring this case to an end right now?

Is it reasonable to believe Trans Union collects and maintains consumer information on hundreds of millions of consumers but Mr. Gavin is somehow an exception and they have no other information whatsoever about him when he is a consumer, a renter and has been a property owner? Is that plausible? Again, the court needs to stay on point that this case isn't about whether any information related to Mr. Gavin that Trans Union has or may have provided to a third party is accurate or not. The issue here is whether there was information in Trans Union's files at the time of Mr. Gavin's request that was required to have been provided to him pursuant to his lawful request and wasn't. That is the sole claim in this lawsuit and the only issue before this court. Defendant's argument that Mr. Gavin received the full consumer file disclosure that he specifically requested has no merit and should be rejected by the court.

**4. Plaintiff provides no actual basis for his assertion that the Trans Union Credit Report as not his "full consumer file disclosure**

While in the past Mr. Gavin has used the website annualcreditreport.com to request a copy of his credit report in this case he did something different. With the advent of the hack of the Equifax database and the ensuing media attention and firestorm it has created, Mr. Gavin became even more aware that there appeared to be additional information about a consumer in a consumer reporting agency's files than what was provided in a credit report that he obtained from annualcreditreport.com. This caused him to dig even deeper than he already had been to conduct research about the consumer reporting agencies and what kind of disputes there may have been in the courts as to the information they possess on consumers and the accuracy of it. He also intensified his

already ongoing search for information in the public domain that might indicate there was more information that the CRA's held on consumers than was being disclosed in the credit reports provided by them either through annualcreditreport.com or directly upon request to the individual CRA's. Of course, if a consumer only requests their credit report and that is forwarded to them in response to the request than it has been satisfied. After substantial reading and research it became apparent there was a considerable amount of information that was being provided about consumers to a plethora of entities and persons that was not necessarily directly related to specific credit accounts such as a mortgage, credit card or car loans yet which could potentially affect the consumer s creditworthiness or ability to do business, obtain employment, obtain housing or could affect numerous other aspects of a consumer's life. In one extreme case there was derogatory information in a consumer's file that stated in part:

**The file shows that you are very much disliked by your neighbors at that location [Millstone's Washington residence], and were considered to be a 'hippy type . The file indicates that you participated in many demonstrations in Washington, D. C., and that you also housed out-of-town demonstrators during demonstrations. The file indicates that these demonstrators slept on floors, in the basement and wherever else there was room on your property. The file shows that you were strongly suspected of being a drug user by neighbors but they could not positively substantiate these suspicions. You are shown to have had shoulder length hair and a beard on one occasion while living in Washington, D. C. The file indicates that there were rumors in the neighborhood that you had been evicted by neighbors from three previous residences in Washington, D. C. prior to living at the 48th Street, N. W. location.**

which caused his auto insurance to be cancelled as a result of the credit report provided by O'Hanlon Reports, Inc., a CRA.1 The information was later found to be patently false and uncorroborated.

---

1 Millstone v O'Halon Reports, Inc. 383 F.Supp. 269 (E. Dist. Missouri 1974)

Needless to say Plaintiff was appalled that such false information was obtained and even possessed about a consumer by a CRA and could have that kind of dramatic effect on a consumer's life. Upon further research Plaintiff found numerous other court cases brought in a number of jurisdictions involving erroneous criminal information that was provided by CRA's to potential landlords in certain instances and erroneous employment information provided by CRA's to potential employers where the consumer was denied employment as a result just to name several. It became obvious there was more information being provided to certain customers of CRA s than just listings of mortgage, credit card, car loan and other similar credit accounts that a consumer receives in his credit report and in a number of cases that information was erroneous with negative consequences to the consumer.

For far too long it would appear that Trans Union and other major CRA's have diligently conditioned the courts, regulators and the public to think of a full file disclosure (which is precisely what a consumer is entitled to under the law when a proper request is made) as a credit report which contains only certain information but not by any means all information they retain about consumers so what is provided and potentially subject to dispute is minimal. There is a financial incentive for them to do so as brilliantly explained by Aaron Klein of the Brookings Institute in an article published by CNBC on September 27, 2017.[2]

**More than one in five consumers have a "potentially material error" in their credit file that makes them look riskier than they are. Lenders respond to this incorrect data by offering you higher interest rates, less favorable terms, or denying credit if the error makes you look too risky.**

---

2 https://www.cnbc.com/2017/09/27/the-real-problem-with-credit-reports-is-the-astounding-number-oferrors-

equifax-commentary.htm

**With money on the line, you might assume that the credit reporting system would fix the problem. In reality, it is the opposite. Speed and volume are favored over accuracy. Large-scale inaccuracies are tolerated. The costs of correcting the data outweigh benefits for the credit bureaus, though, not the consumers.**

**Given the importance of credit scores, why are they so inaccurate? Three reasons: size, speed, and economic incentives of the system. Each of the major bureaus has over 200 million credit files that, on average, contain 13 past and current credit obligations, resulting in 2.6 billion pieces of data. Each month, more than 1 billion pieces of data are updated, requiring a speedy system. With so much data coming from so many sources, so quickly, errors are inevitable (especially if you have a common name).**

The court should also take note that the annualcreditreport.com website (which was created and is maintained by the major CRA s) has <u>NO place on it where a consumer can request their full consumer file disclosure</u> but instead only provides the consumer with the option to request a credit report. How convenient, Sometimes one just has to look at the obvious. **If** Congress only intended that a consumer get a credit report upon a request, would they not have simply stated so in the statute rather than being very specific in the language of § 1681g stating a full file disclosure? A common sense reading of the plain language of the statute reveals there was to be more than just a credit report provided to the consumer upon a request for their full file disclosure IF there was more information held in the CRA s files. Is it any wonder why so many consumers lives are disrupted and sometimes ruined because of inaccurate and incredibly harmful consumer information disseminated by the CRA's because people don't know it even exists and if they had known would have had the opportunity to dispute and seek correction of it before massive damage occurred? The problem of inaccurate data isn't just limited to specific credit account information as Trans Union and the other CRA's would have us believe. It is

hidden data that may often be inaccurate and it is **purposely not disclosed**, even when requested by a consumer like Mr. Gavin for financial reasons that surely do NOT benefit the consumer.

Some companies do provide far more information when a request for a full file disclosure is made of them. As an example, Mr. Gavin made a request to LexisNexis (which is a company comparable to Equifax, Trans Union and Experian in size and a competitor) for his full consumer file disclosure. In response he received documents with the greeting Thank you for contacting LexisNexis to obtain your **Full File Disclosure** with a **myriad of consumer reports attached**. (Emphasis added) How refreshing; they used the proper terminology when responding! The disclosure from LexisNexis was 106 pages of information (some of which was erroneous ) and didn't even contain credit account information that must be requested separately from LexisNexis. By comparison, what was received from Trans Union in response to Plaintiffs request for his full consumer file .disclosure (the same request made of Trans Union) was a few pages with the greeting Enclosed is the Trans Union Personal Credit Report that you requested. This created a reasonable belief based on information known by this consumer that a full consumer file disclosure had not been provided by Trans Union as requested multiple times and is required under the FCRA upon a consumers request. (Emphasis added) Trans Union cites Gillespie in their arguments stating that federal courts and the FTC have limited the scope of the term "file" to all information on the consumer included in a consumer report that would be sent to a third party. The flaw in using that argument in this case is that it is taken out of context and misinterpreted as well as an incomplete statement. Trans Union later states more completely and truthfully about Gillespie:

Gillespie cites the FTC's commentary on § 1681g(a)(l) regarding the limited scope of the term "file": "The term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer. *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603). (Emphasis added)

Trans Union would have this court believe that the only kind of consumer report hat exists is a credit report so that is all the data they had to provide to Mr. Gavin upon his request which is far from the truth.

There are numerous consumer reports that are generated by the CRA s from information they have in their files regarding such things as rental history, criminal background, public records, employment etc. so the argument that all Trans Union had to do is provide information to Mr. Gavin that is specific to one particular consumer report (a credit report) is fatally flawed. Gillespie is not analogous to this case. Trans Union cites Gillespie as supporting its argument for dismissal. The issue in Gillespie was not whether Trans Union had provided a full file disclosure but rather that the Plaintiff brought the complaint because Trans Union failed to disclose ancillary items which the court found they are not required to do. Gillespie actually supports Mr. Gavin's claim when read in the proper context as to what is a full consumer file disclosure.

Trans Union cites Arista Records LLC v. Doe 3 604 F.3d 100 (2d Cir. 2010) and Mathews v. Bowie County, 2013 U.S. Dist. LEXIS 130978 (E.D. Tex. Sept. 13, 2013) in support of its argument on Plaintiffs information and belief' statement. As is quite often the case the argument here by the Defendant actually supports Plaintiff in that 1) the facts

here are peculiarly within the possession and control of the defendant (and would have to be revealed in Discovery and 2) the information is based on factual information known by Plaintiff from other cases involving Trans Union specifically that provides an inference of facial plausibility to his claims. After viewing reviewing Trans Union issues how could Plaintiff NOT believe that there had to be at least some information in their files that relates to him that **has** or **might** be furnished in a consumer report of some kind that had not been disclosed? Trans Union s smokescreen defenses relating to Plaintiffs information and belief allegations are baseless.

## CONCLUSION

Trans Union knows full well as a major long term player in the consumer reporting agency arena what the requirements of the FCRA are. They also know whether they have any information in their files that relates to Mr. Gavin that was not disclosed to him after his request. The fact Trans Union did not categorically state it has no additional information relating to Mr. Gavin as a consumer in their files in their Motion to Dismiss would leave a reasonable person, including this court, to reasonably assume there might be more information and that this case should go forward to Discovery to answer that question factually.

**WHEREFORE,** because the Defendant has failed to bring forth any cognizable or legitimate arguments for dismissal before this Honorable Court, Plaintiff respectfully requests the Court DENY Defendant's Motion to dismiss and allow Plaintiff s claim to move forward to trial on the merits. In the event the Court finds that Plaintiff has failed to

state a claim as alleged by Trans Union, Plaintiff requests leave of this court to file an Amended Complaint to cure any deficiencies identified by this Honorable Court.

Respectfully Submitted

Earl Gavin

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on the parties listed below by email on the date below.

**Counsel for Defendant Experian Information Solutions, Inc.**
Lyndey Zwing
Adams & Reese LLP
1501 Main St 5th Floor
Columbia SC 29201

**Counsel for Defendant Trans Union, LLC**
Wilbur E. Johnson
Young Clement Rivers, LLP
PO Box 993
25 Calhoun Street, Suite 400
Charleston SC 29401

**Counsel for Defendant Equifax, Inc.**
Rita Bolt Barker
WYCHE
44 East Camperdown Way,
Greenville SC 29601-3512