**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| EARL GAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:18-cv-00523-DCC-JDA |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and EQUIFAX, INC., | ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT TRANS UNION LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO TRANS UNION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

COMES NOW, Trans Union LLC ("Trans Union"), and files its Reply to Plaintiff's Opposition to Trans Union's Motion to Dismiss for Failure to State a Claim ("Opposition"), and would respectfully show the Court as follows:

**I.     INTRODUCTION**

Plaintiff's Opposition fails to provide the Court with any reason to deny Trans Union's Motion to Dismiss. The requirements of § 1681g, coupled with his conspiracy theories of hidden information, do not meet the threshold necessary to overcome a dismissal of Plaintiff's Complaint. Plaintiff's personal opinion as to what he believes Trans Union is refusing to provide him is inadequate to maintain a § 1681g action. Plaintiff's Complaint is devoid of the factual allegations required to proceed in this action and the Court should dismiss his Complaint for failure to state a claim upon which relief can be granted.

**II.     ARGUMENT AND AUTHORITIES**

**A. The Credit Disclosures Provided to Plaintiff Satisfy the Obligations of the FCRA**

1

Plaintiff's Opposition fails to provide the Court with even a single argument supporting a viable cause of action under the Fair Credit Reporting Act ("FCRA"). § 1681g, significantly titled "Disclosures to consumers," places a very straightforward duty upon consumer reporting agencies ("CRA") to provide a consumer with the information contained in their file at the time of their request. The courts have determined the consumer's "file" is the information that would have been produced to a third party as a credit report. Trans Union complied with § 1681g by providing Plaintiff with his disclosure file in response to each request as this contained the same information that would be provided to a third party requesting Plaintiff's credit report.

Plaintiff's misunderstanding of the FCRA is displayed by his confusion as to what Trans Union was required to provide to a consumer who requests a "full consumer disclosure file." § 1681g requires a CRA, such as Trans Union, to disclose to a consumer the same information it discloses to a third party in a consumer report. *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007). Numerous courts have held that § 1681g only requires a consumer reporting agency to provide a consumer with all information in their credit file that would be sent to a third party in a consumer report. *Gillespie,* 482 F.3d at 910 ("The language of § 1681g(a)(1), the FTC's interpretive guideline, and the Senate Committee Report all support Trans Union's argument that 'file' means information included in a consumer report."); *Shaw v. Experian Info. Solutions, Inc.*, No. 13-cv-1295, 2016 U.S. Dist. LEXIS 134991, at *35 (S.D. Cal. Sept. 28, 2016)(citing *Gillespie*, 482 F.3d at 908-10)(stating that under 1681g consumers are not entitled to receive information in whatever form maintained by consumer reporting agencies and that consumer reporting agencies need not provide consumers information that is not provided to third parties); *see also Lopez v. Edge Info. Mgmt.*, No. 17-179, 2018 U.S. Dist. LEXIS 31179, at

2

*10 (E.D. Pa. Feb. 26, 2018); *Watkins v. Experian Info. Solutions, Inc.*, No. 6:13-CV-00239-WSS-JCM, 2014 U.S. Dist. LEXIS 150321, at *24 (W.D. Tex. Sept. 8, 2014).

Mr. Gavin readily admits that he received a complete copy of his credit disclosure from Trans Union in response to each of his requests. *See* Dkt. 1. The credit disclosure sent by Trans Union contains precisely what the FCRA requires Trans Union to provide, and that is precisely what Plaintiff admittedly received. Notably, Plaintiff has failed to cite to any authority supporting the position that Trans Union was required to provide a consumer with a disclosure that contains more information than what is provided to a third party requesting a consumer report.

### B. The FCRA does not Require CRAs to Seek out and Obtain Information Possessed by Other Companies and Incorporate it into a Credit Disclosure

Plaintiff argues that because other companies possess information about him that was not contained in the credit disclosure provided in his credit disclosure somehow equates into a violation of the FCRA by Trans Union. Plaintiff has provided this Court with absolutely no authority that Trans Union was required to seek out and obtain information possessed by other entities and then provide it in response to a "full consumer disclosure file." This argument fails because it contradicts the explicit obligations of what a CRA is required to provide under the FCRA. As shown in this case, Trans Union fully complied with the duties created by the FCRA.

In a related argument, Plaintiff's Response also contains his theory and personal belief as to the types of information he feels *might* be possessed by Trans Union that was not disclosed. Once again, Plaintiff has completely failed to satisfy the pleading requirements of Rule 12(b)(6) by providing any facts that specific information that Trans Union was required to provide pursuant to the FCRA was excluded from his credit disclosure. Plaintiff's arguments are just more of the same types of conclusory statements that provide no factual basis establishing that

3

Trans Union withheld any information it was required to provide to Plaintiff pursuant to the FCRA. As a result, Plaintiff has provided this Court with no basis to deny Trans Union's Motion to Dismiss.

Plaintiff's arguments certainly defy credulity when he cites to a 1974 case wherein an investigative report conducted on the plaintiff, Millstone, included references to him being disliked by his neighbors who considered him as a "drug user" and "hippy type." There were also references to "peace demonstrators staying at the Millstone residence." *Millstone v. O'Hanlon Reports, Inc.*, 383 F. Supp. 269 (E.D. Mo. 1974). What Plaintiff fails to point out to this Court is that *Millstone* involved an "investigative consumer report" that was never provided to Millstone as required by § 1681g. In contrast, Plaintiff is very clear that he did receive his disclosures from Trans Union as required by § 1681g.

### C. Extrinsic Evidence Introduced in Plaintiff's Opposition Should be Disregarded

It is well established that when considering a Rule 12(b)(6) motion, a court cannot look beyond the face of the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Plaintiff's Opposition introduces a wealth of extrinsic evidence, including hearsay evidence related to LexisNexis, a reference to an MSNBC news articles, and other anecdotal evidence, none of which should be considered in the determination of whether the Complaint adequately states a claim upon which relief may be granted. Plaintiff's Complaint on its face does not factually demonstrate a claim upon which relief can be granted, so the Complaint should be dismissed.

### III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to

state a claim upon which relief can be granted, and for such other relief as the Court deems necessary.

>                                Respectfully Submitted,
>
>
>                                *s/ Wilbur E. Johnson*
>                                Wilbur E. Johnson
>                                Federal ID No.: 2212
>                                YOUNG CLEMENT RIVERS, LLP
>                                P.O. Box 993
>                                25 Calhoun Street, Suite 400
>                                Charleston, SC 29401
>                                Telephone: (843) 724-6659
>                                Facsimile:  (843) 579-1332
>                                Email: wjohnson@ycrlaw.com
>                                **COUNSEL FOR TRANS UNION LLC**

Date:  April 12, 2018

**CERTIFICATE OF SERVICE**

This is to certify that on April 12, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

| | |
|---|---|
| Autumn Hamit Patterson<br>Jones Day<br>2727 N Haywood Street<br>Dallas, TX 75201-1515<br>(214) 220-3939<br>(214) 969-5100 Fax<br>ahpatterson@jonesday.com<br>  and<br>Lyndey Ritz Zwingelberg<br>Adams and Reese<br>1501 Main Street<br>Fifth Floor<br>Columbia, SC 29201<br>(803) 212-4958<br>lyndey.zwing@arlaw.com<br>*Counsel for Experian Information Solutions, Inc.* | Rita Bolt Barker<br>Wyche PA<br>44 E Camperdown Way<br>PO Box 728<br>Greenville, SC 29601<br>864-242-8235<br>rbarker@wyche.com<br>*Counsel for Equifax, Inc.* |

This is to certify that on April 12, 2018, a true and correct copy of the above and foregoing document has been served via First Class Mail and Electronic Mail on the following non-CM/ECF participant:

Earl Gavin
300 Marion Avenue
Gaffney, SC 29341
Egav1986@gmail.com
Plaintiff *Pro Se*

                                                *s/ Wilbur E. Johnson*
                                                Wilbur E. Johnson