UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Earl Gavin,

        Plaintiff,

v.

Experian Information Solutions, Inc.; Trans Union LLC; Equifax Inc.,

        Defendants.

Case No. 7:18-cv-00523-AMQ-JDA

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendant Experian Information Solutions, Inc. ("Experian") hereby responds in opposition to Plaintiff's Motion to Strike Experian's Affirmative Defenses. *See* Docket No. 31, Plaintiff's Motion to Strike Defendant Experian Information Solutions, Inc.'s Affirmative Defenses and Memorandum in Support [hereinafter, "Pl.'s Motion"].

### BACKGROUND

On February 22, 2018, Plaintiff filed suit against Experian, Trans Union LLC, and Equifax, Inc., alleging defendants violated the Fair Credit Reporting Act (the "FCRA"). *See* Docket No. 1, Complaint for Violations of the FCRA [hereinafter, the "Complaint"]. Plaintiff alleges that he requested his "full consumer file disclosure" from each defendant and that each defendant provided him a "credit report," purportedly in violation of section 1681g(a)(1) of the FCRA. *See id.* at ¶¶ 9-14, 17, 19, 29. Plaintiff seeks damages of $1,000 and costs pursuant to section 1681n of the FCRA from Experian. *See id.* at ¶34.

On March 23, 2018, less than twenty-one days after receiving the Complaint, Experian filed its Answer and Affirmative Defenses. *See* Docket Entry 10, Summons Returned Executed;

Docket Entry No. 15, Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses [hereinafter, "Answer"].  In its Answer, Experian asserted the following five defenses: (1) the Complaint failed to state a valid claim for relief; (2) Plaintiff failed to mitigate his alleged damages; (3) any alleged damages were caused, in part, by Plaintiff's actions and own negligence, which equaled or exceeded any alleged wrongdoing or negligence by Experian; (4) Plaintiff's conduct was the direct and proximate cause of any damages suffered; and (5) the Complaint failed to allege facts sufficient to make an award of punitive damages proper.  *See* Answer at 10.  Experian also expressly reserved its right to amend its Answer and assert additional defenses if discovery revealed that such amendment was necessary.  On April 4, 2018, Plaintiff moved to strike the first four of Experian's asserted defenses.  Pl.'s Motion at 1.

## LEGAL STANDARD

To plead defenses sufficiently, a defendant must "state in short and plain terms its defenses."  FED. R. CIV. P. 8(b).  The purpose of an affirmative defense pleading "is to provide the opposing party with fair notice."  *Palmetto Pharm. LLC v. AstraZeneca Pharm. LP*, No. 2:11-CV-00807-SB-JDA, 2012 WL 6025756, at *7 (D.S.C. Nov. 6, 2012), *adopted by* No. 2:11-CV-00807-SB-JDA, 2012 WL 6041642 (D.S.C. Dec. 4, 2012).  A defense pleading is thus sufficient when it provides "plaintiff fair notice of the nature of the defense."  *See Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004).

If a defense is not sufficiently pleaded, the court has discretion to strike that defense under Rule 12(f) of the Federal Rules of Civil Procedure if the court chooses to do so.  *See* FED. R. CIV. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *Palmetto Pharm. LLC*, 2012 WL 6025756, at *4 (explaining that "whether to grant a motion to strike under Rule 12(f) is within the sound discretion of the court").  Typically, "such motions are denied 'unless the allegations attacked

have no possible relation to the controversy and may prejudice the other party.'" *Haught v. The Louis Berkman, LLC*, 377 F. Supp. 2d 543, 548 (N.D.W. Va. 2005) (quoting *Steuart Inv. Co. v. Bauer Dredging Constr. Co.*, 323 F.Supp. 907, 909 (D.Md.1971)); *see also Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (explaining that "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic'" (quoting 5A A. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380, 647 (2d ed. 1990))); *McMillian*, 2010 WL 4791800, at *1 ("A motion to strike defenses is 'a drastic remedy . . . and is infrequently granted.'" (quoting *First Fin. Sav. Bank v. Am. Bankers Ins. Co.*, 783 F. Supp. 963, 966 (E.D.N.C. 1991))).

A moving party accordingly has "a substantial burden" to show that striking a pleading is justified. *Haught*, 377 F. Supp. 2d at 548; *see also McMillian v. Leconey*, No. 5:09-CV-175-BR, 2010 WL 4791800, at *1 (E.D.N.C. Nov. 17, 2010). And, in assessing the sufficiency of the defense, courts "must view the pleading under attack in a light most favorable to the pleader." *United States v. Appelbaum*, 47 F. Supp. 3d 370, 378 (W.D.N.C. 2014).

Whether affirmative defenses must meet the heightened pleading standard described in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), is a disputed issue that the Fourth Circuit has not yet squarely decided. *See Grant v. Bank of Am., N.A.*, No. 2:13-CV-342, 2014 WL 792119, at *3-4 (E.D. Va. Feb. 25, 2014). The Fourth Circuit has previously concluded, however, that an affirmative defense that was pleaded generally gave the plaintiff fair notice, *see Clem*, 98 F. App'x at 203, which suggests the Fourth Circuit will not extend *Twombly* and *Iqbal* to defense pleadings. Furthermore, although district courts are divided on the issue, a growing number of district courts within the Fourth Circuit

have rejected calls to extend the *Twombly* and *Iqbal* standard to affirmative defenses. *Compare Hand Held Products, Inc. v. Code Corp.*, No. 17-167-RMG, 2017 WL 2537235, at *6 (D.S.C. June 9, 2017) (holding that "*Twombly* and *Iqbal* do not provide the pleading standard applicable to affirmative defenses"), *and Cohen v. SunTrust Mortgage, Inc.*, 3:16-CV-02513-CMC, 2017 WL 1173581, at *2 (D.S.C. Mar. 30, 2017) (recognizing "district courts are divided" and the lack of "direct circuit court authority" and joining "the recent trend in in finding the *Twombly-Iqbal* standard inapplicable to affirmative defenses"), *and Certusview Techs., LLC v. Usic, LLC*, No. 2:14CV373, 2014 WL 12591937, at *4 (E.D. Va. Dec. 15, 2014) (rejecting the "apparent majority position" that the *Twombly*/*Iqbal* standard should be extended to affirmative defenses), *and Narbona v. Micron Precision, LLC*, No. 3:14-cv-00060-MOC-DSC, 2014 WL 1875038, at *1 (W.D.N.C. May 9, 2014) (agreeing that "the *Iqbal*/*Twombly* standard has no application to affirmative defenses"), *with Monster Daddy LLC v. Monster Cable Products, Inc.*, No. 6:10-1170-HMH, 2010 WL 4853661, at *8 (D.S.C. Nov. 23, 2010) (concluding that "the pleading standard established in *Twombly* and *Iqbal* applies to affirmative defenses").

  Moreover, the plain text of the Federal Rules of Civil Procedure demonstrates that different pleading standards apply to defenses as opposed to claims. *See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546–47 (4th Cir. 1993) (explaining that the court's task is to apply the plain meaning of the Federal Rules of Civil Procedure); *cf. United States v. Carey*, 120 F.3d 509, 512 (4th Cir. 1997) (concluding the court was constrained to follow the plain language of the Federal Rules of Criminal Procedure). Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim *showing that the pleader is entitled to relief*," whereas Rule 8(b)(1)(A) requires only that a defendant "*state* in short and plain terms its defenses to each claim" FED. R. CIV. P. 8(a)(2), (b)(1)(A) (emphases added); *see also Grant*,

2014 WL 792119, at *4 (declining "to hold affirmative defenses to the same pleading standards required by Rule 8(a)," in part, because the rules "do not require a party to 'show' that it is entitled to a defense"); *Palmetto Pharm. LLC*, 2012 WL 6025756, at *5 (reasoning that "Rule 8(b) and Rule 8(c) do not contain the language of Rule 8(a) requiring complainants to 'show' that they are entitled to relief").

Rule 8(c) likewise requires only that a party "affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c); *see also Narbona*, 2014 WL 1875038, at *1 (reasoning that if "the drafters wanted the same pleading standard to apply to claims and defenses, they could have group[ed] claims and defenses in Rule 8(a)(2)," or they could have "lift[ed] the pleading requirements of Rule 8(a)(2) and dropp[ed] them in Rule 8(c)," but they deliberately chose not to do so). Applying a lower pleading standard to defenses is reasonable because a defendant "typically has only 21 days within which to Answer or otherwise respond to a complaint and assert its affirmative defenses" as opposed to a plaintiff who "has months if not years to investigate its claim and craft a complaint which alleges plausible facts that show they are entitled to the relief they seek." *See id.* at *2. Therefore, if a pleaded defense gives a "plaintiff fair notice of the nature of the defense," *see Clem*, 98 F. App'x at 203, the "drastic remedy" of striking the defenses under Rule 12(f) is unwarranted, s*ee Waste Mgmt.*, 252 F.3d at 347.

### ARGUMENTS

Because Experian's pleadings give Plaintiff fair notice of its defenses, Plaintiff cannot establish that Experian's defenses are insufficient and that he is entitled to the drastic remedy of striking Experian's defenses. Experian gave Plaintiff fair notice of the defenses it intended to develop through discovery by affirmatively stating those defenses in "short and clear terms" as required by the Federal Rules. *See* FED. R. CIV. P. 8(b),(c). Accordingly, Plaintiff has "fair

notice of the nature of the defense[s]" that Experian will pursue based on what facts emerge during the discovery process. *See Clem*, 98 F. App'x at 203. These defenses are proper defenses that can rebut, either in whole or in part, Plaintiff's claims. Moreover, Plaintiff cannot show that he would be prejudiced by Experian conducting discovery regarding these defenses—Experian's asserted defenses are logically related to the subject of the controversy. *See Haught*, 377 F. Supp. 2d at 548 (acknowledging it is proper to deny motions to strike when the allegations have some relation to the controversy and do not prejudice the moving party); *Morrisroe v. Goldsboro Milling Co.*, 884 F. Supp. 192, 194 (E.D.N.C. 1994) (explaining that motions to strike are "generally disfavored by courts and are usually denied unless there is a showing of prejudice to the moving party"). The Court should therefore deny Plaintiff's Motion in its entirety.

**I.      Experian gave Plaintiff fair notice of its failure to state a claim defense.**

Experian properly pleaded a failure to state a claim defense. Experian's Answer alleged the Complaint failed to state a claim that would entitle Plaintiff to relief from Experian because, in part, the Complaint alleges Experian provided Plaintiff with his "credit report." *See* Answer at 10. The allegations in the Complaint thus demonstrate that Experian complied with section 1681g's disclosure requirements. *See id.*; *see also Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909-10 (7th Cir. 2007) (explaining "file" in section 1681g refers to information included in a consumer credit report). Plaintiff has fair notice regarding the nature of this defense, making the drastic remedy of striking this defense unwarranted. *See Clem*, 98 F. App'x at 203.

Relying on unpublished cases from California district courts, Plaintiff claims this defense is improper because it can only be the subject of a Rule 12(b)(6) motion to dismiss. The Federal Rules of Civil Procedure, however, allow a failure to state a claim defense to be asserted in a motion *or* in a responsive pleading, such as an answer. Rule 12(b) provides that "a party *may* assert" certain "defenses by motion" including "failure to state a claim upon which relief can be

granted." FED. R. CIV. P. 12(b) (emphasis added). In the alternative, a party can join the failure to state a claim defense "in a responsive pleading," which does not waive the defense. *See* FED. R. CIV. P. 12(b) ("No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion."). Furthermore, Rule 12(h) expressly provides that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . in any pleading allowed or ordered under Rule 7(a)," and one of the pleadings provided for in Rule 7(a) is "an answer to a complaint." *See* FED. R. CIV. P. 7(a); 12(h). The Federal Rules thus expressly permit Experian to assert a failure to state a claim defense in its answer, rather than filing a motion to dismiss. *See Marex Titanic, Inc.*, 2 F.3d at 546-47 (acknowledging the plain meaning of the Federal Rules of Civil Procedure govern). Plaintiff therefore cannot show that he is somehow prejudiced by Experian's pleading, which complied with the relevant rules. Accordingly, Plaintiff failed to carry his burden to show that Experian's failure to state a claim defense was improper or insufficient. *See McMillian*, 2010 WL 4791800, at *1 ("The burden of proof on a motion to strike lies with the moving party.").

**II.     Experian gave Plaintiff fair notice of its failure to mitigate damages defense.**

Experian properly pleaded that Plaintiff failed to mitigate his damages, such as by attempting to remedy any allegedly false information. *See* Answer at 10. Indeed, Plaintiff does not even attempt to argue that he did not receive fair notice regarding this defense. Plaintiff instead argues that Experian's failure to mitigate defense is improper because he pleaded only statutory damages, not actual damages. But the Complaint seeks damages and costs against Experian pursuant to 15 U.S.C. § 1681n, *see* Complaint at 6, and section 1681n expressly allows for recovery of actual damages, *see* 15 U.S.C. § 1681n (permitting recovery of "*any actual damages* sustained by the consumer . . . of not less than $100 and not more than $1,000" (emphasis added)). It was thus appropriate for Experian to plead failure to mitigate as a defense

against Plaintiff's claim for damages under section 1681n. To the extent that Plaintiff seeks to prove actual damages, Experian is entitled to rely on the defense that Plaintiff failed to mitigate those damages.

Plaintiff also mistakenly suggests that his pleadings demonstrate that Experian cannot prove that he failed to mitigate any damages and that this defense "is a waste of toner." *See* Complaint at 3. *First*, this is an argument regarding the merits of Plaintiff's allegations, which does not constitute a basis for striking a well-pleaded defense. *Second*, unlike for purposes of a motion to dismiss, the Court is not required to view Plaintiff's well-pleaded allegations as true, but instead must view the allegations in the light most favorable to Experian. *Compare LeSueur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012) ("accept[ing] as true all of the well-pleaded allegations and view[ing] the complaint in the light most favorable to the [plaintiff]" when reviewing whether the district court properly granted the motion to dismiss the plaintiff's claims), *with Appelbaum*, 47 F. Supp. 3d at 378 (explaining that courts "must view the pleading under attack in a light most favorable to the pleader" when assessing the sufficiency of pleadings under a Rule 12(f) motion). Plaintiff's argument improperly inverts the standard of review by asking the Court to conclude that his pleaded factual allegations are true and that those allegations conclusively negate Experian's failure to mitigate defense.

### III.     Experian gave Plaintiff fair notice of its comparative and contributory negligence defense and estoppel defense.

Experian properly pleaded a comparative and contributory negligence defense and estoppel defense, alleging that any damages suffered by Plaintiff were caused, in part, by Plaintiff's negligence and other conduct, such as any failure to make payments in a timely fashion. *See* Answer at 10. Even if Plaintiff sustained damages as a result of allegedly negative information provided to prospective creditors, *see* Complaint at ¶ 23, which Experian denies,

Experian contends that Plaintiff's omissions and actions contributed to the alleged reporting of negative information and caused his damages, *see* Answer at 10. Experian thus "state[d] in short and plain terms its defenses, *see* Fed. R. Civ. P. 8(b), and gave Plaintiff "fair notice" regarding the nature of its defenses, *see Clem*, 98 F. App'x at 203.

Plaintiff disregards what Experian actually pleaded, asserting instead that Experian's defenses are based on a "far-fetched contention" that Plaintiff was negligent in making his requests or that the United States Postal Service ("USPS") negligently delivered the documents between the parties. *See id*. at 4. But Experian never alleged that Plaintiff's actions in sending the written requests were negligent, nor did Experian assert any allegations regarding USPS. *See* Answer at 10. Plaintiff's recasting of Experian's pleadings provides no justification for the "drastic remedy" of striking Experian's defenses. *See McMillian*, 2018 WL 4791800, at *1. Experian properly gave Plaintiff "fair notice" of the defenses that it intends to develop further though discovery. *See Palmetto Pharm. LLC*, 2012 WL 6025756, at *7 (explaining that a defense provides "fair notice" when it provides notice regarding a possible issue that can be further explored during discovery). Therefore, Experian's defenses of comparative fault, contributory negligence, and estoppel were properly pleaded, and Plaintiff has failed to meet his burden of demonstrating otherwise.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's request for the drastic remedy of striking Experian's defenses. If the Court grants Plaintiff's Motion, Experian respectfully requests the opportunity to replead.

Dated:  April 17, 2018

Respectfully submitted,

*/s/ Lyndey Ritz Zwingelberg*
Lyndey Ritz Zwingelberg
(Fed ID No. 11506)
ADAMS AND REESE LLP
1501 Main Street, Fifth Floor
Columbia, South Carolina 29201
Telephone:   803-254-4190
lyndey.zwing@arlaw.com

*/s/ Autumn Hamit Patterson*
Autumn Hamit Patterson
*Admitted Pro Hac Vice*
Texas Bar No. 24092947
JONES DAY
2727 North Harwood St., Suite 600
Dallas, TX 75201
Telephone: (214) 969-2966

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed on April 17, 2018, with the Court via the CM/ECF system, causing it to be served on all counsel of record. In addition, a copy of the foregoing was sent via mail and email to pro se Plaintiff at the physical address and email address listed below.

Earl Gavin
300 Marion Ave
Gaffney, SC 29341
Egav1986@gmail.com

*/s/ Lyndey Ritz Zwingelberg*
Lyndey Ritz Zwingelberg