IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| EARL GAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:18-cv-00523-AMQ-JDA |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC.; TRANS UNION LLC; and | ) |
| EQUIFAX, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT TRANS UNION LLC'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COMES NOW, Trans Union LLC ("Trans Union"), and files its Opposition to Plaintiff's Motion for Leave to Amend Complaint, and would respectfully show the Court as follows:

## I. INTRODUCTION

Plaintiff filed suit on January 9, 2018, asserting a claim for violation of § 1681g of the Fair Credit Reporting Act ("FCRA"). In response to the Motions to Dismiss filed by Defendants Trans Union and Equifax, Inc., Plaintiff now seeks to amend his Complaint. Plaintiff's proposed Amended Complaint still suffers from two fatal deficiencies: (1) it is still void of the factual allegations needed to satisfy the pleading requirements of the Federal Rules of Civil Procedure and, (2) Plaintiff's amended allegations still show that Trans Union completely satisfied the provisions of the FCRA. As a result, Plaintiff's Motion should be denied because an amendment would be futile.

## II. PLAINTIFF FAILED TO SATISFY FACTORS NECESSARY TO OBTAIN LEAVE

**A. Amendment of the Complaint would be Futile**

Several factors should be weighed to determine whether a motion for leave to amend a complaint should be denied. Those factors include the futility of the amendment, whether there

was bad faith or undue delay, whether amendment will prejudice the opposing party, and whether the complaint was previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Steinburg v. Chesterfield County Planning Commission, et al.*, 527 F.3d 377 (4th Cir. 2008).

Plaintiff's Motion for Leave should be denied because Plaintiff's proposed Amended Complaint still suffers from the same fatal deficiencies seen in Plaintiff's Complaint. Plaintiff's sole cause of action in both pleadings is based upon the alleged violation of § 1681g of the FCRA. However, in the Amended Complaint, Plaintiff still fails to allege a cause of action upon which relief can be granted under § 1681g as a matter of law. As a result, Plaintiff's Motion for Leave to Amend Complaint should be denied on the grounds that it is futile.

**1. Plaintiff's Proposed Amended Complaint Still Lacks the Factual Allegations Required by the Federal Rules of Civil Procedure**

Plaintiff's attempt to cure the inadequacies in his Complaint still falls short of the pleading requirements of Federal Rules of Civil Procedure. *See* F.R.C.P. 8 and 12(b)(6). Plaintiff's proposed Amended Complaint simply contains more of the same types of conclusory statements and improper allegations based on "information and belief" that provide no factual basis that Trans Union withheld any information it was required to provide to Plaintiff pursuant to § 1681g. Plaintiff continues to combine his unsupported personal opinions and conspiracy theories as to what information he believes Trans Union possesses about him, but he repeatedly fails to identify what information was not provided to him as required by § 1681g. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient.). Plaintiff's proposed Amended Complaint suffers from the same deficiencies as his Complaint - it is void of the factual allegations necessary to sustain a cause of action under § 1681g of the FCRA. The federal pleading requirements, although low, still require more than what is provided in Plaintiff's proposed Amended Complaint.

2

Plaintiff's proposed Amended Complaint also makes the unsupported leap of logic that because other entities, such as LexisNexis, allegedly possess information about him that was not contained in his Trans Union credit disclosure, this somehow equates into a violation of the FCRA. Not only does this argument ignore the clear language of the FCRA, but Plaintiff has not cited any authority in support of his position. Plaintiff has also failed to provide any allegation as to what specific information Trans Union was required to provide pursuant to § 1681g that was excluded from his credit disclosure. As seen below, § 1681g specifically sets forth the requirements and obligations of a CRA. Plaintiff's position is unsupportable because it seeks to create additional requirements and obligations that are not contained in the FCRA. As a result, this Court should deny Plaintiff's Motion for Leave to File Amended Complaint on the grounds that the amendment would be futile.

2. **Plaintiff's Proposed Amended Complaint Still Fails to State a Claim upon Which Relief can be Granted Under § 1681g**

Plaintiff contends in his proposed Amended Complaint that Trans Union did not provide him with his "full consumer file disclosure," as he requested. Plaintiff relies on § 1681g[1] to support his assertion that Trans Union violated the FCRA. A review of the plain language of § 1681g shows that Plaintiff has not only misstated the obligations imposed by the statute, but attempts to create new duties and obligations not contained in the FCRA. Section 1681g, significantly titled "[d]isclosures to consumers," places a very straightforward duty upon CRAs to provide a consumer with the information contained in their file at the time of their request. Courts have determined the consumer's "file" is the information that would have been produced to a third party as a credit report.

Plaintiff's misunderstanding of the FCRA is demonstrated by what he contends Trans Union was required to provide to a consumer who requests a "full consumer disclosure file."

---

[1] *See* Dkt. 1 and Dkt. 33.

9842758.1/SP/83057/3268/032818

Section 1681g requires a CRA to disclose to a consumer the same information it discloses to a third party in a consumer report. *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007). Numerous courts have held that § 1681g only requires a consumer reporting agency to provide a consumer with all information in their credit file that would be sent to a third party in a consumer report. *Gillespie,* 482 F.3d at 910 ("The language of § 1681g(a)(1), the FTC's interpretive guideline, and the Senate Committee Report all support Trans Union's argument that 'file' means information included in a consumer report."); *Shaw v. Experian Info. Solutions, Inc.*, No. 13-cv-1295, 2016 U.S. Dist. LEXIS 134991, at *35 (S.D. Cal. Sept. 28, 2016)(citing *Gillespie*, 482 F.3d at 908-10) (stating that under 1681g, consumers are not entitled to receive information in whatever form maintained by consumer reporting agencies and that consumer reporting agencies need not provide consumers information that is not provided to third parties); *see also Lopez v. Edge Info. Mgmt.*, No. 17-179, 2018 U.S. Dist. LEXIS 31179, at *10 (E.D. Pa. Feb. 26, 2018); *Watkins v. Experian Info. Solutions, Inc.*, No. 6:13-CV-00239-WSS-JCM, 2014 U.S. Dist. LEXIS 150321, at *24 (W.D. Tex. Sept. 8, 2014).

Plaintiff readily admits that he received a complete copy of his credit disclosure from Trans Union in response to each of his requests. *See* Dkt. 1 and Dkt. 33. The credit disclosures sent by Trans Union contain precisely what the FCRA requires Trans Union to provide pursuant to § 1681g. Notably, Plaintiff has failed to cite to any authority supporting his position that Trans Union was required to provide a consumer with a disclosure that contains more information than what is provided to a third party requesting a consumer report.

Based on the foregoing, Plaintiff's filing of an amended complaint alleging Trans Union's violation of § 1681g would be futile and; therefore, Plaintiff's motion should be denied. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

## III.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union respectfully requests that this Court deny Plaintiff's Motion for Leave to File Amended Complaint, and for such other and further relief as the Court deems necessary.

Respectfully Submitted,

*s/Wilbur E. Johnson*
Wilbur E. Johnson
Federal ID No.: 2212
YOUNG CLEMENT RIVERS, LLP
P.O. Box 993
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile:  (843) 579-1332
Email: wjohnson@ycrlaw.com
COUNSEL FOR TRANS UNION LLC

# CERTIFICATE OF SERVICE

This is to certify that on April 18, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Autumn Hamit Patterson
ahpatterson@jonesday.com
Jones Day
2727 N Haywood Street
Dallas, TX 75201-1515
(214) 220-3939
(214) 969-5100 Fax
 and
Lyndey Ritz Zwingelberg
lyndey.zwing@arlaw.com
Adams and Reese
1501 Main Street
Fifth Floor
Columbia, SC 29201
(803) 212-4958
*Counsel for Experian Information Solutions, Inc.*

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
44 E Camperdown Way
P.O. Box 728
Greenville, SC 29601
(864) 242-8235
*Counsel for Equifax, Inc.*

This is to certify that on April 18, 2018, a true and correct copy of the above and foregoing document has been served via First Class Mail and Electronic Mail on the following non-CM/ECF participant:

Earl Gavin
Egav1986@gmail.com
300 Marion Avenue
Gaffney, SC 29341
Plaintiff *Pro Se*

*s/Wilbur E. Johnson*
Wilbur E. Johnson

9842758.1/SP/83057/3268/032818