IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Earl Gavin, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Experian Information Solutions, Inc.; Trans Union LLC; Equifax Inc., | ) Case No. 7:18-cv-00523-AMQ-JDA |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES

Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Civil Procedure 26.03, files these separate answers to the Court's Local Rule 26.03 Interrogatories:

**1.    A short statement of the facts of the case:**

This case asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. Instead, Experian issues consumer credit reports as defined by 15 U.S.C. § 1681a(d).

The FCRA is not a strict liability statute and does not require credit reporting agencies like Experian to maintain error-free credit reporting. Rather, the FCRA requires credit reporting agencies to maintain and follow reasonable procedures to assure the maximum possible

accuracy of the information it reports on consumers. Additionally, the FCRA requires credit reporting agencies to provide credit report information regarding a consumer to that consumer upon request in accordance with 15 U.S.C. § 1681g and to timely reinvestigate if a consumer disputes information on his or her credit report.

In the instant case, Plaintiff Earl Gavin ("Plaintiff") alleges that Experian willfully violated the FCRA by failing to comply with his requests for his consumer information pursuant to 15 U.S.C. § 1681g. Plaintiff also alleges, however, that Experian provided him with a "credit report" in response to his requests. Experian denies that it violated the FCRA and contends that it sent Plaintiff all the information required by section 1681g.

**2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony:**

Experian has not yet determined who it is likely to call as witnesses in this case, but will identify those witnesses as soon as the information becomes available or known to Experian. Experian anticipates that the following people may testify:

    a.    Plaintiff, who is expected to testify as to his consumer credit information, communications with all Defendants, including Experian, and other related matters.

    b.    Douglas Hollon, Experian Senior Legal & Compliance Specialist, or another designated representative, is expected to testify regarding Plaintiff's contacts with Experian, Plaintiff's Experian consumer relations file, and Experian's consumer assistance and reinvestigation procedures.

**3. The names and subject matter of expert witnesses (if no expert witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered):**

Experian has not yet identified an expert to testify in this matter.

**4. A summary of the claims or defenses with statutory and/or case citations supporting the same.**

At this time, Experian is not asserting any claims against Plaintiff in this action.

- 3 -

Experian states that the claims asserted against it are governed by the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") and those regulations and decisions outlining and interpreting Experian's rights and responsibilities under the terms of the FCRA. Experian provided Plaintiff with all the information required by section 1681g of the FCRA and did not violate the FCRA. *See Gillespie v. Trans Union Corp.*, 482 F.3d 907 (7th Cir. 2007). Plaintiff cannot demonstrate that any alleged violation was willful. *See* 15 U.S.C. § 1681n; *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409 (4th Cir. 2001). Plaintiff cannot show that he suffered an injury or sustained any damages caused by Experian. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662 (7th Cir. 2001).

Experian reserves the right to supplement this response as the issues in this case become more developed through discovery.

**5.     Proposed dates for deadlines per Local Civil Rule 16.02:**

As will be reflected in the joint 26(f) report, Experian, along with the other parties, have agreed with the deadlines contained in the Court's initial scheduling order.

**6.     Additional information requested:**

Please see Experian's Mediation Statement and Certification, which was filed contemporaneously with these answers.

[SIGNATURE ON FOLLOWING PAGE]

- 4 -

Dated:  April 30, 2018

Respectfully submitted,

*/s/ Lyndey Ritz Zwingelberg*
Lyndey Ritz Zwingelberg
(Fed ID No. 11506)
ADAMS AND REESE LLP
1501 Main Street, Fifth Floor
Columbia, South Carolina 29201
Telephone:   803-254-4190
lyndey.zwing@arlaw.com

Autumn Hamit Patterson
*Admitted* P*ro Hac Vice*
Texas Bar No. 24092947
JONES DAY
2727 North Harwood St., Suite 600
Dallas, TX 75201
Telephone: (214) 969-2966

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

  A copy of the foregoing was filed on April 30, 2018, with the Court via the CM/ECF system, causing it to be served on all counsel of record. In addition, a copy of the foregoing was sent via mail and email to pro se Plaintiff at the physical address and email address listed below.

  Earl Gavin
  300 Marion Ave
  Gaffney, SC 29341
  Egav1986@gmail.com

            */s/ Lyndey Ritz Zwingelberg*
            Lyndey Ritz Zwingelberg