IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Earl Gavin, <br><br> Plaintiff, <br><br> v. <br><br> Experian Information Solutions, Inc.; Trans Union LLC; Equifax Inc., <br><br> Defendants. | Case No. 7:18-cv-00523-AMQ-JDA <br><br> **Discovery Plan Pursuant to Rule 26(f) Report** |

A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

**ANSWER:** The parties agree to exchange the initial disclosures required under Rule 26(a)(1) no later than April 30, 2018 in accordance with the initial scheduling order.

B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**ANSWER:** The parties agree that discovery should be completed no later than September 10, 2018, as set forth in the initial scheduling order.

C. Any issues about disclosure or discovery of electronically stored information including the form or forms in which it should be produced;

**ANSWER:** The parties agree to the service of discovery requests, discovery responses, and document productions via electronic mail. The parties agree to produce electronically stored information ("ESI") in .pdf format to the extent possible. The parties further agree that a stipulated protective order should be entered by the Court to govern the use and disclosure of trade secret and other confidential research, development, and commercial information.

Confidential, non-privileged, non-objectionable documents will be produced in response to discovery requests only after the entry of a protective order.

D. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;

**ANSWER:** The Parties agree that production of information protected by the attorney-client privilege or the work product doctrine, whether inadvertent or otherwise, shall not result in a waiver of either of those protections in this proceeding or any other proceeding. After learning of such disclosure, the producing party will promptly give notice either in writing, or later confirmed in writing, to the receiving party or parties that such information was inadvertently produced and requests that the receiving party return the original data. Absent a challenge under this paragraph or during the pendency of any such challenge, or contemplated challenge, the receiving party or parties shall sequester and destroy or return all such material, including copies, to the producing party promptly upon receipt of the written notice and request for return. The parties will ask the Court to include this agreement in an order pursuant to Rule 502 of the Federal Rules of Evidence.

E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**ANSWER:** The parties disagree regarding whether additional limitations on discovery should be imposed.

Plaintiff requests no additional limitations on discovery.

Defendant Equifax Inc. requests a limitation of 35 on the number of Requests for Admission and a limitation of 35 on the number of Requests for Production of Documents served by any party in this case upon any other party.

Defendant Experian Information Solutions, Inc. also requests a limitation of 35 on the number of Requests for Admission and Requests for Production of Documents.

Defendant Trans Union requests no additional limitations on discovery.

F.  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**ANSWER:** The parties know of none at this time.

The parties will separately file mediation statements and responses to the information required by Local Civil Rule 26.03.

*Printed Name of Defendant's Counsel
and Party Represented*

*Dated: April 30, 2018*               *Dated: April 30, 2018*

| PLAINTIFF | DEFENDANTS |
|---|---|
| *[signature]* | s/Lyndey Ritz Zwingelberg |
| Signature of Pro Se Plaintiff | Signature of Defendant's Counsel |
| Earl Gavin *[handwritten: Earl Gavin]* | Lyndey Ritz Zwingelberg<br>Counsel for Experian Information Solutions, Inc. |
| Printed Name of Plaintiff's Counsel and Party Represented | |
| | Printed Name of Defendant's Counsel and Party Represented |
| | s/Autumn Hamit Patterson |
| | Signature of Defendant's Counsel |
| | Autumn Hamit Patterson<br>Counsel for Experian Information Solutions, Inc. |
| | Printed Name of Defendant's Counsel and Party Represented |
| | s/Rita Bolt Barker |
| | Signature of Defendant's Counsel |
| | Rita Bolt Barker<br>Counsel for Equifax Inc. |
| | Printed Name of Defendant's Counsel and Party Represented |
| | s/ Wilbur E. Johnson |
| | Signature of Defendant's Counsel |
| | Wilbur E. Johnson<br>Counsel for Trans Union LLC |

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Earl Gavin,<br><br>    Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.; Trans Union LLC; Equifax Inc.,<br><br>    Defendants. | Case No. 7:18-cv-00523-AMQ-JDA<br><br>**Rule 26(f) Report** |

   The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

☒ We agree that the schedule set forth in the Conference and Scheduling Order filed is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) is attached. The information required by Local Civil Rule 26.03 and mediation statements will be separately filed by the parties.**

☐ We agree that the schedule set forth in the Conference and Scheduling Order filed requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☐ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

(SIGNATURE PAGE ATTACHED)

| PLAINTIFF | DEFENDANTS |
|---|---|
| *[signature]*<br>Signature of Pro Se Plaintiff | s/Lyndey Ritz Zwingelberg<br>Signature of Defendant's Counsel |
| Earl Gavin *[signature: Earl Gavin]*<br>Printed Name of Plaintiff's Counsel and Party Represented | Lyndey Ritz Zwingelberg<br>Counsel for Experian Information Solutions, Inc. |
| | Printed Name of Defendant's Counsel and Party Represented |
| | s/Autumn Hamit Patterson<br>Signature of Defendant's Counsel |
| | Autumn Hamit Patterson<br>Counsel for Experian Information Solutions, Inc. |
| | Printed Name of Defendant's Counsel and Party Represented |
| | s/Rita Bolt Barker<br>Signature of Defendant's Counsel |
| | Rita Bolt Barker<br>Counsel for Equifax Inc. |
| | Printed Name of Defendant's Counsel and Party Represented |
| | s/ Wilbur E. Johnson<br>Signature of Defendant's Counsel |
| | Wilbur E. Johnson<br>Counsel for Trans Union LLC |
| | Printed Name of Defendant's Counsel and Party Represented |

*Dated: April 30, 2018*                              *Dated: April 30, 2018*