UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Earl Gavin, ) | |
|                Plaintiff, ) | |
| v. ) | |
| ) | Case No. 7:18-cv-00523-AMQ-JDA |
| Experian Information Solutions, Inc.; Trans ) | |
| Union LLC; Equifax Information Services, ) | |
| LLC, Equifax, Inc., ) | |
| ) | |
|                Defendants. ) | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Earl Gavin's First Amended Complaint for Violations of the FCRA (the "Amended Complaint") as follows:

Experian denies, generally and specifically, any and all allegations in the Amended Complaint not specifically admitted in the paragraphs below.  Experian's investigation of the present matter is ongoing.  Accordingly, Experian reserves the right to amend this answer.

In response to the numbered paragraphs in the Amended Complaint, Experian states as follows:

## JURISDICTION[1]

1.      In response to paragraph 1 of the Amended Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Experian states that this is a legal conclusion which is not subject to denial or admission.

2.      In response to paragraph 2 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

3.      In response to paragraph 3 of the Amended Complaint, Experian admits the Plaintiff is Earl Gavin.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Amended Complaint.

4.      In response to paragraph 4 of the Amended Complaint, Experian admits that it, as a separate and distinct legal entity, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) with a corporate office at 475 Anton Blvd., Costa Mesa, CA 92626.  In response to the remaining allegations in paragraph 4 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein on the grounds that it does not understand the allegations as pled.

---

[1] For ease of reference, Experian incorporated into its Answer the primary headings used by Plaintiff in the Amended Complaint, although Experian does not adopt, either expressly or by implication, any statements contained in those headings.  Experian has also numbered its paragraphs to mirror the numbering in the Amended Complaint to facilitate review.

5.      In response to paragraph 5 of the Amended Complaint, Experian admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d), which contain consumer information.  Experian denies, generally and specifically, that the ConsumerView marketing database is its database and that the Financial and Wealth Audiences is its product.  As to the remaining allegations in paragraph 5 of the Amended Complaint, including those allegations regarding Experian's subsidiaries and partners, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      In response to paragraph 6 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.      In response to paragraph 7 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In response to paragraph 8 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      In response to paragraph 9 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.     In response to paragraph 10 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.     In response to paragraph 11 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.     In response to paragraph 12 of the Amended Complaint, Experian admits that the allegations contained therein purport to describe a provision of the federal Fair Credit Reporting Act.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 12 inconsistent therewith.  As to the remaining allegations in paragraph 12, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation.

13.     In response to paragraph 13 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     In response to paragraph 14 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.     In response to paragraph 15 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## Venue

16.     In response to paragraph 16 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     In response to paragraph 17 of the Amended Complaint, Experian admits that Plaintiff has alleged venue in South Carolina is proper.  Experian states that this is a legal conclusion which is not subject to denial or admission.

## GENERAL ALLEGATIONS

18.     In response to paragraph 18 of the Amended Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 18 inconsistent therewith.  As to the remaining allegations in paragraph 18, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation.

19.     In response to paragraph 19 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 21 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.     In response to paragraph 25 of the Amended Complaint, Experian admits that some allegations contained therein and in Exhibit 1 purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 25 and Exhibit 1 inconsistent therewith.  Experian further admits that some allegations in paragraph 25 purport to describe Exhibit 1.  Experian avers that Exhibit 1 speaks for itself.  Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 25 of the Amended Complaint.

26.     In response to paragraph 26 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27.     In response to paragraph 27 of the Amended Complaint, Experian admits that a portion of Exhibit 2 appears to be a copy of a letter that Plaintiff sent to Experian.  Experian further admits that a copy of a social security card and driver's license appear to be attached to the communication.   As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28.    In response to paragraph 28 of the Amended Complaint, Experian denies that Plaintiff never requested a credit report or credit disclosure from Experian.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.    In response to paragraph 29 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with all information to which he is entitled under 15 U.S.C. § 1681g(a)(1).  Experian further denies that the information it provided was not responsive to Plaintiff's request.  Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 29 of the Amended Complaint.

30.    In response to paragraph 30 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.    In response to paragraph 31 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.    In response to paragraph 32 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.    In response to paragraph 33 of the Amended Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 33 inconsistent therewith.  Experian denies the allegation that it attempts to obfuscate the facts and states that some of the allegations in paragraph 33 are legal conclusions that are not subject to denial or admission.  As to the remaining allegations in paragraph 33, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 33 of the Amended Complaint.

34.    In response to paragraph 34 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

35.    In response to paragraph 35 of the Amended Complaint, Experian denies that the only form of communication between Plaintiff and Experian has been letters.  As to the remaining allegations in paragraph 35 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

36.    In response to paragraph 36 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.    In response to paragraph 37 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.     In response to paragraph 38 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.     In response to paragraph 39 of the Amended Complaint, Experian denies that it has violated the FCRA and denies that it has withheld information from Plaintiff that must be disclosed pursuant to the FCRA.  Experian further denies that any alleged violation of the law has been deliberate or intentional.  Experian admits that some allegations contained in paragraph 39 purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 39 inconsistent therewith.  As to the remaining allegations regarding other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Amended Complaint.

40.     In response to paragraph 40 of the Amended Complaint, Experian states that some of the allegations are legal conclusions that are not subject to denial or admission.  As to the other allegations in paragraph 40, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 40 of the Amended Complaint.

41.     In response to paragraph 41 of the Amended Complaint, Experian admits that some allegations in paragraph 41 purport to describe Exhibit 1 and Exhibit 2.  Experian avers

that Exhibit 1 and Exhibit 2 speak for itself.  As to the remaining allegations in paragraph 41 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42.     In response to paragraph 42 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.  As to the remaining allegations in paragraph 42, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 42 of the Amended Complaint.

43.     In response to paragraph 43 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.  Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).  As to the remaining allegations in paragraph 43, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Amended Complaint.

44.     In response to paragraph 44 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.  Experian admits that some allegations contained in paragraph 44 purport to describe what the Fair Credit Reporting Act

requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 44 inconsistent therewith.  As to the remaining allegations in paragraph 44, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Amended Complaint.

45.    In response to paragraph 45 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.  Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).  Experian admits that some allegations contained in paragraph 45 purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 45 inconsistent therewith.  As to the remaining allegations in paragraph 45, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Amended Complaint.

46.    In response to paragraph 46 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with his consumer file disclosure and denies that it violated the law. Experian further denies the allegations that it has attempted to obfuscate Plaintiff's requests. Experian avers that, in response to both of Plaintiff's request for a full consumer file disclosure, Experian sent Plaintiff a consumer disclosure that contained all of the consumer information that Experian is required to provide by 15 U.S.C. § 1681g.  As to the remaining allegations in

paragraph 46, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 46 of the Amended Complaint.

47.      In response to paragraph 47 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with the consumer information to which he was entitled under the Fair Credit Reporting Act.  Experian admits that some allegations in paragraph 47 purport to describe Exhibits 1 and 2.  Experian avers that Exhibits 1 and 2 speaks for themselves.  As to the remaining allegations in paragraph 47, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 47 of the Amended Complaint.

48.      In response to paragraph 48 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49.      In response to paragraph 49 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50.      In response to paragraph 50 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the Fair Credit Reporting Act or other law, that it has not already disclosed to Plaintiff in a consumer disclosure. Experian denies that it provides information to prospective creditors, insurers, or employers

regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B). As to the remaining allegations in paragraph 50, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 50 of the Amended Complaint.

51.    In response to paragraph 51 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

52.    In response to paragraph 52 of the Amended Complaint, Experian admits that some allegations contained in paragraph 52 purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 52 inconsistent therewith. As to the remaining allegations in paragraph 52, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 52 of the Amended Complaint.

53.    In response to paragraph 53 of the Amended Complaint, Experian denies that it has violated the Fair Credit Reporting Act and denies that it is liable to Plaintiff for any alleged damages. Experian further denies that it failed to provide a consumer disclosure to Plaintiff that contained all of the consumer information required by 15 U.S.C. 1681g. As to the remaining allegations in paragraph 53 of the Amended Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every remaining allegation of paragraph 53 of the Amended Complaint.

54.     In response to paragraph 54 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

55.     In response to paragraph 55 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT I

56.     In response to paragraph 56 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-55 as if fully set forth herein.

57.     In response to paragraph 57 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58.     In response to paragraph 58 of the Amended Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

59.     In response to paragraph 59 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with his consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1). Experian further denies that it violated the Fair Credit Reporting Act.

In response to the unnumbered paragraph following paragraph 59 of the Amended Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff has suffered any damages or that he is entitled to judgment against Experian or to any relief whatsoever from Experian.

## COUNT II

60.     In response to paragraph 60 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-59 as if fully set forth herein.

61.     In response to paragraph 61 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

62.     In response to paragraph 62 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

63.     In response to paragraph 63 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 63 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### **COUNT III**

64.     In response to paragraph 64 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-63 as if fully set forth herein.

65.     In response to paragraph 65 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

66.     In response to paragraph 66 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

67.     In response to paragraph 67 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 67 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## **DEMAND FOR TRIAL BY JURY**

In response to the unnumbered paragraph above the Plaintiff's signature on the Amended Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

To the extent not admitted herein, all material allegations of the Complaint are denied.

## **DEFENSES**

In further response to the Amended Complaint, Experian hereby pleads the following defenses and affirmative defenses on information and belief. By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these defenses. Experian reserves the right to amend its answer and assert additional defenses should investigation and discovery, which could not be completed before the deadline for filing this answer, indicate such defenses are warranted.

1.      The Amended Complaint and attached exhibits fail to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fail to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian. Plaintiff alleges that Experian sent him a "credit report" in response to his November 2017 request and that Experian sent him a "credit report" in response to his December 2017 request. The Amended Complaint thus demonstrates that Experian complied with the Fair Credit Reporting Act and provided Plaintiff with his consumer disclosures.

2.     Plaintiff's claims and any recovery based thereon are barred in whole or in part because Plaintiff suffered no injury.  Accordingly, Plaintiff lacks standing under applicable federal law to bring these claims against Experian.

3.     On information and belief, to the extent Plaintiff has suffered any damages, he has failed to mitigate his damages and costs.

4.     The Amended Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

5.     The Amended Complaint fails to allege facts sufficient to support a claim for attorneys' fees.

6.     The Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, especially since Experian provided consumer disclosures to Plaintiff in response to his requests, and thus any implicit request for punitive damages is improper.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(A)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(B)     For costs of suit and attorneys' fees herein incurred; and

(C)     For such other and further relief as the Court may deem just and proper.

Dated:  June 7, 2018                                    Respectfully submitted,

*/s/ Lyndey R. Z. Bryant*
Lyndey R. Z. Bryant
(Fed ID No. 11506)
ADAMS AND REESE LLP
1501 Main Street, Fifth Floor
Columbia, South Carolina 29201
Telephone:  803-254-4190
lyndey.bryant@arlaw.com

Autumn Hamit Patterson
*Admitted pro hac vice*
Texas Bar No. 24092947
JONES DAY
2727 North Harwood St., Suite 600
Dallas, TX 75201
Telephone: (214) 969-2966

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was filed on June 7, 2018, with the Court via the CM/ECF system, causing it to be served on all counsel of record. In addition, a copy of the foregoing was sent via mail and email to pro se Plaintiff at the physical address and email address listed below.

Earl Gavin
300 Marion Ave
Gaffney, SC 29341
Egav1986@gmail.com

/s/ Lyndey R. Z. Bryant
Lyndey R. Z. Bryant