**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

EARL GAVIN,

               Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS
INC., et al.

               Defendants.

)
)
)
)
)
)
)
)
)

CASE NO. : 7:18-cv-00523-AMQ-JDA

**DEFENDANT EQUIFAX**
**INFORMATION SERVICES LLC'S**
**ADOPTION AND JOINDER IN**
**EQUIFAX INC.'S MOTION TO**
**DISMISS**

In accordance with Rule 10 of the Federal Rules of Civil Procedure, Defendant Equifax Information Services LLC ("EIS") adopts, joins, and incorporates herein by reference Defendant Equifax Inc.'s Motion to Dismiss (the "Motion") filed on March 26, 2018 (Doc. 20). The arguments made in that Motion are equally applicable to EIS.

EIS respectfully requests this Court permit Equifax to join the Motion and that for the reasons set forth in the Motion, the Court grant the Motion with respect to EIS as well.

**ARGUMENT SUMMARY**

Plaintiff's claims against EIS are subject to dismissal under Rule 12(b)(6) because he fails to state facts sufficient to support a claim for relief under the FCRA. Mr. Gavin alleges that "Equifax repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1)." (*See* Doc. 1 ¶ 42; Doc. 52, ¶ 67). Section 1681g(a)(1) of the FCRA states that, upon request, a consumer reporting agency shall disclose "[a]ll information in the consumer's file at the time of the request, except that (A) if the consumer requests that his social security number be masked the CRA shall do so, and (B) the CRA is not required to disclose information concerning "credit scores or any other risk scores or predictors relating to the consumer." 15 U.S.C. § 1681g(a)(1). To prevail on a claim based on § 1681g(a)(1), then, a plaintiff must adequately plead that the CRA failed to provide the consumer with the consumer file. Here, Mr. Gavin merely recites in conclusory fashion that he

did not receive a full consumer file disclosure at the same time admitting EIS[1] timely responded

and produced a "credit report" or "credit file" to him (*See* Doc. 1 ¶¶ 12, 20; Doc. 52, ¶ 30). Mr.

Gavin's averments are insufficient.

### A.    "Consumer file" is defined as the information contained in a consumer's credit report/disclosure.

The Federal Trade Commission ("FTC")[2] interpreted the term "file" in 1681g to be

limited to material included in a consumer report that would be sent to a third party. See 40

Years Commentary, p. 71. "[A]ncillary records" such as "a CRA's audit trail of changes it makes

in the consumer's file, billing records, or the contents of a consumer relations folder, are not

included in the term 'information in the consumer's file.'" *Id.* The Seventh Circuit in *Gillespie v.*

*Trans Union Corp.* held that "file" meant information contained in a consumer report produced

by the CRA. *See* 482 F.3d 907, 908-10 (7th Cir. 2007). *Gillespie* cites the FTC's commentary on

§1681g(a)(1) regarding the limited scope of the term "file": "[t]he term 'file' denotes all

information on the consumer that is recorded and retained by a consumer reporting agency that

---

[1] Equifax Information Services LLC is a CRA, and it is the entity that to whom Mr. Gavin addressed his first written request. (Complaint Exhibit 1, Doc. 1-1 at 3). His second written request was addressed merely to "Equifax." (Complaint Exhibit 2, Doc. 1-2 at 3). For purposes of Argument Section II, Equifax Information Services LLC will be referred to as Equifax.

Equifax Information Services LLC is entitled to a dismissal because there was no violation of § 1681g of the FCRA.

[2] The interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010. In preparation for the transition, in July 2011, the FTC published "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" ("40 Years Commentary") (available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf). The CFPB has not issued any contrary interpretation and has cited the 40 Years Commentary in amicus briefs on other topics. *See Moran v. The Screening Pros, LLC*, 9th Cir. Cause No. 12-57246 10/4/13, Dkt. 22.

might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603). "Congress, it seems, chose to limit the right to contest information to material *actually contained in consumer reports*. And of course it was free to draw the line as it did." *Gillespie*, 482 F.3d at 910 (emphasis added). Mr. Gavin alleges "Defendants have far more information relating to Plaintiff in their files and databases including archived information." (Doc. 1 ¶ 25; Doc. 52, ¶ 45). Mr. Gavin offers no factual enhancements to support his speculative conclusory statement, but only states what was in his LexisNexis consumer disclosure at the time he received it from that entity.   (Doc. 52, ¶¶ 37, 38). Nonetheless, to the extent such archived information exists, it is not part of the file to be produced under §1681g as interpreted by the FTC and courts.

**B.       Plaintiff admits he received a copy of his credit report/disclosure from EIS.**

Mr. Gavin misunderstands how a "consumer report" is different from a consumer disclosure or credit file. *See Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004); *Pettway v. Equifax Info. Servs., LLC*, No. CIV.A. 08-0618-KD-M, 2010 WL 653708, at *7 (S.D. Ala. Feb. 17, 2010). "Consumer reports" are generated by a CRA and delivered to a third party for use in deciding whether the consumer is eligible for credit or for other purposes. *Pettway*, at *7 (citing 15§ 1681a(d)). In contrast, a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. *Id.* (citations omitted). In other words, there cannot be a consumer report without delivery to a third party.

Mr. Gavin's sole allegation against Equifax is that he did not receive his "full consumer file disclosure" as requested. (*See* Doc. 1 ¶¶ 11-12, 17, 20; Doc. 52, ¶¶ 21, 22, 38, 40, 46, 47, 50, 53, 54, 67). Mr. Gavin states that he sent Equifax a request for his full consumer file disclosure, and in response received a copy of his "credit report" or "credit file." (Doc. 1, ¶¶ 17, 20; Doc. 52,

3

¶ 29). He does not dispute that he received this document upon his request, as required by § 1681g. As defined by case law discussed above, a credit report goes to a third party. Because Mr. Gavin, the consumer, was the recipient, what he received was exactly what he requested, namely a full consumer file disclosure.

Thus, by Mr. Gavin's own admission, Equifax complied with § 1681g(a)(1) and relevant federal case precedent by providing his consumer disclosure to him. Accordingly, Mr. Gavin has failed to allege sufficient facts to support a cause of action against Equifax under the FCRA, and the Court should dismiss his claim under Rule 12(b)(6).

### C.     Mr. Gavin provides no factual basis for his assertion that the "credit report" he received was not his "full consumer file disclosure."

Notably absent from Mr. Gavin's Complaint is any factual enhancement that specific information that should have been in the disclosure was missing. Instead, he offers speculative conclusions with no factual basis that information has been excluded from his consumer file. He acknowledges the speculative nature of his statements by stating that "one can only surmise." (*See* Doc. ¶ 28). He assumes that such information includes the following categories:

- "additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of," (*id.* ¶ 22);

- "negative codes among other things that are provided to prospective creditors, insurers or employers" (*id.* ¶ 23); and

- "far more information relating to Plaintiff in [Defendants'] files and databases including archived information." *(id.* ¶ 25).

Specifically, he alleges "[u]pon information and belief" that these types of information are missing from his disclosure. (*Id.* ¶¶ 22, 23, and 25). Since the decision of *Twombly* and *Iqbal*, various district courts have stated that a plaintiff may plead facts "upon information and belief" in two circumstances: (1) where the facts are peculiarly within the possession and control of the

defendant, or (2) where the belief is based on factual information that makes the inference of culpability plausible. *See, e.g.*, *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 768 (D. Md. 2015); *Davidson v. Sarnova, Inc.*, No. CV JKB-17-1067, 2017 WL 5564654, at \*4 (D. Md. Nov. 20, 2017); *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at \*4 (D. Md. Dec. 16, 2014). A plaintiff may not rely exclusively on conclusory allegations of unlawful conduct, even where alleged "upon information and belief." *Doe*, 123 F. Supp. 3d at 768.

In his Amended Complaint, Plaintiff asserts that there must be more "archived information" in his Equifax file because a document he received from LexisNexis cites Equifax as the source of information that does not appear in the consumer disclosure EIS provided to him. (Doc. 52, ¶¶ 37, 38). This factual assertion does not support his claims against EIS at all, because it only states what is contained in his LexisNexis file.

Here, the Complaint contains mere conclusory statements and provides no factual basis for the assertion that any specific information has been withheld from the document he admits receiving. Mr. Gavin's Complaint should be dismissed because he has alleged no facts sufficient to support any recognizable cause of action under § 1681g.

Pursuant to Fed. R. Civ. P. 12(b), this Court should enter judgment dismissing Plaintiff's claims against EIS with prejudice.

Respectfully submitted this 8th day of June, 2018.

/s/ *Rita Bolt Barker*
Rita Bolt Barker (D.S.C. I.D. No. 10566)
WYCHE, P.A.
44 East Camperdown Way
Greenville, SC 29601
864-242-8235
Email: rbarker@wyche.com
*Attorneys for Defendant Equifax Inc. and Equifax Information Services LLC*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 8th day of June, 2018 electronically filed a true and correct copy of the foregoing via the CM-ECF system to the following counsel of record:

Earl Gavin
300 Marion Avenue
Gaffney, SC 29341
***Pro Se Plaintiff***

Autumn Hamit Patterson
Jones Day
2727 N Haywood Street
Dallas, TX 75201-1515
Email: ahpatterson@jonesday.com

Lyndey Ritz Zwingelberg
Adams and Reese
1501 Main Street
Fifth Floor
Columbia, SC 29201
Email: lyndey.zwing@arlaw.com
***Counsel for Experian Information Solutions Inc.***

Wilbur Eugene Johnson
Young Clement Rivers
PO Box 993
Charleston, SC 29402
Email: wjohnson@ycrlaw.com
***Counsel for Trans Union LLC***

/s/  *Rita Bolt Barker*

6