# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| EARL GAVIN, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and EQUIFAX, INC., <br><br> Defendants. | Case No. 7:18-cv-00523-AMQ-JDA |

## DEFENDANT TRANS UNION LLC'S MOTION TO COMPEL DISCOVERY RESPONSES AND MEMORANDUM IN SUPPORT

COMES NOW, Defendant Trans Union LLC ("Trans Union"), by its undersigned counsel, and moves this Court to compel *Pro Se* Plaintiff Earl Gavin to completely answer Trans Union's First Set of Interrogatories and First Requests for Production ("Discovery Requests"). As grounds therefore, Trans Union would respectfully show the Court as follows:

### I. INTRODUCTION

1. This action stems from Trans Union's alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. The crucial issues in this matter are (1) establishing the basis for Plaintiff's claims that Trans Union violated the FCRA, and (2) Trans Union's defenses to Plaintiff's allegations.

2. Trans Union served its First Set of Interrogatories, First Requests for Production, and First Requests for Admission on Plaintiff, by U.S., Mail on June 28, 2018. *See* letter dated June 28, 2018, from James Acosta, regional counsel for Trans Union, to Plaintiff attached as **Exhibit A** and the Declaration of Wilbur Johnson, attached as **Exhibit C**.

3.       Plaintiff served his responses to Trans Union's discovery requests on July 4, 2018. *See* **Exhibit B** and the Declaration of Wilbur E. Johnson, attached as **Exhibit C.**

4.       Plaintiff's response to Trans Union's Interrogatories failed to include a verification. In addition, Plaintiff's responses included inapplicable objections and failed to provide complete answers to several of Trans Union's First Set of Interrogatories and First Requests for Production.

5.       Pursuant to Rule 37, Trans Union moves the Court for an order overruling Plaintiff's objections, compelling him to provide complete answers and responses to Trans Union's First Set of Interrogatories and First Requests for Production, and to provide a verification of his interrogatory responses, within seven (7) days of the date of the Court's order**.**

## II.       ARGUMENTS AND AUTHORITIES

6.       As amended, the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case…" *Lynch v. Dining Concepts Grp., LLC.*, No. 2:15-cv-580-PMD, 2016 WL 1448478, at *1 (D.S.C. Apr. 13, 2016). Relevant information does not need to be admissible at trial to be discoverable. *Id.* The standard for relevance is broad at the discovery stage. *U.S. ex rel Pogue v. Diabetes Treatment Ctrs. Of Am.*, 235 F.R.D. 521, 525 (D.D.C. 2006). "Although pleadings are the starting point from which relevancy and discovery are determined…[r]elevancy is not limited to the exact issues identified in the pleadings…[r]ather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes." *Billioni v. Bryan*, No. 0:14-cv-03060-JMC, 2015 WL 9122776, at *1 (citation omitted).

7.       Federal Rule of Civil Procedure 37 provides the Court with broad discretion to compel a party to respond to discovery requests. *Acosta v. Hilton Worldwide*, No. 4:15-cv-

2

00495-RBH, 2015 WL 5089640, at *1 (D.S.C. Aug 27, 2015). The party opposing a motion to compel bears the burden of demonstrating why it should be denied. *See Beazer Homes Corp. v. Hartford Fire Ins. Co.*, No. 4:10-cv-2419-RBH-TER, 2012 WL 6210323, at *4 (D.S.C. Dec. 13 2012). Local Rule 7.02 does not require counsel to consult with a *pro se* litigant prior to filing a motion to compel.

8. In order to prepare its defense, it is imperative that Trans Union be on notice of the specific actions or inactions which Plaintiff claims allegedly violated the FCRA. Trans Union's discovery requests are relevant to this case as they are intended to help Trans Union identify and evaluate any alleged causes of action, prepare its defenses to Plaintiff's claims, and evaluate Plaintiff's alleged damages. All of Trans Union's Requests are proportional to the needs of the case and are within the scope of Federal Rule of Civil Procedure 26(b).

### A.   Plaintiff Failed to Verify his Interrogatory Responses

9. The requirement that a party sign its interrogatory responses under oath is expressly contained in F.R.C.P. 33(b)(3). *See also Brown v. Hebert*, CA 4:12-2595-TLW, 2013 WL 5771182, at *1 (D.S.C. Oct. 24, 2013). Although Trans Union provided a standard verification page with its interrogatory requests, Plaintiff failed to execute the verification as required by the Federal Rules of Civil Procedure.

10. Trans Union moves pursuant to F.R.C.P. 37(a)(3)(B)(3) to compel Plaintiff to sign his interrogatory answers under oath.

### B.   Plaintiff's Objections and Incomplete Answers

11. Trans Union respectfully requests that the Court overrule Plaintiff's objections and compel Plaintiff to serve complete answers to the following discovery requests:

**INTERROGATORY NO. 3:** Identify and describe all contact or communications since October 2017, between you (or anyone acting on your behalf) and any consumer reporting agency, credit reporting agency, or reseller, including but not limited to Trans Union.

**ANSWER: Plaintiff object to this request on this grounds that the information requested is irrelevant to any party's claims or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits. To the extent that such information has any potential relevance, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, and would be inadmissible under Fed. R. Evidence 403. Further objecting, the request calls for information that neither relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party to this action, and is therefore beyond the scope of permissible discovery as authorized by Rule 26(b)(1).**

Requested Relief:  Plaintiff's entire lawsuit is based upon his communications with the consumer reporting agency Defendants, and their respective responses to his communications.  *See* Dkt. 52. Trans Union is entitled to discovery of this information as it relates directly to Plaintiff's claims and Trans Union's defenses in this matter.  Plaintiff's baseless form objections fails to satisfy the Federal Rules of Civil Procedure, and should be overruled, and Plaintiff should be compelled to provide a complete response.

**INTERROGATORY NO. 5:** Identify and describe all contact and communications since October 2017, between you (or anyone acting on your behalf) and any furnisher of information whose account forms the basis of your claims against any of the Defendants or former Defendants in this action or any account that was reported as adverse in any of your consumer reports, credit reports or credit files.

**ANSWER: Plaintiff objects to the interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery, and on the grounds that the information's probative value is outweighed by the danger of unfair prejudice, confusion the issues, misleading the jury, and wasting time, and therefore the information sought is not admissible pursuant to Federal Rule of Evidence 403.**

Requested Relief: Plaintiff's First Amended Complaint alleges that he was not provided with information about him that was maintained in Trans Union's database. Dkt. 52, ¶¶ 18-24. Trans Union is certainly entitled to discovery regarding the furnishers of information concerning Plaintiff as this relates directly to Trans Union's defense that Plaintiff was provided with all information in its database as required by the FCRA. Plaintiff's use of baseless form objections fails to satisfy the Federal Rules of Civil Procedure, and should be overruled, and Plaintiff should be compelled to provide a complete response.

**INTERROGATORY NO. 12:** Identify all other lawsuits in which you were a party in the last 10 years. For each suit, include the case number, the name of the Court, the style of the case, the subject matter of the case, the amount in controversy, the Court's holding, if any, and any award of damages or the terms of any settlement.

**ANSWER: Plaintiff object to this request on this grounds that the information requested is irrelevant to any party's claims or defense and not proportional to the needs of the case,**

**considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits. To the extent that such information has any potential relevance, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, and would be inadmissible under Fed. R. Evidence 403. Further objecting, the request calls for information that neither relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party to this action, and is therefore beyond the scope of permissible discovery as authorized by Rule 26(b)(1).**

Requested Relief:  Trans Union is entitled to discovery of other litigation involving Plaintiff for the purpose of discovering testimonial evidence previously provided by Plaintiff.  Whether this information would be admitted at trial is not the standard by which discovery of this information is obtainable.  Further, this is information that is publicly available, but can be provided by Plaintiff with little effort and at no cost.  Plaintiff's repetitious use of baseless form objections fails to satisfy the Federal Rules of Civil Procedure, and should be overruled, and Plaintiff should be compelled to provide a complete response.

**INTERROGATORY NO. 13:** Identify what specific information was not included on any of your credit disclosures that you allege was included on any of your credit reports.

 **ANSWER: I'm not able to answer this question as it's written.**

Requested Relief:  Plaintiff's entire lawsuit is based on information that he alleged was not provided to him.  Dkt. 52, ¶¶ 18-24.  This Interrogatory goes directly to Trans Union's defense

that Plaintiff was provided with the information that was required by the FCRA. Plaintiff provides no basis or explanation as to why he cannot answer this Interrogatory as written. There is a difference between "not able" and "not wanting" to answer the question as written. Plaintiff should be compelled to provide a complete response to this Interrogatory.

**REQUEST FOR PRODUCTION NO. 1** All documents identified or requested to be identified in response to Defendant Tran Union's First Set Interrogatories to Plaintiff.

**RESPONSE: The request is vague, ambiguous, or unintelligible.**

Requested Relief:  Trans Union's Request very clearly and simply asks Plaintiff to produce any documents he identified in response to Trans Union's First Set of Interrogatories. Plaintiff's objections are baseless, and should be overruled, and he should be ordered to provide a complete response.

**REQUEST FOR PRODUCTION NO. 4** All correspondence, dispute, complaints, notes, fraud statements, notices, affidavits, police reports, other documents sent or received by you (or anyone on your behalf) to any creditor, consumer reporting agency, credit reporting agency, reseller, or any of their employees concerning your credit file or consumer report or credit report or any accounts contained therein, including any notes or memoranda made by you (or anyone on your behalf) which reflect any conversations with any such persons or entities.

**RESPONSE: Plaintiff objects to the interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery, and on the grounds that the information's probative value is outweighed by the danger of unfair prejudice, confusion the issues, misleading the jury, and wasting time, and therefore the information sought is not admissible pursuant to Federal Rule of Evidence 403.**

Requested Relief: Plaintiff's First Amended Complaint alleges that he was not provided with information about him that was maintained in Trans Union's database. Dkt. 52, ¶¶ 18-24. Trans Union is certainly entitled to discovery regarding the furnishers of information concerning Plaintiff as this relates directly to Trans Union's defense that Plaintiff was provided with all information in its database as required by the FCRA. Plaintiff's use of baseless form objections fails to satisfy the Federal Rules of Civil Procedure, and should be overruled, and Plaintiff should be compelled to provide a complete response.

**REQUEST FOR PRODUCTION NO. 9** Please produce all correspondence, memoranda, notes, consumer reports, credit reports, disputes, complaints, file disclosures, affidavits, police reports, evidence of fraud, or other documents you have received from or sent to any consumer reporting agency, credit reporting agency or reseller since January 1, 2013, including, but not limited to Trans Union LLC,, Experian Information Solution Inc, or Equifax Credit Information Services, Inc.

**RESPONSE: Plaintiff objects to the interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery, and on the grounds that the information's probative value is outweighed by the danger of unfair prejudice, confusion the issues, misleading the jury, and wasting time, and therefore the information sought is not admissible pursuant to Federal Rule of Evidence 403.**

Requested Relief: Plaintiff's lawsuit is based upon his communications with the consumer reporting agency Defendants, and their respective responses to his communications. *See* Dkt. 52. Trans Union is entitled to discovery of this information as it relates directly to Plaintiff's claims and Trans Union's defenses in this matter. Plaintiff's baseless form objections fails to satisfy the

8

Federal Rules of Civil Procedure, and should be overruled, and Plaintiff should be compelled to provide a complete response.

**REQUEST FOR PRODUCTION NO. 10** All consumer reports, credit reports, credit files, disclosures or other documents reflecting your credit history prepared by any consumer reporting agency, credit reporting agency or reseller, including but not limited to Equifax Credit Information Service Inc., Trans Union, LLC, Experian Information Solutions.

**RESPONSE: Plaintiff objects to the interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery, and on the grounds that the information's probative value is outweighed by the danger of unfair prejudice, confusion the issues, misleading the jury, and wasting time, and therefore the information sought is not admissible pursuant to Federal Rule of Evidence 403.**

Requested Relief:  Plaintiff's First Amended Complaint alleges that he was not provided with information about him that was maintained by the consumer reporting agency Defendants.  Dkt. 52, ¶¶ 18-24.  Trans Union is certainly entitled to discovery regarding the information concerning Plaintiff that was provided by the consumer reporting agency Defendants as this relates directly to Trans Union's defense that Plaintiff was provided with all information that was required by the FCRA.  Plaintiff's use of baseless form objections fails to satisfy the Federal Rules of Civil Procedure, and should be overruled, and Plaintiff should be compelled to provide a complete response.

**REQUEST FOR PRODUCTION NO. 11** Please produce all correspondence, memoranda, notes, notices, consumer reports, disputes, complaints, file disclosures, affidavits, police reports, evidence of fraud, or other documents you have received from or sent to Lexis Nexis since January 1, 2013.

**RESPONSE: Trans Union and their counsel is not offer me credit and I'm applying for any loan with them, so this request is not reasonably calculated to lead to the discovery of relevant, admissible evidence.**

Requested Relief: Plaintiff's First Amended Complaint alleged that he received "a full consumer file disclosure from LexisNexis in 2018 that contained 106 pages of consumer information…" Dkt. 52, ¶ 37. Trans Union is entitled to discovery of this information as it directly relates to allegations made by Plaintiff in his First Amended Complaint. Plaintiff's objections are inapplicable, and should be overruled, and Plaintiff should be compelled to provide a complete response.

**REQUEST FOR PRODUCTION NO. 12** All consumer reports, credit reports, credit files, disclosures or other documents reflecting your credit history prepared by Lexis Nexis.

**RESPONSE: Trans Union and their counsel is not offering me credit and I'm NOT applying for any loan or credit with them, so this request is not reasonably calculated to lead to the discovery of relevant, admissible evidence.**

Requested Relief: Plaintiff's First Amended Complaint alleged that he received "a full consumer file disclosure from LexisNexis in 2018 that contained 106 pages of consumer information…" Dkt. 52, ¶ 37. Trans Union is entitled to discovery of this information as it directly relates to allegations made by Plaintiff in his First Amended Complaint. Plaintiff's objections are inapplicable, and should be overruled, and Plaintiff should be compelled to provide a complete response.

**REQUEST FOR PRODUCTION NO. 17** Any pleading, discovery responses, statements, awards or deposition transcripts in any other lawsuit, arbitration or mediation in which you are or were a party since January 1, 2013.

**RESPONSE: Plaintiff objects to the interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery, and on the grounds that the information's probative value is outweighed by the danger of unfair prejudice, confusion the issues, misleading the jury, and wasting time, and therefore the information sought is not admissible pursuant to Federal Rule of Evidence 403.**

Requested Relief: Trans Union is entitled to discovery of other litigation involving Plaintiff for the purpose of discovering testimonial evidence previously provided by Plaintiff. Whether this information would be admitted at trial is not the standard by which discovery of this information is obtainable. Further, this is information that is publicly available, but can be provided by Plaintiff with little effort and cost. Plaintiff's repetitious use of baseless form objections fails to satisfy the Federal Rules of Civil Procedure, and should be overruled, and Plaintiff should be compelled to provide a complete response.

12. To date, Plaintiff has failed to respond to the above Interrogatories and Requests for Production allowed by Rules 33(a), 34(a), and 26(b). Plaintiff's failure to respond to these Interrogatories and Request for Production is prejudicial to Trans Union as it significantly hampers Trans Union's ability to defend itself. Therefore, Trans Union respectfully requests the Court to issue an Order overruling Plaintiff's objections and compelling Plaintiff to fully answer Trans Union's Interrogatories and produce documents in response to Trans Union's Requests for Production within seven (7) days of the issuance of such Order.

### III.     CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Trans Union respectfully requests that its Motion to Compel be in all things granted, that this Court issue an Order overruling Plaintiff's objections and compelling Plaintiff to: 1) verify under oath his interrogatory responses; and 2)

provide complete responses and produce documents responsive to Trans Unions Interrogatories and Requests for Production within seven (7) days of the date of the Court's order, and for such other and further relief to which Trans Union may show itself justly entitled.

                                        Respectfully Submitted,

                                        *s/ Wilbur E. Johnson*
                                        Wilbur E. Johnson
                                        Federal ID No.: 2212
                                        YOUNG CLEMENT RIVERS, LLP
                                        P.O. Box 993
                                        25 Calhoun Street, Suite 400
                                        Charleston, SC 29401
                                        Telephone: (843) 724-6659
                                        Facsimile: (843) 579-1332
                                        Email: wjohnson@ycrlaw.com
                                        **COUNSEL FOR TRANS UNION LLC**

Dated:  July 25, 2018

# **CERTIFICATE OF SERVICE**

This is to certify that on July 25, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Autumn Hamit Patterson
ahpatterson@jonesday.com
Jones Day
2727 N Haywood Street
Dallas, TX 75201-1515
(214) 220-3939
(214) 969-5100 Fax
  and
Lyndey R. Z. Bryant
lyndey.bryant@arlaw.com
Adams and Reese
1501 Main Street
Fifth Floor
Columbia, SC 29201
(803) 212-4958
*Counsel for Experian*
*Information Solutions, Inc.*

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
44 E Camperdown Way
P.O. Box 728
Greenville, SC 29601
(864) 242-8235
*Counsel for Equifax, Inc.*

This is to certify that on July 25, 2018, a true and correct copy of the above and foregoing document has been served via First Class Mail and Electronic Mail on the following non-CM/ECF participant:

Earl Gavin
Egav1986@gmail.com
300 Marion Avenue
Gaffney, SC  29341
Plaintiff *Pro Se*

                                    *s/ Wilbur E. Johnson*
                                    Wilbur E. Johnson