# EXHIBIT B

**Plaintiff's discovery responses to Trans Union's discovery requests served on July 4, 2018.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| **EARL GAVIN** | ) | |
| Plaintiff. | ) | |
| | ) | **Case No 7:18-cv-00523-AMQ-JDA** |
| **vs** | ) | |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.; TRANS UNION** | ) | |
| **LLC; EQUIFAX, INC.** | ) | |
| Defendants | ) | |
| | ) | |

**DEFENDANT TRANS UNION LLC'S**
**FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF**

TO: Earl Gavin, Plaintiff, Pro Se, 300 Marion Avenue, Gaffney, SC 29341.

In accordance with Rule 36 of the Federal Rules of Civil Procedure, Defendant Trans Union LLC (hereinafter referred to as "Trans Union"), hereby serves upon Plaintiff the following Requests for Admission. You are required to serve responses to the following Requests for Admission within thirty (30) days of the date of service to Trans Union's counsel of record.

## DEFINITIONS AND INSTRUCTIONS

The following definitions shall apply to Trans Union's Requests for Admission:

1. "You," "Your" or "Plaintiff" means Plaintiff Earl Gavin, and any of Plaintiff's authorized agents or representatives.

2. "Trans Union" means Defendant Trans Union LLC.

3. "Parties" mean the terms "plaintiff(s)" and "defendant(s)" as well as a party's full or abbreviated name or pronoun referring to a party means the party and, where applicable, its

officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

4. "Person" means any natural person, individual, partnership, corporation, trust, estate, cooperative, association, business, legal or government entity, governmental subdivision or agency, or other entity.

5. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Federal Rule of Civil Procedure 34(a), is used in the broadest sense contemplated by FRCP 34 and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge slips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

6. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes every manner of transmitting or receiving facts spoken by one person and from one person to another person, information, opinions, or thoughts, whether orally, by documents, writing, or copy thereof, or otherwise, including, but not limited to, words transmitted by telephone, radio, or any method of voice recording.

7. "Concerning" means relating to, referring to, describing, evidencing or constituting.

8. "Complaint" refers to the original and any amended complaint or petition filed by Plaintiff in this action.

9. The "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. § 1681, et seq.

10. The terms "credit report" or "consumer report" refers to the report or reports on Plaintiff's credit history compiled by Trans Union, or any other consumer reporting agency, or reseller, and provide to third parties.

11. The term "consumer disclosure" refers to the report or reports on Plaintiff's credit history compiled by Trans Union, or any other consumer reporting agency, or reseller, and provided to the consumer upon request.

12. "Medical facility" means any hospital, clinic, or other facility in which medical care is provided.

13. "Mental health facility" means any hospital, clinic, or other facility in which provides psychiatric, mental health or counseling services of any kind.

14. "Mental health practitioner" means a psychiatrist, psychologist, sociologist, licensed professional counselor, or any other individual or entity which provides psychiatric, mental health or counseling services of any kind.

15. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

16. The use of the singular shall be deemed to include the plural, and the masculine and feminine, as appropriate in the context.

17. As used herein, the phrases "relate to," "related to," "relating to," or the term "related" shall mean directly or indirectly mentioning or describing, evidencing, containing, constituting, pertaining to, being connected with, or reflecting upon a stated subject matter or person.

## <u>REQUESTS FOR ADMISSION</u>

**REQUEST FOR ADMISSION NO. 1:** Admit that you have not suffered damage of any kind as a result of Trans Union's conduct.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO. 2:** Admit that you have not sustained any financial losses and are not seeking any-out-of-pocket financial damages in this case.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO. 3:** Admit that you have not received any medical treatment as a result of the conduct of Trans Union alleged in your Complaint.

**RESPONSE:** Admit


**REQUEST FOR ADMISSION NO. 4:** Admit that Trans Union's never negligently violated any provisions of the Fair Credit Reporting Act, in its handling of your credit file.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO. 5:** Admit that Trans Union's never willfully violated any provisions of the Fair Credit Reporting Act, in its handling of your credit file.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO. 6:** Admit that you received a copy of your full consumer disclosure file from Trans Union in response to each of your requests identified in the most recent version of your Complaint in this matter.

**RESPONSE:** Denied


Respectfully Submitted


*Earl Gavin*


_____

Earl Gavin
300 Marion Ave
Gaffney SC 29341
Egav1986@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document was sent to the parties listed below by via email.

**Counsel for Defendant Experian Information Solutions, Inc.**
Lyndey Zwing
Adams & Reese LLP
1501 Main St 5th Floor
Columbia SC 29201
*and….*
Autumn Hamit Patterson
Jones Day
2727 N. Haywood St
Dallas TX 75201-1515

**Counsel for Defendant Trans Union, LLC**
Wilbur E. Johnson
Young Clement Rivers, LLP
PO Box 993
25 Calhoun Street, Suite 400
Charleston SC 29401

**Counsel for Defendant Equifax, Inc.**
Rita Bolt Barker
WYCHE PA
44 East Camperdown Way,
PO Box 728
Greenville SC 29601-3512

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| **EARL GAVIN** | ) | |
| Plaintiff. | ) | |
| | ) | **Case No 7:18-cv-00523-AMQ-JDA** |
| **vs** | ) | |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.; TRANS UNION** | ) | |
| **LLC; EQUIFAX, INC.** | ) | |
| Defendants | ) | |
| | ) | |

**DEFENDANT TRANS UNION LLC'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

TO: Earl Gavin, Plaintiff, Pro Se, 300 Marion Avenue, Gaffney, SC 29341.

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Defendant Trans Union LLC (hereinafter referred to as "Trans Union"), hereby serves upon Plaintiff the following Interrogatories. You are required to serve responses to the following Interrogatories within thirty (30) days of the date of service by serving your responses on Trans Union's counsel of record.

## DEFINITIONS AND INSTRUCTIONS

The following definitions shall apply to Trans Union's First Set of Interrogatories:

1. "You," "your" or "Plaintiff" means Plaintiff Earl Gavin, and any of Plaintiff's authorized agents or representatives.

2. "Trans Union" means Trans Union LLC and its employees, agents, or representatives.

3. "Person or entity" means any natural person, individual, partnership, corporation, trust, estate, cooperative, association, business, legal or government entity, governmental subdivision or agency, or other entity.

4. "Communication" means the transmittal of information (in the form of facts,

ideas, inquiries or otherwise) and includes every manner of transmitting or receiving facts spoken by one person and from one person to another person, information, opinions, or thoughts, whether orally, by documents, writing, or copy thereof, or otherwise, including, but not limited to, words transmitted by telephone, radio, or any method of voice recording.

5. "Complaint" refers to the original and any amended complaint or petition filed by Plaintiff in this action.

6. The terms "credit report" or "consumer report" refers to the report or reports on Plaintiff's credit history complied by Trans Union, or any other consumer reporting agency or reseller, and provided to third parties.

7. The term "consumer disclosure" refers to the report or reports on Plaintiff's credit history compiled by Trans Union, or any other consumer reporting agency, or reseller, and provided to the consumer upon request.

8. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

9. The use of the singular shall be deemed to include the plural, and the masculine and feminine, as appropriate in the context.

10. "Identify and describe" means the following:

(1) When used in connection with natural persons, "identify and describe" means to give the person's full name, present or last known address, present or last known place of employment, and present or last known telephone number(s).

(2) When used in connection with an entity, "identify and describe" means to state the entity's full name, present or last known address(es), present or last known telephone number(s), and organization form

(3) When used in connection with an act, event, or claim, "identify and describe" means to provide a detailed description of the act, event, or claim, including the place, date, and time of its occurrence, and the persons and/or entities engaged in the act, event, or claim.

(4) When used in connection with documents, "identify and describe" means to state the nature or type of the document, its author(s), its addressee(s) or recipient(s), its title or subject matter, and its date. If the document has already been produced, it can be identified by the number given to it at the time of production. If the document has not been previously produced, then Trans Union requests that it be produced, pursuant to Fed. R. Civ. P. 34.

(5) When used in connection with a contact or communication, "identify and describe" means to state the time, date, place, and method of the contact or communication, the identity of all persons participating in the contact or communication, and a detailed description of the content

of the contact or communication.

11. In answering these interrogatories, Plaintiff shall furnish all information known by or available to Plaintiff. If any of these requests cannot be answered in full, Plaintiff shall so note, and the request shall be answered to the extent possible. Do not simply refer to your Pleadings or Disclosures.

12. Unless indicated otherwise, the time period covered by these Interrogatories is from October 2017, to the present.

13. If any information responsive to these Interrogatories is withheld on the basis of privilege, please provide a privilege log in as and when required by FRCP 26.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State Plaintiff's full name (including middle name and previous names), social security number, date of birth, and addresses where Plaintiff has resided or received mail, including the dates for each such address, since October 2017.

**ANSWER: Earl Eugene Gavin * 300 Marion Ave Gaffney SC 29341 since October 2017. Defendant already has the Plaintiff personal data such as his Social Security Number & Date of Birth.**

**INTERROGATORY NO. 2:** For each item or category of damage you claim to have suffered because of some action or inaction by Trans Union, identify and describe the nature and amount of the damages sought, how the damages were calculated, and the facts supporting your claim that the damages resulted from some action or inaction of Trans Union.

**ANSWER: Plaintiff is seeking $1000 in damage that FCRA allow for violation.**

**INTERROGATORY NO. 3:** Identify and describe all contact or communications since October 2017, between you (or anyone acting on your behalf) and any consumer reporting agency, credit reporting agency, or reseller, including but not limited to Trans Union.

**ANSWER: Plaintiff object to this request on this grounds that the information requested is irrelevant to any party's claims or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits. To the extent that such information has any potential relevance, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or**

needlessly presenting cumulative evidence, and would be inadmissible under Fed. R. Evidence 403. Further objecting, the request calls for information that neither relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party to this action, and is therefore beyond the scope of permissible discovery as authorized by Rule 26(b)(1).

**INTERROGATORY NO. 4:** State all of the facts, describe all relevant action or inaction on the part of Trans Union, and relate the substance of any statement made by Trans Union or any of its employees on which you rely in support of your allegations that Trans Union violated the Fair Credit Reporting Act.

**ANSWER: Trans Union never provided what was requested in my letters referencing the Full Consumer File Disclosure pursuant to 15 U.S. Code 1681g(a)(1)., letters are attached to complaint and are in possession of the defendant.**

**INTERROGATORY NO. 5:** Identify and describe all contact and communications since October 2017, between you (or anyone acting on your behalf) and any furnisher of information whose account forms the basis of your claims against any of the Defendants or former Defendants in this action or any account that was reported as adverse in any of your consumer reports, credit reports or credit files.

**ANSWER: Plaintiff objects to the interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery, and on the grounds that the information's probative value is outweighed by the danger of unfair prejudice, confusion the issues, misleading the jury, and wasting time, and therefore the information sought is not admissible pursuant to Federal Rule of Evidence 403**

**INTERROGATORY NO. 6:** Identify and describe all persons or Entities whom you believe have knowledge of facts relating to the claims that were or are asserted in this case and describe the facts of which you believe they have knowledge.

**ANSWER: none known at this time**

**INTERROGATORY NO. 7:** If you have settled your claims with any Defendant or former Defendant in this action, identify and describe the settlement, including the amount of any payment and all non-monetary terms.

**ANSWER:  There is no settlement reach or discuss with any of the parties in this case at**

**this time.**

**INTERROGATORY NO. 8:** Identify any and all information that you believe should be reporting on your consumer disclosure which is not reporting on your consumer disclosure.

**ANSWER:  Any and all information are in Trans Union possession, or control, or stored about me since they have been collect information on me.  At this time, Trans Union has NOT provided me my Full Consumer File Disclosure**

**INTERROGATORY NO. 9:** Identify any attorney or counsel you have hired, with whom you have consulted, or from whom you have sought advice regarding the subject matter of this lawsuit.

**ANSWER: NONE**

**INTERROGATORY NO. 10:** Identify any attorney or counsel with whom you have consulted, sought advice, or otherwise discussed the subject matter of this lawsuit.

**ANSWER:NONE**

**INTERROGATORY NO. 11:** Identify any person or entity with whom you have consulted, sought advice, or otherwise discussed the subject matter of this lawsuit.

**ANSWER: NONE**

**INTERROGATORY NO. 12:** Identify all other lawsuits in which you were a party in the last 10 years. For each suit, include the case number, the name of the Court, the style of the case, the subject matter of the case, the amount in controversy, the Court's holding, if any, and any award of damages or the terms of any settlement.

**ANSWER: Plaintiff object to this request on this grounds that the information  requested is irrelevant to any party's claims or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits. To  the extent that such information has any potential relevance, its probative value is substantially  outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, and would be inadmissible under Fed. R.**

**Evidence 403. Further objecting, the request calls for information that neither relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party to this action, and is therefore beyond the scope of permissible discovery as authorized by Rule 26(b)(1).**

**INTERROGATORY NO. 13:**  Identify what specific information was not included on any of your credit disclosures that you allege was included on any of your credit reports.

**ANSWER: I'm not able to answer this question as it's written.**

Respectfully Submitted

*Earl Gavin*

**Earl Gavin**
**300 Marion Ave**
**Gaffney SC 29341**
**Egav1986@gmail.com**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document was sent to the parties listed below by via email.

**Counsel for Defendant Experian Information Solutions, Inc.**
Lyndey Zwing
Adams & Reese LLP
1501 Main St 5th Floor
Columbia SC 29201
***and….***
Autumn Hamit Patterson
Jones Day
2727 N. Haywood St
Dallas TX 75201-1515

**Counsel for Defendant Trans Union, LLC**
Wilbur E. Johnson
Young Clement Rivers, LLP
PO Box 993
25 Calhoun Street, Suite 400
Charleston SC 29401

**Counsel for Defendant Equifax, Inc.**
Rita Bolt Barker
WYCHE PA
44 East Camperdown Way,
PO Box 728
Greenville SC 29601-3512

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | | |
|---|---|---|
| **EARL GAVIN** | ) | |
| Plaintiff. | ) | |
| | ) | **Case No 7:18-cv-00523-AMQ-JDA** |
| **vs** | ) | |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.; TRANS UNION** | ) | |
| **LLC; EQUIFAX, INC.** | ) | |
| Defendants | ) | |
| | ) | |

## DEFENDANT TRANS UNION LLC'S
## FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

TO: Earl Gavin, Plaintiff, Pro Se, 300 Marion Avenue, Gaffney, SC 29341.

In accordance with Rule 36 of the Federal Rules of Civil Procedure, Defendant Trans Union LLC (hereinafter referred to as "Trans Union"), hereby serves upon Plaintiff the following Requests for Admission. You are required to serve responses to the following Requests for Admission within thirty (30) days of the date of service to Trans Union's counsel of record.

## DEFINITIONS AND INSTRUCTIONS

The following definitions shall apply to Trans Union's Requests for Admission:

1. "You," "Your" or "Plaintiff" means Plaintiff Earl Gavin, and any of Plaintiff's authorized agents or representatives.

2. "Trans Union" means Defendant Trans Union LLC.

3. "Parties" mean the terms "plaintiff(s)" and "defendant(s)" as well as a party's full

or abbreviated name or pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or

affiliates. This definition is not intended to impose a discovery obligation on any person

who is not a party to the litigation.

4. "Person" means any natural person, individual, partnership, corporation, trust,

estate, cooperative, association, business, legal or government entity, governmental

subdivision or agency, or other entity.

5. "Document" is defined to be synonymous in meaning and equal in scope to the

usage of this term in the Federal Rule of Civil Procedure 34(a), is used in the broadest

sense contemplated by FRCP 34 and includes, but is not limited to, the following items:

agreements; drafts; communications; correspondence; telegrams; cables; facsimiles;

memoranda; records; books; financial statements; summaries of records or notes of

personal conversations or interviews; diaries; calendars; forecasts; statistical statements;

accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes;

pictures; recordings; tapes; microfilm; charge slips; accounts; analytical records; minutes

or records of meetings or conferences; reports and/or summaries of investigations;

opinions or reports of consultants; appraisals; reports and/or summaries of negotiations;

brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic,

handwritten or any other notes; projections; working papers; federal and state income tax

returns; checks, front and back; check stubs or receipts; shipping documents; manifests;

invoice vouchers; computer printouts and computer disks and tapes; and tape data

sheets or data processing cards or disks or any other written, recorded, transcribed,

punched, taped, filmed or graphic matters; however produced or reproduced.

6. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes every manner of transmitting or receiving facts spoken by one person and from one person to another person, information, opinions, or thoughts, whether orally, by documents, writing, or copy thereof, or otherwise, including, but not limited to, words transmitted by telephone, radio, or any method of voice recording.

7. "Concerning" means relating to, referring to, describing, evidencing or constituting.

8. "Complaint" refers to the original and any amended complaint or petition filed by Plaintiff in this action.

9. The "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. § 1681, et seq.

10. The terms "credit report" or "consumer report" refers to the report or reports on Plaintiff's credit history compiled by Trans Union, or any other consumer reporting agency, or reseller, and provide to third parties.

11. The term "consumer disclosure" refers to the report or reports on Plaintiff's credit history compiled by Trans Union, or any other consumer reporting agency, or reseller, and provided to the consumer upon request.

12. "Medical facility" means any hospital, clinic, or other facility in which medical care is provided.

13. "Mental health facility" means any hospital, clinic, or other facility in which provides psychiatric, mental health or counseling services of any kind.

14. "Mental health practitioner" means a psychiatrist, psychologist, sociologist, licensed professional counselor, or any other individual or entity which provides
.
psychiatric, mental health or counseling services of any kind.

15. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation".

16. The use of the singular shall be deemed to include the plural, and the masculine and feminine, as appropriate in the context.

17. As used herein, the phrases "relate to," "related to," "relating to," or the term "related" shall mean directly or indirectly mentioning or describing, evidencing, containing, constituting, pertaining to, being connected with, or reflecting upon a stated subject matter or person.

18. To "state the basis" means to provide the complete factual summary of each element of the claim, allegations, or denial. The summary should chronological describe each and every fact, action, and occurrence that relates to the particular claim, allegation or denial. In describing each such fact, action, and occurrence, (I ) do so in accordance with the definitions of these terms set forth herein, (ii) identify each individual, entity and organizational unit claimed to be involved therein, and (iii) in each instance, identity for

source from which the information set forth in your response with respect to that

particular fact, action, occurrence, document, individual, entity, and/or organizational

unit, was obtained.

19. "Identity" or "describe" means the following:

(1) When used in connection with natural person, "identify" or "describe" means to give the person's full name, present or last know address, present or last known place of employment, and present or last known telephone number(s).

(2) When used in connection with an equity, "identify" or describe" means to state the entity's full name, name,  present or last know address (es), present or last known telephone number(s), and organization form (e.g., corporation, sole proprietorship, partnership, joint ventures, etc.,)

3. When used in connection with an act, "identity" or describe" means to provide a description of the act, including the place, date, and time of its occurrence, and the person and/or entities engaged in the act.

4. When used in connection with documents, "identity" or "describe" means to state the name or type of the documents (e.g., memorandum, letter, notes, etc.) its author(s), its addresses(s) or recipient(s), its title or subject matter, and its date. If the documents has already been produced, it can be identified by the number given to it at the time of production, If the documents has not been previously produced, then Trans Union requests that it be produced, pursuant to Fed. R. Civ. P. 34.

5. When used in connection with an oral communication, "identity" or " describe" means to state the time, date, place, and means of the oral communication (e.g., telephone, personal meeting, etc), the identity of all person participation in the oral communication, the identity of persons hearing the oral communication, and a detailed description of the oral communication.

20. In answering these requests for production, Plaintiff shall furnish all information known by or available to Plaintiff. If any of these requests cannot be answered in full name,  Plaintiff shall so notes, and the request shall be answered to the extent possible.

21. Claims of Privilege: If any documents responsive to the request are withheld on the basis of privilege, or for any other reason, furnish a description of each  document withheld, describing, for each document, the nature, form and format of the document, its subject matter, and the date of the document, the name of the author or maker of the document, the name of each addressee or copy of the document and the nature of the privilege claimed with respect to the document.

## **INSTRUCTIONS**

For purpose of these Requests for Production, the following instructions shall apply.

1. In producing documents and other materials, the plaintiff is requesting to furnish all documents or things in Plaintiff's possession custody or control, regardless of whether such documents or materials are possessed directly by Plaintiff or Plaintiff's agents, employees, adjusters, attorneys, accountants, auditors, representatives or investigators.

2. In the event that the responses to any documents request is "not applicable" or any similar phrase or answer, explain in details why that documents request is not applicable.

3. In the event that the response to any documents request is "don't know" or "unknown" or any similar phrase or answer, explain is detail all efforts made by the named party or Plaintiff's attorneys or representatives to obtain the response to that documents request.

4. These documents requests are intended as continuing request, requiring you to respond by supplemental response, setting forth any documents within the scope of the document request as may be required by you, your agents, attorneys to representatives following your original response.

5. If any part of a document is responsive to any request, produce the document. If any requested document or thing cannot be produced in full, produce it to the fullest extent possible.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1**  All documents identified or requested to be identified in response to Defendant Tran Union's First Set Interrogatories to Plaintiff.

**RESPONSE:** The request is vague, ambiguous, or unintelligible.

**REQUEST FOR PRODUCTION NO. 2**  All applications, contracts, correspondence, consumer reports, credit reports, notes, invoices, statements, past due notices, or the documents you relied upon in answering or otherwise identified  in your responses, to any Interrogatories served upon you in this action.

**RESPONSE:** Any & all the above items have been produced or already in your possession

**REQUEST FOR PRODUCTION NO. 3**  All statements taken by Plaintiff or on Plaintiff's behalf from any person or entity identified by any party in response to any Interrogatories or in any disclosure in this case.

**RESPONSE:** None

**REQUEST FOR PRODUCTION NO. 4** All correspondence, dispute, complaints, notes, fraud statements, notices, affidavits, police reports, other documents sent or received by you (or anyone on your behalf) to any creditor, consumer reporting agency, credit reporting agency, reseller, or any of their employees concerning your credit file or consumer report or credit report or any accounts contained therein, including any notes or memoranda made by you (or anyone on your behalf) which reflect any conversations with any such persons or entities.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery, and on the grounds that the information's probative value is outweighed by the danger of unfair prejudice, confusion the issues, misleading the jury, and wasting time, and therefore the information sought is not admissible pursuant to Federal Rule of Evidence 403

**REQUEST FOR PRODUCTION NO. 5** All court papers, decrees, pleadings judgments or other documents reflecting any criminal conviction of any part of this case or any person identified by any part as having knowledge of relevant facts or as having knowledge or discoverable information.

**RESPONSE:** No criminal record – so this doesn't apply to me

**REQUEST FOR PRODUCTION NO. 6** All correspondence, complaints, dispute, notes notices or other documents that evidence or reflect communications between you and Trans Union since January 1, 2013

**RESPONSE:** All and any communication and documents has already been produce and or already in Trans Union possession.

**REQUEST FOR PRODUCTION NO. 7** All statements made by an employee or representative of Tran Union concerning the subject matter of this lawsuit.

**RESPONSE:** I never spoke to any of employee or representative from Trans Union concerning this subject matter of this lawsuit,

**REQUEST FOR PRODUCTION NO.8** All applications, contracts, invoices, notes, notices, or other documents which reflect any cost, charges or expenses incurred by you, for which you are seeking reimbursement in this lawsuit, including attorney fees, cost, and expenses.

**RESPONSE.** FCRA damages of $1000 plus $400 filing fee

**REQUEST FOR PRODUCTION NO. 9** Please produce all correspondence, memoranda, notes, consumer reports, credit reports, disputes, complaints, file disclosures, affidavits, police reports, evidence of fraud, or other documents you have received from or sent to any consumer reporting agency, credit reporting agency or reseller since January 1, 2013, including, but not limited to Trans Union LLC,, Experian Information Solution Inc, or Equifax Credit Information Services, Inc

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery, and on the grounds that the information's probative value is outweighed by the danger of unfair prejudice, confusion the issues, misleading the jury, and wasting time, and therefore the information sought is not admissible pursuant to Federal Rule of Evidence 403

**REQUEST FOR PRODUCTION NO. 10** All consumer reports, credit reports, credit files, disclosures or other documents reflecting your credit history prepared by any consumer reporting agency, credit reporting agency or reseller, including but not limited to Equifax Credit Information Service Inc., Trans Union, LLC, Experian Information Solutions.

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery, and on the grounds that the information's probative value is outweighed by the danger of unfair prejudice, confusion the issues, misleading the jury, and wasting time, and therefore the information sought is not admissible pursuant to Federal Rule of Evidence 403

**REQUEST FOR PRODUCTION NO. 11** Please produce all correspondence, memoranda, notes, notices, consumer reports, disputes, complaints, file disclosures, affidavits, police reports, evidence of fraud, or other documents you have received from or sent to Lexis Nexis since January 1, 2013

**RESPONSE:** Trans Union and their counsel is not offer me credit and I'm applying for any loan with them, so this request is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

**REQUEST FOR PRODUCTION NO. 12** All consumer reports, credit reports, credit files, disclosures or other documents reflecting your credit history prepared by Lexis Nexis.

**RESPONSE:** Trans Union and their counsel is not offering me credit and I'm NOT applying for

any loan or credit with them, so this request is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

**REQUEST FOR PRODUCTION NO. 13** All files correspondence, notes, records or other documents made or kept by you (or anyone on your behalf) regarding the subject matter or matter of this suit.

**RESPONSE:** The items or documents listed above has been produced or already in your possession.

**REQUEST FOR PRODUCTION NO. 14** If you are claiming damages for any medical symptoms, medical conditions, mental anguish or emotional distress, sign and return the original Authorization for Disclosure of Protected Health Information attached hereto.

**RESPONSE:** Not claiming medical damage in this case

**REQUEST FOR PRODUCTION NO. 15** All releases or settlements agreement between you and any other person or entity signed since January 1, 2008

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery, and on the grounds that the information's probative value is outweighed by the danger of unfair prejudice, confusion the issues, misleading the jury, and wasting time, and therefore the information sought is not admissible pursuant to Federal Rule of Evidence 403

**REQUEST FOR PRODUCTION NO. 16** All correspondences, bills, invoices records, data, reports, notes, denials, adverse action letters, or other documents received from third parties or produced to you, formally or informally, in response to a request or subpoena from you regarding the subject matter of this lawsuit.

**RESPONSE:** None available at this time

**REQUEST FOR PRODUCTION NO. 17** Any pleading, discovery responses, statements, awards or deposition transcripts in any other lawsuit, arbitration or medication in which you are in were a party since January 1, 2013

**RESPONSE:** Plaintiff objects to the interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery, and on the grounds that the information's probative value is outweighed by the danger of unfair prejudice, confusion the issues, misleading the jury, and wasting time, and therefore the information sought is not admissible pursuant to

Federal Rule of Evidence 403

**REQUEST FOR PRODUCTION NO. 18** All files, correspondence, notes, records or other documents which Plaintiff expects to introduce as evidence at trial or which Plaintiff intends to use in at trial in any matter.

**RESPONSE:** Any and all files, correspondence, notes, records or other documents has been provided and should already be in their possession

**REQUEST FOR PRODUCTION NO. 19** All correspondence, letters, notes, or other documents that support your allegations in the Complaint.

**RESPONSE:** Those items has been produced or already in your possession. All credit reports are already in Trans Union possession.

**REQUEST FOR PRODUCTION NO. 20** Please produce all contracts, fee agreements, correspondence or other documents relating or referring to your claim for attorney's fees in your Amended Complaint, including any fee arrangement or retainer agreements between you and your current or former attorney(s), and fee statements, records and descriptions of hours worked, descriptions of work performed, and expense incurred.

**RESPONSE:** there are no attorneys involved at this time

**REQUEST FOR PRODUCTION NO. 21** All documents document which reflex any cost, charges, or expense incurred by you, for which you are seeking reimbursement in this lawsuit.

**RESPONSE:** FCRA damages of $1000 & filing fee of $400

**REQUEST FOR PRODUCTION NO. 22** Please produce all correspondence, memoranda, notes, notices, consumer reports, credit reports, disputes, compliant, answers, responses, file disclosures, affidavits, police reports, fraud statements, evidence of fraud, or other documents made, sent or received by you (or anyone on your behalf) to or from any state or federal agencies or authorities, since January 1, 2013, including, but not limited to any, any attorney general or the Federal Trade Commission concerning your credit file, consumer report, credit report or any accounts contained therein.

**RESPONSE:** none

Respectfully Submitted,

Earl Gavin, pro se'
300 Marion Ave
Gaffney SC 29341
Egav1986@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document was sent to the parties listed below by via email.

**Counsel for Defendant Experian Information Solutions, Inc.**
Lyndey Zwing
Adams & Reese LLP
1501 Main St 5th Floor
Columbia SC 29201
*and….*
Autumn Hamit Patterson
Jones Day
2727 N. Haywood St
Dallas TX 75201-1515

**Counsel for Defendant Trans Union, LLC**
Wilbur E. Johnson
Young Clement Rivers, LLP
PO Box 993
25 Calhoun Street, Suite 400
Charleston SC 29401

**Counsel for Defendant Equifax, Inc.**
Rita Bolt Barker
WYCHE PA
44 East Camperdown Way,
PO Box 728
Greenville SC 29601-3512