**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| EARL GAVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:18-cv-00523-AMQ-JDA |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC.; TRANS UNION LLC; and ) | |
| EQUIFAX, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT TRANS UNION LLC'S MOTION FOR RELIEF FROM THE
ORDER TO CONDUCT MEDIATION AND MEMORANDUM IN SUPPORT**

COMES NOW, Defendant Trans Union LLC ("Trans Union"), by its undersigned counsel, and files this Motion for Relief from the Order to Conduct Mediation and Memorandum in Support, and would respectfully show the Court as follows:

## I.     INTRODUCTION

1.     Plaintiff has alleged that Trans Union violated § 1681g of the Fair Credit Reporting Act ("FCRA") by providing him with his "consumer disclosure" in response to Plaintiff's request for his "full consumer file disclosure." *See generally* Dkt 52.  In response, Trans Union filed a Motion to Dismiss which is pending before the Court.  *See* Dkt. 51 (…"the Court considers [Trans Union's] motion to dismiss as addressed to the Amended Complaint.").

2.     The Court issued an Order to Conduct Mediation requiring the parties to complete mediation prior to September 17, 2018.  Dkt. 26.

3.     Trans Union does not believe mediation is appropriate in this case as virtually identical claims and allegations brought by *Pro Se* Plaintiff herein have been dismissed by courts

in other jurisdictions.[1] Trans Union has also served Plaintiff with a F.R.C.P. Rule 11 letter that Trans Union considers Plaintiff's claims frivolous and baseless.

4. In light of the foregoing, Trans Union does not believe the cost and expense of mediation should be incurred when there is virtually no possibility of resolving this case. Therefore, Trans Union requests that the Court grant this Motion and not require Trans Union to attend mediation.

## II. ARGUMENTS AND AUTHORITIES

5. The Federal Rules of Civil Procedure provides the Court with broad discretion to control its own docket. *See Collins v. S.C. Public Service Auth.*, 2006 WL 1851305, *1 (D. S.C. June 30, 2006) ("the power to stay proceedings is incidental to the power inherent in every court to" control the disposition of the cases on its docket); *U.S. v. Greer*, 2005 WL 1406006 (W.D. N.C. April 20, 2005).

6. In addition to this case, Trans Union has recently become aware of lawsuits in other jurisdictions where the plaintiffs make the same allegations that they were not provided their "full consumer file disclosure" in violation of the FCRA. In fact, Plaintiff's First Amended Complaint contains nearly the exact *same* allegations, supporting facts, and cause of action as seen in *Joahn Barron Frazier v. Experian Info. Sols., Inc., et al.*, 2018 WL 3785131 (D. Md. August 9, 2018) and *Scott v. Experian Info. Sols., Inc., et al.*, 2018 WL 3360754 (S.D. Fla. June 29, 2018). *See* **Exhibit A** and **Exhibit B**.

7. The courts in both of those cases have recently issued rulings granting Rule 12b(6) motions to dismiss for failure to state a claim upon which relief can be granted. *Id.* Trans Union's Motion to Dismiss pending before this Court is based on the very same arguments and

---

[1] Attached hereto as **Exhibit A** and **Exhibit B** are the opinions in *Joahn Barron Frazier v. Experian Info. Sols., Inc., et al.*, 2018 WL 3785131 (D. Md. August 9, 2018) and *Scott v. Experian Info. Sols., Inc., et al.*, 2018 WL 3360754 (S.D. Fla. June 29, 2018).

supporting case law as seen in the *Frazier* and *Scott* motions. As a result, Trans Union does not believe the time that will be required, and the expense that will be incurred, in connection with mediation in this case are appropriate or justifiable under the circumstances of this case.

8.      In addition to Plaintiff's claim finding no support under the FCRA or controlling case law, and the fact that the allegations in Plaintiff's First Amended Complaint are virtual "cookie-cutter" duplicates of those seen in *Frazier* and *Scott*, Trans Union also believes Plaintiff's lawsuit violates Rule 11(b) of the Federal Rules of Civil Procedure, and, therefore, is not appropriate for mediation.

9.      Accordingly, Trans Union asks that the Court grant its Motion herein and not require Trans Union to attend or otherwise participate in mediation in this matter.

### III.     CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Trans Union respectfully requests that its Motion for Relief from the Order to Conduct Mediation and Brief in Support be in all things granted, that this Court not require Trans Union to attend or otherwise participate in mediation in this matter.

Respectfully Submitted,

*s/ Wilbur E. Johnson*
Wilbur E. Johnson
Federal ID No.: 2212
YOUNG CLEMENT RIVERS, LLP
P.O. Box 993
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile: (843) 579-1332
Email: wjohnson@ycrlaw.com
**COUNSEL FOR TRANS UNION LLC**

Dated: August 16, 2018

## **CERTIFICATE OF SERVICE**

This is to certify that on August 16, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Jennifer Sun
jennifersun@jonesday.com
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA 92612
(949) 553-7572
 and
Lyndey R. Z. Bryant
lyndey.bryant@arlaw.com
Adams and Reese
1501 Main Street
Fifth Floor
Columbia, SC 29201
(803) 212-4958
*Counsel for Experian Information Solutions, Inc.*

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
44 E Camperdown Way
P.O. Box 728
Greenville, SC 29601
(864) 242-8235
*Counsel for Equifax, Inc.*

This is to certify that on August 16, 2018, a true and correct copy of the above and foregoing document has been served via First Class Mail and Electronic Mail on the following non-CM/ECF participant:

Earl Gavin
Egav1986@gmail.com
300 Marion Avenue
Gaffney, SC 29341
Plaintiff *Pro Se*

*s/ Wilbur E. Johnson*
Wilbur E. Johnson