UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Earl Gavin, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 7:18-cv-00523-AMQ-JDA |
| Experian Information Solutions, Inc.; Trans ) | |
| Union LLC; Equifax Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL DISCOVERY FROM PLAINTIFF
AND SUPPORTING MEMORANDUM**

COMES NOW, Defendant Experian Information Solutions, Inc. ("Experian"), pursuant to Local Civ. Rule 7.04 and 37.01 (D.S.C.), and hereby moves this Court for an order compelling *Pro Se* Plaintiff Earl Gavin ("Plaintiff"), within seven days of a Court order, to: (1) provide full and complete responses to Experian's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions; and (2) verify his responses to Experian's First Set of Interrogatories. In addition, because Plaintiff's responses to the Experian's discovery requests were not timely served, Experian moves this Court for an order: (1) overruling Plaintiff's untimely objections to Experian's discovery requests; (2) striking Plaintiff's untimely responses to Experian's Requests for Admissions; and (3) deeming all Requests for Admission as admitted. The grounds for this motion, and the basis for the relief requested, are set forth herein.

## INTRODUCTION

On February 22, 2018, Plaintiff filed this action against Experian alleging a willful violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. (Dkt. No. 1.) On May 25, 2018, Plaintiff filed a First Amended Complaint ("FAC").[1] (Dkt. No. 52.) Plaintiff's operative complaint alleges one claim for relief: That Experian violated 15 U.S.C. § 1681g(a)(1) by failing to comply with Plaintiff's request for a "full consumer file disclosure."[2] (*Id*. at ¶¶ 18, 59.) Plaintiff's claim is unmeritorious because Experian provided Plaintiff with all of the information that Section 1681g(a) requires. But if Plaintiff has facts showing otherwise, Experian is entitled to learn such facts in discovery.

Thus, to ready this case for summary judgment, Experian propounded focused discovery upon Plaintiff—one set of Interrogatories, a set of Requests for Production of Documents, and a set of Requests for Admissions (collectively, the "Discovery Requests"). In large measure, this discovery simply asked Plaintiff to identify what information he contends Experian failed to include in his request for a consumer disclosure under Section 1681(g). Plaintiff must possess such information; otherwise, he did not have any factual basis to initiate this litigation. Yet, rather than providing responses to straightforward discovery seeking facts, Plaintiff: (1) in some instances, provided no responses at all; and (2) in others, obfuscates.

Plaintiff should be ordered to comply with his discovery obligations under the Federal Rules of Civil Procedure. If Plaintiff continues to refuse to do so, his claim against Experian should be dismissed, and judgment should be entered in favor of Experian.

---

[1] As noted by Defendant Trans Union LLC in its recently-filed Motion for Relief from the Order to Conduct Mediation (Dkt. No. 81), Plaintiff's claims are similar—and sometimes identical—to claims brought by other plaintiffs in other jurisdictions. (*Id*. at ¶ 6.)

[2] The term "full consumer file disclosure" is an undefined term used by Plaintiff in this lawsuit. This term is not used or defined in the FCRA.

## RELEVANT FACTS

Plaintiff alleges that, in October 2017 and December 2017, he wrote to Experian to request his "full consumer file disclosure" under 15 U.S.C. § 1681g(a)(1). (FAC, ¶¶ 18, 19, 28.) Plaintiff further alleges that, in response to each request, Experian sent him a "credit report" with "pages of consumer information which was not responsive to his request for all information" in his file.[3] (*Id*. at ¶¶ 20, 29.) Plaintiff alleges that "there is substantial information relating to the Plaintiff that is contained in all Defendants' files that has not been disclosed to him including, but not limited to, information that was previously shown in his credit reports that is now archived and additional information . . . ." (*Id*. at ¶ 42.) Thus, Plaintiff maintains that "[t]he sole issue in this lawsuit revolves around the fact that [Plaintiff] has not been provided ALL information in his full consumer file that may have been at some time in the past provided to a known or unknown third party or might be provided at some time in the future to a third party . . ." (*Id*. at ¶ 48.)

On June 26, 2018, Plaintiff amended his complaint. (Dkt. No. 52.) Soon thereafter, Experian propounded the Discovery Requests via email pursuant to the parties' agreement to electronic service of discovery. (Declaration of Lyndey R. Z. Bryant ("Bryant Dec."), ¶ 3, Exh. A; *see also* Dkt. No. 48 [Discovery Plan], ¶ C.) Plaintiff's responses to the Discovery Requests were due on or before July 26, 2018. Plaintiff did not respond. Having received no responses from Plaintiff, Experian, on July 30, 2018, wrote to Plaintiff inquiring about the status of his responses. (Bryant Dec., ¶ 4, Exh. B.) Experian received no reply. (*Id*.) On August 3,

---

[3] Experian has produced to Plaintiff copies of all documents that it sent to Plaintiff upon his request, including the "personal credit reports" dated October 20, 2017, and January 10, 2018, referenced in the FAC. In its Discovery Requests, Experian has defined such "reports on Plaintiff's credit history compiled by Experian and provided to Plaintiff" as "Plaintiff's Credit Disclosures." (Declaration of Lyndey R. Z. Bryant, ¶¶ 6-7, Exh. D, Responses to First Set of Interrogatories, p. 3 (Definitions and Instructions, No. 8).)

2018, Experian inquired yet again about Plaintiff's failure to respond to Experian's discovery. Plaintiff then responded that he would serve his discovery responses that night. (*Id.*, ¶ 5, Exh. C.) On August 4, 2018—nine days after the responses were due—Plaintiff served his responses to the Discovery Requests. (*Id.*, ¶ 6, Exh. D ("Plaintiff's Discovery Responses").)

Plaintiff's Discovery Responses suffer from several deficiencies. <u>First</u>, many of his responses contain incomplete or improper responses that do not comply with Fed. R. Civ. P. 26, 33, 34, or 36. <u>Second</u>, Plaintiff's responses to Experian's Interrogatories are not verified under oath. <u>Third</u>, by failing to timely respond to the Discovery Requests, Plaintiff waived all objections to the requests and thus, all objections should be overruled. <u>Fourth</u>, Plaintiff's failure to timely respond to the Requests for Admission constitutes an automatic admission of all matters asked to be admitted. Plaintiff's service of untimely responses cannot amend or withdraw the automatic admissions.

## **LEGAL STANDARD**

Rule 26(b)(1) authorizes parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1); *see Lynch v. Dining Concepts Grp., LLC,* No. 2:15-CV-580-PMD, 2016 WL 1448478, at *1 (D.S.C. Apr. 13, 2016). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case." *Accolla v. Speedway, LLC*, No. 0:17-CV-01972-JMC, 2017 WL 5523040, at *1 (D.S.C. Nov. 17, 2017) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992)). "A discovery request is relevant if there is any possibility that the information

sought might be relevant to the subject matter of [the] action." *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018) (internal quotation marks omitted).

If a party fails to answer an interrogatory or fails to produce a requested document, the requesting party may move for an order compelling an answer or production. Fed. R. Civ. P. 37(a)(3). An evasive or incomplete response also must be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). Local Civ. Rule 7.02 (D.S.C.) imposes no duty on counsel to consult with a *pro se* litigant prior to filing a motion to compel discovery.

"Broad discretion is afforded a district court's decision to grant or deny a motion to compel." *Mach. Sols..*, 323 F.R.D. at 526-27 (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986)). "The party opposing a motion to compel bears the burden or showing why it should not be granted." *Beazer Homes Corp. v. Hartford Fire Ins. Co.*, No. 4:10-CV-2419-RBH-TER, 2012 WL 6210323, at *4 (D.S.C. Dec. 13, 2012).

## LEGAL ARGUMENT

Because Plaintiff has refused to properly respond to discovery seeking facts supporting his claim, a motion to compel is required.

### I. PLAINTIFF'S INTERROGATORY RESPONSES ARE IMPROPER

#### A. Interrogatory Nos. 9, 10, 11, and 12

In this motion, Experian asks this Court to compel Plaintiff to provide further verified responses to Interrogatory Nos**.** 9, 10, 11, and 12. Those interrogatories seek information regarding the basis for Plaintiff's allegations that Experian failed to provide "all information" to him in response to his requests under Section 1681g(a)(1). Plaintiff has admitted he received "credit reports" from Experian in response to his requests. (FAC, ¶¶ 20, 29.) In its Discovery

Requests, Experian has defined "reports on Plaintiff's credit history compiled by Experian and provided to Plaintiff" as "Plaintiff's Credit Disclosures." (*See, e.g.*, Bryant Dec., ¶ 6, Exh. D, Responses to First Set of Interrogatories, p. 3 (Definitions and Instructions, No. 8).)  Experian is seeking to determine why Plaintiff believes that "Plaintiff's Credit Disclosures," which Experian sent to Plaintiff upon his request, do not comply with Section 1681g(a)(1), and why Plaintiff believes that Experian is reporting additional information to third parties that is not included in "Plaintiff's Credit Disclosures."

In lieu of providing answers to those questions, Plaintiff, in response to each of the interrogatories, claims that he "[c]annot answer this interrogatories [*sic*] because I never ask for Credit Disclosures." That is patently improper. To begin with, Experian did provide plaintiff with a consumer disclosure. That Plaintiff incorrectly brands the documents he received from Experian as a "Credit Disclosure," rather than a "consumer file disclosure," does not mean that he can avoid answering discovery. The documents that Experian provided Plaintiff are consumer disclosures under Section 1681(g). Those disclosures contain credit and other information. The basis of Plaintiff's lawsuit is that those disclosures did not contain all of the information he was entitled to receive from Experian. Interrogatory Nos. 9, 10, 11, and 12 ask Plaintiff to tell Experian exactly what information Experian failed to provide him. If Plaintiff had a good faith factual basis to file this lawsuit, such information would be at his fingertips.

Yet, rather than responding to discovery seeking facts, Plaintiff plays word games: "[I c]annot answer this interrogatories [*sic*] because I never ask for Credit Disclosures." That is improper. Indeed, Experian's interrogatories define the term "Plaintiff's Credit Disclosure." That definition reads: "[T]he report or reports on Plaintiff's credit history compiled by Experian and provided to Plaintiff." Thus, there could not possibly have been any misunderstanding as to

what information Experian was seeking. Moreover, Experian produced Plaintiff's Credit Disclosures in discovery, and Plaintiff pleads in his operative complaint that he received these documents from Experian. (FAC, ¶¶ 20, 29.) Thus, while Plaintiff contends, incorrectly, that the "Credit Disclosures" he received from Experian are not the same as "full consumer file disclosures," it was incumbent upon Plaintiff to tell Experian what information should have been, but was not, included in the disclosures he received. Put differently, in order to properly respond to Experian's interrogatories, Plaintiff needs to explain what information Experian would have included in a "full consumer file disclosure" that was not included in the "Credit Disclosure" that Experian provided to him. He has not done so. Thus, Plaintiff should be compelled to amend his responses to Interrogatory Nos. 9, 10, 11, and 12, and provide full and complete responses.

### B.     Interrogatory Nos. 3 and 13

Plaintiff's responses to Interrogatory Nos. 3 and 13 also are deficient because they refer to non-specific public records (No. 3) and the FAC (No. 13), rather than providing the facts or other verifiable information that Experian seeks to develop its defenses in this action. Interrogatory No. 3 asks Plaintiff to identify prior lawsuits in which he has been a party. Plaintiff responded by referring to the public record and www.pacer.gov. Interrogatory No. 13 seeks the facts supporting Plaintiff's allegations that Experian's alleged violations of the FCRA were willful, thus allowing Plaintiff to seek statutory and punitive damages. Plaintiff's response simply refers back to "his complaint."

A response to an interrogatory should be complete in itself and should not refer to the pleadings, depositions, other interrogatories, or other documents. "Because Rule [33(b)(3) ] requires a party to answer each interrogatory 'fully,' it is technically improper and unresponsive

for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories." *Smith v. Trawler Capt. Alfred, Inc.*, No. 2:12-CV-2866-DCN, 2014 WL 1912067, at *2 (D.S.C. May 13, 2014) (quoting *Equal Rights Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007)). In particular, a responding party may not refuse to respond on the ground that the information sought can be gleaned from the responding party's complaint. "As answers to interrogatories served pursuant to Fed.R.Civ.P. 33(a) must be in a form suitable for use at trial, it is insufficient to answer by merely referencing allegations of a pleading." *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003) (internal citations and quotations omitted). "Nor is it an adequate response to say that the information is reflected in the complaint, no matter how detailed, especially where the complaint has not been verified under oath by the individual plaintiffs." *King v. E.F. Hutton & Co.*, 117 F.R.D. 2, 6 (D.D.C. 1987). Unlike a verified interrogatory response, the allegations in a complaint, which are usually the statements of counsel, cannot be used as evidence in connection with a dispositive motion or at trial. *Id.* Here, especially where Plaintiff has alleged willful conduct by Experian, he should be compelled to verify all facts that support such allegations, and not be permitted to defer to unverified, conclusory allegations pleaded in the FAC.

Plaintiff also is not permitted to object to a discovery request on the ground that the requested information is in the possession of or more readily available to the requesting party. *Davidson*, 215 F.R.D. at 77; *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (D. Kan. 2004); *see also* Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial (Nat Ed.) (April 2018), Ch. 11(IV)-B, at ¶¶ 11:1740-41. While Plaintiff's prior litigation history may very well be in the public record, Plaintiff is in the best position to identify and verify the case name, case number, court name, and case disposition of each lawsuit to which he was a party. Moreover, in non-

federal jurisdictions, not all case records are easily accessible or searchable to the public, and the initial burden of identifying Plaintiff's prior lawsuits should not fall on Experian.

Therefore, Plaintiff should be compelled to amend his responses to Interrogatory Nos. 3 and 13, and provide the factual information available by him that is responsive to this interrogatory. With respect to Interrogatory No. 3, Plaintiff should, at minimum, provide the case name, case number, court name, and case disposition of each lawsuit.

### C.     Plaintiff Must Verify His Responses to the Interrogatories

Fed. R. Civ. P. 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Plaintiff's responses to Experian's Interrogatories are not verified. Verification of interrogatory responses is particularly important when such responses are expected to be relied upon as admissible testimony for a motion for summary judgment, or at trial. *See, e.g.*, Fed. R. Civ. P. 56(c)(1)(a) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by [ ] citing to particular parts of materials in the record, including depositions, . . . admissions, interrogatory answers, or other materials."). Therefore, Plaintiff should be compelled to verify his responses to the interrogatories, including any amended responses.

## II.     PLAINTIFF'S RESPONSES TO EXPERIAN'S REQUESTS FOR PRODUCTION ARE IMPROPER

### A.     Request For Production Nos. 3, 15, and 16

In this motion, Experian asks this Court to compel Plaintiff to provide further responses and produce additional documents in response to Request for Production Nos. 3, 15, and 16.

Request for Production No. 3 seeks "any correspondence or communication between Plaintiff and Experian, including any copies of Plaintiff's Credit Disclosure." Request for Production Nos. 15 and 16 seek documents supporting Plaintiff's claims of actual monetary loss

caused by Experian's alleged failure to provide all information required by Section 1681g, or Experian's furnishing of "Plaintiff's Credit Report"[4] to a third party. Plaintiff's responses to each of these RFPs are deficient for same reason why his responses to Experian's interrogatories are deficient—namely: Plaintiff's misguided belief that, because Experian supposedly provided him with only a "Credit Disclosure," rather than "full consumer file disclosure," he cannot respond to discovery. That is, Plaintiff asserts that he "[c]annot provide any documents" and "[c]annot answer this question" because he "didn't request copy of a Credit Disclosure" and "Experian did NOT provide his Full Consumer File Disclosure." That position is discovery abuse and improper.

None of these requests takes a position on whether Plaintiff received what he requested from Experian. Instead, these discovery requests seek the documents supporting Plaintiff's claims that he did not receive all information he requested from Experian (No. 3), the damages resulting from that alleged failure (No. 15), and any damages that Plaintiff might claim as a result of Experian failing to provide all information about Plaintiff to third parties (No. 16). Plaintiff cannot avoid compliance with these discovery requests by claiming he did not obtain the information he requested. For each item or category requested to be produced, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). Plaintiff has neither timely objected nor stated that he will comply with these discovery requests. Therefore, Plaintiff should be compelled to amend his responses to Request

---

[4] In its Discovery Requests, Experian has defined "Plaintiff's Credit Report" as "the report or reports on Plaintiff's credit history compiled by Experian and provided to third parties." (*See, e.g.*, Bryant Dec, ¶ 6, Exh. D, Responses to First Set of Interrogatories, p. 2 (Definitions and Instructions, No. 7).)

for Production Nos. 3, 15, and 16, provide full and complete responses, and produce all responsive documents in his possession, custody, or control.

### B. Request for Production Nos. 1, 9, and 10

Request for Production Nos. 1, 9, and 10 seek documents in Plaintiff's possession, custody, or control that support his allegations about Experian in the FAC. Plaintiff's responses to these discovery requests are deficient for similar reasons that his responses to Interrogatory Nos. 3 and 13 are deficient. Plaintiff responds to each RFP by stating that all documents have already been provided, are already in Experian's possession, or are attached to his responses to the Discovery Requests.

Plaintiff is not permitted to object to a discovery request on the ground that the requested information is in the possession of or more readily available to the requesting party. *Davidson*, 215 F.R.D. at 77; *DIRECTV*, 224 F.R.D. at 689. Therefore, to the extent his responses to Request for Production Nos. 1, 9, and 10 refer to documents in Experian's possession, that portion of his responses should be withdrawn.

Plaintiff should be compelled to amend his responses to Request for Production Nos. 1, 9, and 10, and confirm that he has produced all responsive documents in his possession, custody, or control.

### C. Request for Production No. 8

Request for Production No. 8 seeks the documents in Plaintiff's possession, custody, or control that support his allegation that Experian violated Section 1681g. Plaintiff's response is incomplete because it merely refers to a non-descript "credit report." A proper response also should state whether inspection and related activities will be permitted as requested.

Therefore, Plaintiff should be compelled to amend his responses to Request for Production No. 8, and confirm that he has produced all responsive documents in his possession, custody, or control.

## III.     PLAINTIFF'S OBJECTIONS ARE UNTIMELY AND, THUS, WAIVED

Failure to timely respond constitutes a waiver of any objections to the discovery. *See* Fed. R. Civ. P. 33(b)(4) (untimely objections to interrogatories are waived); *Holcombe v. Helena Chem. Co.*, No. 2:15-CV-2852-PMD, 2017 WL 713920, at *2 (D.S.C. Feb. 23, 2017). "[I]mplicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver . . . ." *Id.*, at *3 (quoting *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005); *see Chapman v. HHCSC, LLC*, No. 2:14-CV-00051-RMG, 2014 WL 12615704, at *1 (D.S.C. Sept. 4, 2014) ("If a party fails to respond to requests for production within the applicable thirty-day time limit as specified under Fed. R. Civ. P. 34, he waives any objections he may have to the production of documents.")

### A.     Interrogatory Nos. 9, 10, 11, and 12

As described above, Plaintiff responds to each of these interrogatories that he "[c]annot answer this interrogatories [*sic*] because I never ask for Credit Disclosures." To the extent Plaintiff's responses can be construed as objections, they should be overruled as untimely, and Plaintiff should be required to respond fully and completely to these interrogatories.

### B.     Request for Production Nos. 4, 5, 12, 13, 14, 27, and 28

In response to Request for Production Nos. 4, 5, 12, 13, 14, 27, and 28, Plaintiff only raises objections, and does not agree to comply with the request. Not only are Plaintiff's objections untimely, which means they are waived, each of these discovery requests seeks information directly relevant to the claims and defenses at issues in this lawsuit.

Request for Production No. 4 seeks correspondence between Plaintiff and the other consumer reporting agencies, *i.e.*, the other defendants in this lawsuit. Request for Production No. 5 seeks "Plaintiff's Credit Reports" obtained from any source, *i.e.*, a third-party creditor. These discovery requests seek information relevant to Plaintiff's identical claims against each defendant to determine why Plaintiff alleges each defendant has violated Section 1681g, as well as any damages that Plaintiff might claim as a result of Experian failing to provide all information about him to third parties.

Request for Production Nos. 12 and 13 seek correspondence and communications between Plaintiff and any persons with whom Plaintiff has discussed this lawsuit and bringing claims under Section 1681g against Experian and the other consumer reporting agencies. As indicated in footnote 1, above, Experian believes that Plaintiff is collaborating with other plaintiffs in other jurisdictions to file similar lawsuits against the consumer reporting agencies. Experian seeks evidence of their communications to better understand Plaintiff's personal knowledge of the alleged FCRA violations.

Request for Production Nos. 14, 27, and 28 seek documents supporting Plaintiff's own allegations in the FAC. These discovery requests are directly relevant to Plaintiff's claims and Experian's defenses in this action.

Despite the relevance of the foregoing discovery requests, Plaintiff has objected to each request. However, Plaintiff failed to timely respond to the Discovery Requests and did not seek any extension from Experian. Thus, Plaintiff has unequivocally waived any objections to the Discovery Requests. Plaintiff's objections to Request for Production Nos. 4, 5, 12, 13, 14, 27, and 28 should be overruled, and Plaintiff should be compelled to provide full and complete responses, and produce all responsive documents in his possession, custody, or control.

### IV.    THE REQUESTS FOR ADMISSION SHOULD BE DEEMED ADMITTED

Plaintiff failed to timely respond to Experian's Requests for Admission. Failure to timely respond to requests for admission constitutes an automatic admission of all matters asked to be admitted. Fed. R. Civ. P. 36(a)(3). Absent the court's permission, untimely responses to requests for admission are not sufficient to amend or withdraw the automatic admissions. Fed. R. Civ. P. 36(b). Since Plaintiff never sought relief from the Court, all the matters in the Requests for Admissions have been deemed admitted. Plaintiff's untimely responses also should be stricken.

Experian recognizes that under Fed. R. Civ. P. 36(a)(3), the court may allow the respondent additional time to respond, or under Fed. R. Civ. P. 36(b), the court may, on motion, permit the admission to be withdrawn or amended. *Nat'l Specialty Ins. Co. v. AIG Domestic Claims, Inc.*, No. 6:10-CV-00826-JMC, 2011 WL 1630948, at *2 (D.S.C. Apr. 29, 2011). If the Court is inclined to allow Plaintiff to amend or withdraw his automatic admissions, Experian requests that the Court also order Plaintiff to properly respond to Request for Admission Nos. 2, 3, 4, 5, 6, 7, 8, and 9 in compliance with Fed. R. Civ. P. 36(a)(4).

In his untimely responses, Plaintiff responds to Request for Admission Nos. 2 and 3 by denying the request "because Plaintiff receive [*sic*] a credit report NOT Full File Disclosure as requested." As with certain discovery requests described above, Plaintiff's response is deficient because it misses the point of the request. Experian is asking Plaintiff to admit that he received "Plaintiff's Credit Disclosure" in response to his written requests in October 2017 and December 2017. It is immaterial whether Plaintiff believes that "Plaintiff's Credit Disclosure" is a "full file disclosure." The requests for admission do not take a position on that disputed issue.

Similarly, Plaintiff refuses to respond to Request for Admission Nos. 2, 3, 4, 5, 6, 7, 8, and 9 based on a disagreement over terminology that is immaterial to the matters asked to be

admitted. Plaintiff responds to Request for Admission Nos. 4 and 5 with "Cannot answer this request, because Plaintiff receive [*sic*] only a credit report." Plaintiff responds to Request Nos. 6 and 7 with "Cannot answer this request, because Plaintiff didn't ask for a Credit Disclosure." Finally, Plaintiff responds to Request for Admission Nos. 8 and 9 with "Cannot admit or denied [*sic*] because Experian never produce [*sic*] my full consumer file disclosure."

      Each of these responses is incomplete and improper. Fed. R. Civ. P. 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). The responding party is required to undertake a "good faith" investigation of sources "reasonably available" to or "readily obtainable" by him or her in formulating answers to requests for admissions (similar to the duty owed in responding to interrogatories). *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010); Adv. Comm. Notes to 1970 Amendment to Fed. R. Civ. P. 36(a); *see also* Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial (Nat Ed.) (April 2018), Ch. 11(IV)-D, at ¶ 11:2047. Furthermore, if any portion of the request can be admitted, the responding party must admit that portion. Fed. R. Civ. P. 36(a)(4) ("[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."); *see U.S. E.E.O.C. v. Baltimore Cty.*, No. CIV. L-07-2500, 2011 WL 5375044, at *2 (D. Md. Nov. 7, 2011) ("The larger problem with these denials is that they quibble over terminology while ignoring the clear object of the requests. . . . The County's objection and denial ignore Rule 36's requirement that '[a] denial must fairly respond to the substance of the matter.'")

Plaintiff's untimely responses to Request for Admission Nos. 2, 3, 4, 5, 6, 7, 8, and 9 all share a common deficiency based on Plaintiff's disagreement over the terminology that Experian uses. He is clearly ignoring the object and substance of the discovery requests, which is to seek admission or denial of facts and events, not terminology. Therefore, if Plaintiff is afforded the opportunity to withdraw or amend his admissions, Plaintiff should be compelled to properly respond to Request for Admission Nos. 2, 3, 4, 5, 6, 7, 8, and 9 in compliance with Fed. R. Civ. P. 36(a)(4).

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court order Plaintiff, within seven days of its order, to: (1) provide full and complete responses to Experian's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions; and (2) verify his responses to Experian's First Set of Interrogatories. In addition, Experian respectfully requests that the Court issue an order: (1) overruling all of Plaintiff's untimely objections to Experian's discovery requests; (2) striking Plaintiff's untimely responses to the Requests for Admissions; and (3) deeming all RFAs admitted.

Dated: August 20, 2018

Respectfully submitted,

*/s/ Lyndey R. Z. Bryant*
Lyndey R. Z. Bryant
(Fed ID No. 11506)
ADAMS AND REESE LLP
1501 Main Street, Fifth Floor
Columbia, South Carolina 29201
Telephone: 803-254-4190
lyndey.bryant@arlaw.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed on August 20, 2018, with the Court via the CM/ECF system, causing it to be served on all counsel of record. In addition, a copy of the foregoing was sent via mail and email to *pro se* Plaintiff at the physical address and email address listed below

    Earl Gavin
    300 Marion Ave.
    Gaffney, SC 29341
    Egav1986@gmail.com
    *Pro Se Plaintiff*

                                        */s/ Lyndey R. Z. Bryant*
                                        Lyndey R. Z. Bryant