UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Earl Gavin,<br><br>                    Plaintiff,<br><br>        v.<br><br>Experian Information Solutions, Inc.; Trans Union LLC; Equifax Inc.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 7:18-cv-00523-AMQ-JDA<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF LYNDEY R. Z. BRYANT IN SUPPORT OF
DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL DISCOVERY FROM PLAINTIFF
AND SUPPORTING MEMORANDUM**

I, Lyndey R. Z. Bryant, declare as follows:

1.      I am an attorney licensed to practice law in the State of South Carolina, and am an associate in the law firm of Adams and Reese LLP, counsel for Defendant Experian Information Solutions, Inc. ("Experian") in the above-captioned action.  I have personal knowledge of the matters stated herein, and if called upon to do so, could and would testify competently thereto.

2.      I make this Declaration in support of Experian's Motion to Compel Discovery from Plaintiff Earl Gavin ("Plaintiff"), filed concurrently herewith.

3.      On June 26, 2018, I was copied on email correspondence from my co-counsel, Autumn Patterson, whereby Experian propounded on Plaintiff its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions (collectively, the "Discovery Requests").  A true and correct copy of the June 26, 2018 email correspondence is

attached hereto as <u>Exhibit A</u>.  Based on the parties' agreement to electronic service of discovery, Plaintiff's responses to the Discovery Requests were due on or before July 26, 2018.

4.    By July 30, 2018, Experian had not received Plaintiff's responses to the Discovery Requests.    On July 30, 2018, I was copied on email correspondence from Ms. Patterson to Plaintiff regarding the status of his responses.  A true and correct copy of the July 30, 2018 email correspondence is attached hereto as <u>Exhibit B</u>.  I did not receive any response from Plaintiff, nor am I aware of any response sent to my co-counsel.

5.    On August 3, 2018, I was copied on email correspondence from Ms. Patterson to Plaintiff regarding the status of his responses.  Plaintiff responded that he would serve his discovery responses that night.   A true and correct copy of the August 3, 2018 email correspondence is attached hereto as <u>Exhibit C</u>.

6.    On August 4, 2018, Plaintiff served his responses to the Discovery Requests via email.  A true and correct copy of the August 4, 2018 email correspondence and Plaintiff's responses to the Discovery Requests is attached hereto as <u>Exhibit D</u>.

7.    On July 25, 2018, Experian produced to Plaintiff copies of all documents that it sent to Plaintiff upon his request, including the "personal credit reports" dated October 20, 2017, and January 10, 2018, referenced in the First Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on August 20, 2018, in Columbia, South Carolina.

*/s/ Lyndey R. Z. Bryant*
Lyndey R. Z. Bryant

<u>**CERTIFICATE OF SERVICE**</u>

A copy of the foregoing was filed on August 20, 2018, with the Court via the CM/ECF

system, causing it to be served on all counsel of record.  In addition, a copy of the foregoing was

sent via mail and email to *pro se* Plaintiff at the physical address and email address listed below

> Earl Gavin
> 300 Marion Ave.
> Gaffney, SC 29341
> Egav1986@gmail.com
> *Pro Se Plaintiff*

/s/ *Lyndey R. Z. Bryant*
Lyndey R. Z. Bryant

# EXHIBIT A

**Cook, Jonna L.**

---

| | |
|---|---|
| **From:** | Patterson, Autumn Hamit |
| **Sent:** | Tuesday, June 26, 2018 9:40 PM |
| **To:** | Eugene Gavin; rbarker@wyche.com; Johnson, Wilbur |
| **Cc:** | Lyndey R. Z. Bryant |
| **Subject:** | Service of Defendant Experian's First Set of Written Discovery |
| **Attachments:** | Experian's First Set of RFPs to Plaintiff Gavin.pdf; Experian's First Set of Interrogatories to Plaintiff Gavin.pdf; Experian's First Set of RFAs to Plaintiff Gavin.pdf |

Mr. Gavin,

I am writing regarding Defendant Experian Information Solutions, Inc.'s (Experian's) first set of written discovery requests in *Gavin v. Experian Information Solutions, Inc. et al.*, No. 7:18-cv-00523-AMQ-JDA (D.S.C.).  Copies of Experian's first set of requests for production of documents, first set of interrogatories, and first set of requests for admission are attached.

Sincerely,
Autumn

Autumn Hamit Patterson
Associate
**JONES DAY® - One Firm Worldwide℠**
2727 North Harwood St.
Dallas, Texas 75201
Office +1.214.969.2966
ahpatterson@jonesday.com

# EXHIBIT B

**Sun, Jennifer**

---

| | |
|---|---|
| **From:** | Patterson, Autumn Hamit |
| **Sent:** | Monday, July 30, 2018 1:46 PM |
| **To:** | 'Eugene Gavin'; Lyndey R. Z. Bryant |
| **Subject:** | RE: Need your Log |

Mr. Gavin,

Information was not withheld on the basis of attorney-client privilege in response to Interrogatory No. 3, 4, or 5.  These requests asked for information that would be protected by attorney-client privilege; however, in this instance, the information being requested that would be privileged does not exist.  For example, Interrogatory No. 3 requests the identification of any expert witness that Experian consulted with regarding this case.  Interrogatory No. 4 could also be interpreted as requiring Experian to identify potential expert witnesses that Experian consulted with regarding this case.  Although such information would be privileged, unless Experian ultimately retained the expert and the expert was going to testify, Experian has not consulted with any expert witnesses or potential expert witnesses regarding this case.  Interrogatory No. 5 is vague and could be requesting privileged information.  Nonetheless, as Experian's response explains, it has taken no statement regarding an individual's personal knowledge of the allegations in the Amended Complaint.

Please let me know if you have any questions.

On another note, Experian has not received your responses to its written discovery requests.  The deadline for responding has passed.  Please advise regarding whether those responses are in the mail.

Sincerely,
Autumn

Autumn Hamit Patterson
Associate
**JONES DAY® - One Firm Worldwide℠**
2727 North Harwood St.
Dallas, Texas 75201
Office +1.214.969.2966
ahpatterson@jonesday.com

**From:** Eugene Gavin <egav1986@gmail.com>
**Sent:** Sunday, July 29, 2018 11:21 AM
**To:** Patterson, Autumn Hamit <ahpatterson@jonesday.com>; Lyndey R. Z. Bryant <lyndey.bryant@arlaw.com>
**Subject:** Need your Log

Hello Autumn,

There is a mention in your response to my interrogatory no. 3, 4, 5, said that you have information that is protected by attorney-client privilege. If this is the case, then I need to produce your attorney-client privilege log in timely manner.. If you cannot or refuse to produce then i will be force to Motion the court to compel you to give it up.

Please advise...

# EXHIBIT C

**Sun, Jennifer**

| | |
|---|---|
| **From:** | Eugene Gavin <egav1986@gmail.com> |
| **Sent:** | Friday, August 3, 2018 12:15 PM |
| **To:** | Patterson, Autumn Hamit |
| **Subject:** | Re: Need Responses to Experian's Discovery Requests |

You will have it tonight when i get home.

Thanks

On Fri, Aug 3, 2018, 10:52 AM Patterson, Autumn Hamit <ahpatterson@jonesday.com> wrote:

Mr. Gavin,


As I informed you on Monday, July 30, the deadline to respond to Experian's written discovery requests has passed.  Experian has still not received those responses in the mail or via email.  Please advise regarding whether those responses are in the mail and, if so, please provide the tracking number.



Sincerely,

Autumn



Autumn Hamit Patterson
Associate
**JONES DAY® - One Firm Worldwide^SM**
2727 North Harwood St.
Dallas, Texas 75201
Office +1.214.969.2966
ahpatterson@jonesday.com


***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

# EXHIBIT D

**Patterson, Autumn Hamit**

| | |
|---|---|
| **From:** | Eugene Gavin <egav1986@gmail.com> |
| **Sent:** | Saturday, August 4, 2018 6:58 PM |
| **To:** | Patterson, Autumn Hamit |
| **Cc:** | Lyndey R. Z. Bryant |
| **Subject:** | Re: Need Responses to Experian's Discovery Requests |
| **Attachments:** | ExperianAdmission.MyAnswer.pdf; ExperianInterrogatories.Myresponse.pdf; ExperianProduction.MyResponses.pdf |

Attached are my responses to your client discovery. And I will be sending an additional email with documents in reference some of my response to discovery and documents that i will be presenting at trial.

On Fri, Aug 3, 2018 at 10:52 AM, Patterson, Autumn Hamit <ahpatterson@jonesday.com> wrote:

> Mr. Gavin,
>
>
> As I informed you on Monday, July 30, the deadline to respond to Experian's written discovery requests has passed.  Experian has still not received those responses in the mail or via email.  Please advise regarding whether those responses are in the mail and, if so, please provide the tracking number.
>
>
>
> Sincerely,
>
> Autumn
>
>
>
> Autumn Hamit Patterson
> Associate
> **JONES DAY® - One Firm Worldwide℠**
> 2727 North Harwood St.
> Dallas, Texas 75201
> Office +1.214.969.2966
> ahpatterson@jonesday.com
>
>
>
> ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

|                                                  |     |                                |
|--------------------------------------------------|-----|--------------------------------|
| **EARL GAVIN**                                   | )   |                                |
| Plaintiff.                                       | )   |                                |
|                                                  | )   | **Case No 7:18-cv-00523-DCC-JDA** |
| **vs**                                           | )   |                                |
|                                                  | )   |                                |
| **EXPERIAN INFORMATION**                         | )   |                                |
| **SOLUTIONS, INC.; TRANS UNION**                 | )   |                                |
| **LLC; EQUIFAX INFORMATION**                     |     |                                |
| **SERVICES LLC, EQUIFAX, INC;**                  | )   |                                |
| Defendants                                       | )   |                                |
|                                                  | )   |                                |
|                                                  | )   |                                |

## PLAINTIFF EARL GAVIN RESPONSES TO DEFENDANT EXPERIAN
## INFORMATION SOLUTIONS, INC.'S FIRST SET OF
## INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Earl Gavin response to the

Defendant Experian Information Solution Inc First Set of Interrogatories to the following

interrogatories, in writing under oath

### PRELIMINARY STATEMENT

Although Plaintiff has made a diligent and good faith effort to obtain the information with

which to respond to these request, discovery in this matter. Moreover, Plaintiff has not yet

completed its investigations of this matter. For those reason, Plaintiff anticipate that its

responses may be incomplete and that additional information may be obtained which

could affect its responses. Accordingly, all of the following responses are given without

prejudice to and with the express reservation of Plaintiff's right to supplement or modify

its objections  and responses to the extent required by applicable law to incorporate late

discovered information, and to rely upon and all such information and documents at trial or otherwise.

Likewise, Plaintiff shall not be prejudiced if any of its present, objections and response are based on an incomplete knowledge or comprehension of the facts, events or occurrences involved in this matter.

If Defendant, subsequently asserts a different interpretation than presently understood by Plaintiff, Plaintiff reserves the right to supplement or amend these objections and responses.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's interrogatories:

1. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

2. The word "Person" means any natural or artificial person, including business entities and other legal entities.

3. "Experian" refers to Defendant Experian Information Solutions, Inc. an Ohio corporation with its principal place of business located in Costa Mesa, California and any of its agents or representatives.

4. "You," "Your" and "Plaintiff" refers to Plaintiff Earl Gavin and any agents, representatives, or other persons acting, or who have acted, on Plaintiff's behalf.

5. "Complaint" refers to the First Amended Complaint filed by Plaintiff Earl Gavin on or about May 25, 2018, in the United States District Court, District of South Carolina, Case No. 7:18-cv-00523-AMQ-JDA.

6. "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681-1681u.

7. "Plaintiff's Credit Report" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to third parties.

8. "Plaintiff's Credit Disclosure" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to Plaintiff.

9. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

10. The use of the word "including" shall be construed to mean "without limitation."

11. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

12. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

13. To "state the basis" means to provide the complete factual summary of each element of the claim, allegation, or denial. The summary should chronologically describe each and every fact, action, and occurrence that relates to the particular claim, allegation, or denial.

14. "Identify" or "describe" means the following:

a. When used in connection with natural persons, "identify" or "describe" means to state the person's full name, present business address and telephone number, present home address, and city of residence as well as the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with you, when such discussions occurred, who participated in such discussions, and the substance of all discussions.

b. When used in connection with an entity, "identify" or "describe" means to state the entity's full name, last known address(es), telephone number, and organization form (e.g., corporation, sole proprietorship, partnership, joint venture, etc.).

c. When used in connection with an act, "identify" or "describe" means to provide a description of the act, including the place, date, and time of its occurrence, and the persons and/or entities engaged in the act.

d. When used in connection with documents, "identify" or "describe" means to state the nature of the document (e.g., memorandum, letter, notes, etc.), its author(s), its addressee(s) or recipient(s), its title or subject matter, and a date. If the document has already been produced, it can be identified by the number given to it at the time of production. If the document has not been previously produced, then Experian requests that it be produced,

pursuant to Fed. R. Civ. P. 34, along with Plaintiff's response to these interrogatories.

e. When used in connection with an oral communication, "identify" or "describe" means to state the time, date, place, and means of the oral communication (e.g., telephone, personal meeting, etc.), the identity of all persons participating in the oral communication, the identity of persons hearing the oral communication, and a detailed description of the oral communication.

15. In answering these interrogatories, Plaintiff shall furnish all information known or available. If any of these interrogatories cannot be answered in full, the interrogatory shall be answered to the extent possible.

16. In the event you assert any form of objection or privilege as a ground for not answering an interrogatory or any part of an interrogatory, set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the interrogatory, the balance of the interrogatory should be answered in full.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Describe Plaintiff's work history, including Plaintiff's present occupation and business address during the past five years.

**Plaintiff currently works at American Credit Acceptance which is a auto loan servicing company. Have been employed there for the past 8yrs. I'm part of the management team.**

### INTERROGATORY NO. 2:

Identify each Person who assisted in, or supplied information used in, preparing answers to these interrogatories.

**No one assist me with answering these interrogatories**

### INTERROGATORY NO. 3:

Identify all other lawsuits in which the Plaintiff is or was a party, including for each suit the case number, the name of the Court, the style of the case, the subject matter of the case, the amount in controversy, the Court's holding, if any, and the amount of damages awarded or the terms of any settlement.

==Any lawsuit that I've been apart of, will be public information. Or can be gather on the government website www.pacer.gov==

## INTERROGATORY NO. 4:

If Plaintiff has had any contact with any type of credit counseling service or "credit clinic" during the past five years, describe all such contacts, e.g., the date of such contact; whether any agreement was signed by Plaintiff in connection with services provided; the amount of payments Plaintiff made in connection with the provided services, etc.

**Not applicable to me**

## INTERROGATORY NO. 5:

Describe any criminal record of Plaintiff; including whether Plaintiff has ever been convicted of a crime or has pleaded guilty or nolo contendere to a crime, and if so, the date of each conviction or plea, the name of the court, the crime involved, and the prison or jail, if any, where incarcerated.

**No criminal record and never been arrested or incarcerated**

## INTERROGATORY NO. 6:

For each denial of credit or insurance during the past five years, describe the denial, e.g., whether oral or written, and the reasons given for the denial, any dispute related to the denial, etc.

**No denial or credit or insurance in past 5 years**

## INTERROGATORY NO. 7:

For each application of credit or insurance granted during the past five years, describe the credit or insurance obtained, e.g., the creditor, insurer, account number, repayment terms, etc.

**No application of credit or insurance granted during the past 5 years**

## INTERROGATORY NO. 8:

Identify all Persons having knowledge of any of the facts, occurrences, and matters set forth in the Complaint and describe generally the substance of the knowledge possessed by each such Person.

**None**

**INTERROGATORY NO. 9:**

Identify what specific information was not included in Plaintiff's Credit Disclosures that Plaintiff alleges should have been included under 15 U.S.C. § 1681g(a)(1)

**Cannot answer this interrogatories, because I never ask for Credit Disclosures.**

**INTERROGATORY NO. 10:**

State the basis for Plaintiff's allegation that Experian failed to provide information relating to Plaintiff in Plaintiff's Credit Disclosures that Experian is required to provide under 15 U.S.C. § 1681g(a)(1).

**Cannot answer this interrogatories, because I never ask for Credit Disclosures.**

**INTERROGATORY NO. 11:**

Identify what specific information was not included in Plaintiff's Credit Disclosures that Plaintiff alleges is included in Plaintiff's Credit Reports.

**Cannot answer this interrogatories, because I never ask for Credit Disclosures.**

**INTERROGATORY NO. 12:**

State the basis for Plaintiff's allegation that Experian provides information relating to Plaintiff in Plaintiff's Credit Reports that Experian does not include in Plaintiff's Credit Disclosures.

**Cannot answer this interrogatory because the plaintiff never ask for a Credit Disclosure.**

**INTERROGATORY NO. 13:**

State the basis for Plaintiff's allegation that Experian's alleged violations of the FCRA were willful.

**Basis of my allegation was clearly outlined in his complaint**

**INTERROGATORY NO. 14:**

Describe all actual damages suffered by Plaintiff as a result of Experian's alleged actions, including the nature of each item of damage, the amount of each item of damage, the date each item of damage was incurred, the amount of compensation Plaintiff alleges

entitlement to from the loss, how the figures used in compensating the value of each item of damage were computed, and all facts which form the basis of Plaintiff's contention that Experian's acts or omissions proximately caused the item of damage.

**$1000 statutory damages, and the $400 filing fee**

### INTERROGATORY NO. 15:

Describe all humiliation, embarrassment and mental or emotional distress or similar type injury suffered by Plaintiff as a result of Experian's alleged actions, including all manifestations of such mental states and any medical treatment received as a result thereof.

**None**

### INTERROGATORY NO. 16:

Describe any loss of employment opportunities suffered by Plaintiff as a result of Experian's alleged actions.

**None**

### INTERROGATORY NO. 17:

For each of Your responses to Experian's Requests for Admission (served concurrently herewith) which is not an unqualified admission, state the basis for your denial of the facts stated in each Request.

**Cannot answer this interrogatory, as it is written**

Earl Gavin
300 Marion Ave
Gaffney SC 29341

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018, I served a true and correct copy of the foregoing

Defendant Experian Information Solutions, Inc.'s First Set of Interrogatories to Plaintiff

Earl Gavin on the following parties via electronic mail as agreed :

**Counsel for Defendant Experian Information Solutions, Inc.**
Lyndey Zwing
Adams & Reese LLP
1501 Main St 5th Floor
Columbia SC 29201

**Counsel for Defendant Trans Union, LLC**
Wilbur E. Johnson
Young Clement Rivers, LLP
PO Box 993
25 Calhoun Street, Suite 400
Charleston SC 29401

**Counsel for Defendant Equifax, Inc.**
Rita Bolt Barker
WYCHE
44 East Camperdown Way,
Greenville SC 29601-3512

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| **EARL GAVIN** | ) | |
| Plaintiff. | ) | |
| | ) | **Case No 7:18-cv-00523-DCC-JDA** |
| **vs** | ) | |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.; TRANS UNION** | ) | |
| **LLC; EQUIFAX INFORMATION** | | |
| **SERVICES LLC, EQUIFAX, INC;** | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

## PLAINTIFF EARL GAVIN RESPONSES TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Earl Gavin responds to the

Defendant Experian Information Solutions Inc.'s

## PRELIMINARY STATEMENT

Although Plaintiff has made a diligent and good faith effort to obtain the information

necessary to respond to Defendant's First Request for Production, discovery in this matter

is ongoing. Moreover, Plaintiff has not yet completed its investigations of this matter.

For those reason, Plaintiff anticipate that its responses may be incomplete and that

additional information may be obtained which could affect its responses. Accordingly, all

of the following responses are given without prejudice to and with the express reservation

of Plaintiff's right to supplement or modify its objections  and responses to the extent

required by applicable law to incorporate late discovered information, and to rely upon

and all such information and documents at trial or otherwise.

Likewise, Plaintiff shall not be prejudiced if any of its present, objections and response are based on an incomplete knowledge or comprehension of the facts, events or occurrences involved in this matter.

If Defendant, subsequently asserts a different interpretation than presently understood by Plaintiff, Plaintiff reserves the right to supplement or amend these objections and responses.

Finally, Plaintiff's responses herein do not constitute admission or acknowledgements that the documents sought are within the proper scope of discovery. Nor shall a statement that documents will be produced constitute an admission that such documents in fact exist. Instead, it only shall mean that, if responsive documents exist and survive the general and specific objections, they will be produced. Likewise, and objection to producing does not mean that documents otherwise responsive to a particular demand in fact exist.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's requests for production:

1. "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interview; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic,

handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3. The word "Person" means any natural or artificial person, including business entities and other legal entities.

4. "Experian" refers to Defendant Experian Information Solutions, Inc. an Ohio corporation with its principal place of business located in Costa Mesa, California.

5. "You," "Your" and "Plaintiff" refers to Plaintiff Earl Gavin and any agents, representatives, or other persons acting, or who have acted, on Plaintiff's behalf.

6. "Complaint" refers to the First Amended Complaint filed by Plaintiff Earl Gavin on or about May 25, 2018, in the United States District Court, District of South Carolina, Case No. 7:18-cv-00523-AMQ-JDA..

7. "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681-1681u.

8. "Plaintiff's Credit Report" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to third parties.

9. "Plaintiff's Credit Disclosure" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to Plaintiff.

10. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

11. The use of the word "including" shall be construed to mean "without limitation."

12. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

13. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

14. The documents requested herein shall be produced as they are kept in the usual

course of business or shall be organized and labeled according to the number of the document request.

15. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to Plaintiff or any of his attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

16. In the event Plaintiff asserts any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the document, the balance of the document production should be answered in full. With respect to any document which is withheld on a claim of privilege, Plaintiff shall provide, at the time responses are due hereunder, a statement setting forth as to each such document the following information:

 a. the name(s) of the sender(s) of the document;

b. the name(s) of the author(s) of the document;

c. the name(s) of the Person(s) to whom the document or copies were sent;

d. the date of the document;

e. a brief description of the nature and subject matter of the document; and

f. the nature of the privilege or the authority which is claimed to give rise to it.

17. If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

 a. the type of document;

b. a description of the nature and contents of the document;

c. the identity of the author;

d. the circumstances under which it ceased to exist;

e. the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist; and

f. the identity of all Person(s) who had knowledge of the contents.

18. Should Plaintiff obtain any other documents or information which would supplement or modify the documents or information supplied by Plaintiff in response to this request, Plaintiff is directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such documents and information and to furnish the additional documents or information to Experian without delay.

19. Unless otherwise specified, these requests for production seek documents and information from Jan. 3, 2013, through the present.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**
All Documents identified in response to Experian's First Set of Interrogatories propounded to Plaintiff, served contemporaneously herewith.

**RESPONSE:** All documents has been provided or already in the Defendant possession.

**REQUEST NO. 2:**
All statements taken by Plaintiff or on Plaintiff's behalf from any person relating to the claims alleged in the Complaint.

**RESPONSE:** No such documents or statements exist

**REQUEST NO. 3:**
All Documents relating to any correspondence or communication between Plaintiff and Experian, including any copies of Plaintiff's Credit Disclosure or any disputes communicated to Experian by Plaintiff.

**RESPONSE:** Cannot provide any documents responsive to this request because the Plaintiff didn't request copy of a Credit Disclosure

**REQUEST NO. 4:**
All Documents relating to any correspondence or communication between Plaintiff and a consumer credit reporting agency other than Experian.

**RESPONSE:** Plaintiff objects to this request as unduly burdensome and not proportional to the needs in that it seeks documents as no relevance's to them directly.

**REQUEST NO. 5:**
All Documents relating to Plaintiff's Credit Reports obtained from any source.

**RESPONSE:** Plaintiff object to this request on the bases that it is overbroad, vague and ambiguous, and seeks information that is irrelevant to Plaintiff' claims and disproportionate to the needs of this case

**REQUEST NO. 6:**
All tangible reports, physical models, compilations of data, and other materials prepared by an expert, or for an expert, who may testify at the trial of this matter or in a deposition for this lawsuit.

**RESPONSE:** Plaintiff is not in possession of documents responsive to this request.

**REQUEST NO. 7:**
All tangible reports, physical models, compilations of data, and other materials prepared by an expert used for consultation which have been reviewed in whole or in part by an expert who may be called as a witness by Plaintiff for this lawsuit.

**RESPONSE:** Plaintiff is not in possession of documents responsive to this request.

**REQUEST NO. 8:**
All Documents which refer or relate to Experian's alleged violation of section 1681g of the FCRA.

**RESPONSE:** Attached the copy of his credit report, which was not what was asked at the time Plaintiff request a copy of his Full Consumer File Disclosure.

**REQUEST NO. 9:**
All Documents pertaining to Plaintiff's claims against Experian.

**RESPONSE:** Any and all documents in my possession, has been provided, or already in Experian possession or its attached in my responses Defendant Discovery Request

**REQUEST NO. 10:**
All files, correspondence, notes, records or other Documents made or kept by Plaintiff (or anyone on Plaintiff's behalf) regarding the subject matter of this action.

**RESPONSE:** Any and all documents in my possession, has been provided, or already in Experian possession or its attached in my responses Defendant Discovery Request

**REQUEST NO. 11:**

All of Plaintiff's correspondence, applications, denial letters, credit reports or other Documents mentioning, relating to or referring to Experian or its employees.

**RESPONSE:** No such documentations in my possession

**REQUEST NO. 12:**

All Documents relating to any correspondence or communication between Plaintiff and any person related to requesting a full consumer file disclosure or full file disclosure from Experian or another consumer reporting agency.

**RESPONSE:** Plaintiff object to this request as its overly broad, unduly burdensome. And this request is not clear on what its asking for.

**REQUEST NO. 13:**

All Documents relating to any correspondence or communication between Plaintiff and any person relating to any person filing suit against Experian or another consumer reporting agency for violations of 15 U.S.C. 1681g.

**RESPONSE:** Plaintiff object to this request as its overly broad, unduly burdensome. And this request is not clear on what its asking for.

**REQUEST NO. 14:**

All Documents which refer or relate to whether Experian failed to clearly and accurately disclose to Plaintiff, upon Plaintiff's request, the nature and substance of all information in Experian's files on Plaintiff's credit history.

**RESPONSE:** Cannot provide any documents base how this request is written.

**REQUEST NO. 15:**

All Documents which refer or relate to the amount of actual monetary loss suffered by Plaintiff as a result of Experian's alleged failure to provide Plaintiff with all the information required by 15 U.S.C. § 1681g.

**RESPONSE:** Cannot answer this question because Experian did NOT provide his Full Consumer File Disclosure

**REQUEST NO. 16:**

All Documents which refer or relate to the amount of actual monetary loss suffered by Plaintiff as a result of the compilation and furnishing of Plaintiff's Credit Report by Experian.

**RESPONSE:** Cannot answer this question because the Plaintiff didn't request his Credit Report from Experian at the time he requested his Full Consumer File Disclosure.

**REQUEST NO. 17:**
All Documents which refer or relate to whether Plaintiff's reputation was damaged as a result of Experian's alleged failure to provide Plaintiff with all the information required by 15 U.S.C. § 1681g.

**RESPONSE:** No such documents exist

**REQUEST NO. 18:**
All Documents which refer or relate to whether Plaintiff's reputation was damaged as a result of the compilation and furnishing of Plaintiffs Credit Report by Experian.

**RESPONSE:** No such documents exist

**REQUEST NO. 19:**
All Documents which refer or relate to whether Plaintiff suffered humiliation and/or emotional or mental distress as a result of Experian's alleged failure to provide Plaintiff with all the information required by 15 U.S.C. § 1681g.

**RESPONSE:** No such documents exist

**REQUEST NO. 20:**
All Documents which refer or relate to whether Plaintiff suffered humiliation and/or emotional or mental distress as a result of the compilation and furnishing of Plaintiff's Credit Report by Experian.

**RESPONSE:** No such documents exist

**REQUEST NO. 21:**
All Documents which refer or relate to whether Plaintiff lost employment or employment opportunities as a result of Experian's alleged failure to provide Plaintiff with all the information required by 15 U.S.C. § 1681g.

**RESPONSE:** No such documents exist

**REQUEST NO. 22:**
All Documents which refer or relate to whether Plaintiff lost employment or employment opportunities as a result of the compilation and furnishing of Plaintiff's Credit Report by Experian.

**RESPONSE:** No such documents exist

**REQUEST NO. 23:**
All Documents which refer or relate to whether Plaintiff's application for insurance was denied, or that one or more of Plaintiff's insurance policies were terminated, due to Experian's alleged failure to provide Plaintiff with all the information required by 15 U.S.C. § 1681g.

**RESPONSE:** No such documents exist

**REQUEST NO. 24:**
All Documents which refer or relate to whether Plaintiff's application for insurance was denied, or that one or more of Plaintiff's insurance policies were terminated, due to the compilation and furnishing of Plaintiff's Credit Report by Experian.

**RESPONSE:** No such documents exist

**REQUEST NO. 25:**
All Documents which refer or relate to whether Plaintiff's application for credit was denied, or that one or more of Plaintiff's credit accounts were decreased or terminated, due to Experian's alleged failure to provide Plaintiff with all the information required by 15 U.S.C. § 1681g.

**RESPONSE:** No such documents exist

**REQUEST NO. 26:**
All Documents which refer or relate to whether Plaintiff's application for credit was denied, or that one or more of Plaintiff's credit accounts were decreased or terminated, due to the compilation and furnishing Plaintiff's Credit Report by Experian.

**RESPONSE:** No such documents exist

**REQUEST NO. 27:**

All Documents which refer or relate to whether the damages alleged by Plaintiff were willfully caused by Experian.

**RESPONSE:** The request is vague, ambiguous, or unintelligible.

**REQUEST NO. 28:**
A copy of the disclosure from LexisNexis to which Plaintiff refers in the Amended Complaint. See Docket No. 52, First Amended Complaint for Violations of the FCRA, ¶ 37.

**RESPONSE:** Plaintiff object to this request because Lexis Nexis Disclosure has personal information and this disclosure doesn't have any relevance to Experian.

**REQUEST NO. 29:**
All Documents not otherwise requested herein which Plaintiff may introduce into evidence at trial or at any deposition in this matter.

**RESPONSE:** All such documents has been provided and or attached to this request.

Earl Gavin
300 Marion Ave
Gaffney SC 29341
Egav1986@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

|  |  |  |
|---|---|---|
| **EARL GAVIN** | ) | |
| Plaintiff. | ) | |
| | ) | **Case No 7:18-cv-00523-DCC-JDA** |
| **vs** | ) | |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.; TRANS UNION** | ) | |
| **LLC; EQUIFAX INFORMATION** | | |
| **SERVICES LLC, EQUIFAX, INC;** | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

## PLAINTIFF EARL GAVIN RESPONSES TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Earl Gavin hereby respond

to the Defendant First Set of Request for Admission

## PRELIMINARY STATEMENT

Although Plaintiff has made a diligent and good faith effort to obtain the information

necessary to respond to Defendant's First Request for Admission, discovery in this matter

is ongoing. Moreover, Plaintiff has not yet completed its investigations of this matter.

For those reason, Plaintiff anticipate that its responses may be incomplete and that

additional information may be obtained which could affect its responses. Accordingly, all

of the following responses are given without prejudice to and with the express reservation

of Plaintiff's right to supplement or modify its objections and responses to the extent

required by applicable law to incorporate late discovered information, and to rely upon

and all such information and documents at trial or otherwise.

Likewise, Plaintiff shall not be prejudiced if any of its present, objections and response are based on an incomplete knowledge or comprehension of the facts, events or occurrences involved in this matter.

If Defendant, subsequently asserts a different interpretation than presently understood by Plaintiff, Plaintiff reserves the right to supplement or amend these objections and responses.

Finally, Plaintiff's responses herein do not constitute admission or acknowledgements that the documents sought are within the proper scope of discovery. Nor shall a statement that documents will be produced constitute an admission that such documents in fact exist. Instead, it only shall mean that, if responsive documents exist and survive the general and specific objections, they will be produced. Likewise, and objection to producing does not mean that documents otherwise responsive to a particular demand in fact exist.

## DEFINITIONS

1. "Experian" refers to Defendant Experian Information Solutions, Inc.

2. "You," "Your" and "Plaintiff" refers to Plaintiff Earl Gavin and any agents, representatives, or other persons acting, or who have acted, on Plaintiff's behalf.

3. "Complaint" refers to the First Amended Complaint filed by Plaintiff Earl Gavin on or about May 25, 2018, in the United States District Court, District of South Carolina, Case No. 7:18-cv-00523-AMQ-JDA..

4. "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681-1681u.

5. "Plaintiff's Credit Report" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to third parties.

6. "Plaintiff's Credit Disclosure" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to Plaintiff.

## REQUESTS TO ADMIT

### REQUEST NO. 1:

Admit that Experian clearly and accurately disclosed to Plaintiff the nature and substance of all information in Experian's file on Plaintiff's credit history in response to Plaintiff's request for such information.

**Denied**

### REQUEST NO. 2:

Admit that after sending a "Full File Disclosure Request pursuant to 15 U.S. Code 1681g(a)(1)" by letter dated October 4, 2017, Plaintiff received Plaintiff's Credit Disclosure on or around October 20, 2017 from Experian.

**Denied, because Plaintiff receive a credit report NOT Full File Disclosure as requested.**

### REQUEST NO. 3:

Admit that after sending a "Final Request Pursuant to 15 U.S.C. § 1681g(a)(1)" by letter dated December 29, 2017, Plaintiff received Plaintiff's Credit Disclosure on or around January 10, 2018 from Experian.

**Denied, because Plaintiff receive a credit report NOT Full File Disclosure as requested.**

### REQUEST NO. 4:

Admit that Plaintiff's Credit Disclosures dated October 20, 2017 contains no inaccurate information.

**Cannot answer this request, because Plaintiff receive only a his credit report**

### REQUEST NO. 5:

Admit that Plaintiff's Credit Disclosures dated January 10, 2018 contains no inaccurate

information.

**Cannot answer this request, because Plaintiff receive only a credit report**

**REQUEST NO. 6:**

Admit that Experian has never failed to provide Plaintiff with a copy of Plaintiff's Credit Disclosure in response to any request by Plaintiff.

**Cannot answer this Request, because the Plaintiff didn't ask for a Credit Disclosure.**

**REQUEST NO. 7:**

Admit that Plaintiff cannot identify any information that Experian did not include in Plaintiff's Credit Disclosures that should have been included.

**Cannot Answer this question because Plaintiff didn't ask for Credit Disclosure. Plaintiff ask for Full Consumer File Disclosure**

**REQUEST NO. 8:**

Admit that Experian has never published Plaintiff's credit information without a permissible purpose, as defined under 15 U.S.C. § 1681b.

**Cannot admit or Denied because Experian never produce my full consumer file disclosure.**

**REQUEST NO. 9:**

Admit that Experian has always notified Plaintiff of the results of its reinvestigation of Plaintiff's credit information within thirty days of receipt of each dispute from Plaintiff.

**Cannot admit or Denied because Experian never produce my full consumer file disclosure.**

**REQUEST NO. 10:**

Admit that Experian followed reasonable procedures to ensure maximum possible accuracy of the information Experian reported with respect to Plaintiff.

**Denied**

**REQUEST NO. 11:**

Admit that Plaintiff was not damaged as a result of any act or omission on the part of Experian.

**Denied**

**REQUEST NO. 12:**

Admit that Plaintiff was not denied credit as a result of the information Experian reported with respect to Plaintiff.

**Admit**

**REQUEST NO. 13:**

Admit that Plaintiff was not denied insurance as a result of the information Experian reported with respect to Plaintiff.

**Admit**

**REQUEST NO. 14:**

Admit that Plaintiff was not denied employment as a result of the information Experian reported with respect to Plaintiff.

**Admit**

**REQUEST NO. 15:**

Admit that Plaintiff has not suffered any out-of-pocket loss as a result of any act or omission on the part of Experian.

**Denied . Plaintiff had $400 fee to file this lawsuit.**

**REQUEST NO. 16:**

Admit that Plaintiff has not suffered any emotional distress, humiliation or mental anguish as a result of any act or omission on the part of Experian.

**Admit**



Earl Gavin
300 Marion Ave
Gaffney SC 29341

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018 I served a true and correct copy of the foregoing Defendant Experian Information Solutions, Inc.'s First Set of Requests for Admission to Plaintiff Earl Gavin on the following parties via electronic mail as agreed in the parties' submitted Discovery Plan dated April 30, 2018:

**Counsel for Defendant Experian Information Solutions, Inc.**
Lyndey Zwing
Adams & Reese LLP
1501 Main St 5th Floor
Columbia SC 29201

**Counsel for Defendant Trans Union, LLC**
Wilbur E. Johnson
Young Clement Rivers, LLP
PO Box 993
25 Calhoun Street, Suite 400
Charleston SC 29401

**Counsel for Defendant Equifax, Inc.**
Rita Bolt Barker
WYCHE
44 East Camperdown Way,
Greenville SC 29601-3512