IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Earl Gavin, ) | Civil Action No. 7:18-00523-DCC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Trans Union LLC, ) | |
| ) | |
| Defendant.[1] ) | |
| ) | |

This matter is before the Court on a motion to dismiss and a motion filed by Defendant. [Doc. 28.] Plaintiff is proceeding pro se. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding pro se and to submit findings and recommendations to the District Court.

Plaintiff filed this action on February 22, 2018 [Doc. 1], and filed an Amended Complaint on May 25, 2018 [Doc. 52]. Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"). [*Id.*] On March 29, 2018, Defendant filed a motion to dismiss.[2] [Doc. 28.] On March 30, 2018, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and of the

---

[1]This caption represents the current parties to the litigation. The action was previously dismissed as to Defendants Experian Information Solutions Inc., Equifax Inc., and Equifax Information Services LLC after they notified the Court they had settled the matter. [Docs. 93; 94; 105.]

[2]Although an amended pleading typically supersedes the original, in this case, Defendant asserted that the Amended Complaint suffers from the same fatal deficiencies seen in the original Complaint. [Doc. 39 at 2.] Accordingly, the Court notified the parties on May 25, 2018, that it considers the motion to dismiss as addressing the Amended Complaint. [Doc. 51.]

possible consequences if he failed to adequately respond to the motion. [Doc. 29.] Plaintiff filed a response in opposition to the motion to dismiss on April 5, 2018 [Doc. 32], and Defendant filed a reply on April 12, 2018 [Doc. 35]. Accordingly, the motion to dismiss is ripe for review.

## BACKGROUND

Plaintiff alleges that Defendant and its subsidiaries and affiliates operate as a consumer reporting agency ("CRA"). [Doc. 52 ¶ 15.] Plaintiff made "a written request sent by certified mail for a copy of his **full consumer file disclosure**," which Defendant received on November 10, 2017. [*Id.* ¶ 23; Doc. 52-1 at 4.] In response, Plaintiff received a document stating that "it was a Trans Union Personal Credit Report with a mere 5 pages of consumer information which was not responsive to his request for ALL information in his file as requested." [Doc. 52 ¶ 24.] After receiving this response, which "did not comply with the request made, Plaintiff made a second and final written request for a **full consumer file disclosure** for ALL information in his file(s) pursuant to the FCRA." [*Id.* ¶ 27; Doc. 52-2 at 4.] In response, Plaintiff "received another document which stated it was a Trans Union Personal Credit Report which contained just 5 pages of consumer information and was not responsive to his request for ALL information in his file as required by 15 U.S.C. § 1681g(a)(1)." [Doc. 52 ¶ 32.] Plaintiff asserts that Defendant "repeatedly failed to comply with Plaintiff[']s multiple requests for a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1)." [*Id.* ¶ 63.] Plaintiff seeks statutory damages of $1,000, attorneys' fees, and costs for the alleged violation of the FCRA. [*Id.* at 19.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd.*

*P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

4

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Defendant argues Plaintiff's Complaint should be dismissed because it fails to state facts sufficient to support a claim for relief pursuant to 15 U.S.C. § 1681g. [Doc. 28-1 at 4–7.] More specifically, Defendant contends that Plaintiff admits he received a copy of his "credit report" and that Plaintiff provides no factual basis for his assertion that what he received was not his full consumer file disclosure. [*Id.*] The Court agrees that Plaintiff has failed to state a claim upon which relief can be granted.

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA provides a private right of action for consumers against entities that violate the statute. *Id.* at 53. The FCRA requires, among

other obligations, that CRAs "clearly and accurately disclose" to a requesting consumer "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1).

The District Courts for the District of Maryland and the Southern District of Florida have dismissed cases pleading factual allegations very similar to those alleged in Plaintiff's Amended Complaint. *See Frazier v. Experian Info. Sols., Inc.*, No. JKB-18-0067, 2018 WL 3785131 (D. Md. Aug. 9, 2018); *Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178, 2018 WL 3360754 (S.D. Fl. June 29, 2018). In *Frazier*, the plaintiff pled, "upon information and belief," that the following information was missing from the disclosure she received from the CRAs:

> information that was previously shown in her credit reports that is now archived and additional information that is provided to prospective creditors, insurers or employers who request information on [p]laintiff that she has never seen or has been made aware of [and]
>
> . . . [information containing] negative codes among other things that are provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view the [p]laintiff in terms of granting credit, rating insurance policies or providing employment or even providing housing.

*Frazier*, 2018 WL 3785131, at *5 (internal quotation marks omitted) (some alterations in original). Similarly, in *Scott*, the plaintiff pled, "upon information and belief," that the following information was missing from the disclosure he received from the CRAs:

> (1) information that was previously shown in his credit reports and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of; (2) negative codes among other things that are provided to prospective creditors, insurers or employers; and (3) far more information relating to Plaintiff in their files and databases including archived information.

*Scott*, 2018 WL 3360754, at *6 (internal citations and quotation marks omitted).  Both courts held that the plaintiffs' allegations were too speculative to state a claim that the defendants violated the FCRA's disclosure requirements.  *Frazier,* 2018 WL 3785131, at *6; *Scott*, 2018 WL 3360754, at *7.  Further, both courts relied on the plaintiffs' (a) failure to point to what information was actually missing from what they received from the CRAs; (b) admissions that they had no direct knowledge of the content of the CRAs' files; and (c) use of the terms "may" and "might" and phrase "one can only surmise."  *Frazier*, 2018 WL 3785131, at *6, *Scott*, 2018 WL 3360754, at *7.

The Amended Complaint in the present case suffers from the same deficiencies as the complaints in *Frazier* and *Scott*.  Plaintiff alleges, "[u]pon information and belief," that the following information from Defendant's file was not included in what he received from Defendant:

> information that was previously shown in his credit reports that is now archived and additional information that is provided to prospective creditors, insurers, employers and other third parties who request information on Plaintiff that he has never seen or has been made aware of . . . [;]
>
> . . . negative codes or erroneous account information, among other things, that is provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view Plaintiff in terms of granting credit, rating insurance policies or providing employment or even providing housing[; and]
>
> ***
> . . . far more information relating to Plaintiff in [its] file(s) and/or database(s) including archived information.

[Doc. 52 ¶¶ 42, 43, 45.]  Moreover, like the plaintiffs in *Frazier* and *Scott*, Plaintiff contends,

> The sole issue in this lawsuit revolves around the fact that he has not been provided ALL information in his **full consumer**

7

> **file** that may have been at some time in the past provided to a known or unknown third party or might be provided at some time in the future to a third party.

[*Id.* ¶ 48.] Finally, like the plaintiffs in *Frazier* and *Scott*, Plaintiff asserts,

> One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer . . . . A reasonable assumption would be that it contains information that the consumer has never seen and the [CRAs] don[']t want the consumer to see for some unknown reason.

[*Id.* ¶ 52.] These allegations are almost identical to those that courts have found too speculative to survive motions to dismiss.

Moreover, Plaintiff admits that he has "no direct knowledge of specific information regarding himself that [is] in Defendant[']s file(s)." [*Id.* ¶ 40.] Although he asserts that a disclosure he received from LexisNexis contained 106 pages of consumer information, and there was "a monumental disparity between the number of pages of consumer information provided by LexisNexis at 106 pages versus just 5 . . . pages in the documents provided by . . . Defendant[]" [*id.* ¶ 37], no factual allegations in Plaintiff's Amended Complaint support an inference that because LexisNexis's file contained additional information, Defendant's file also contained additional information that has not been provided to Plaintiff. That is so particularly where Plaintiff alleges that the information in LexisNexis's file was "sourced from Equifax and Experian." [*Id.*] Plaintiff fails to allege what information is missing from the information he received from Defendant or any facts that led him to believe Defendant has failed to meet its disclosure requirements. As in *Frazier* and *Scott,* "even when considering all facts in a light most favorable to Plaintiff and accepting [his] allegations as true, the Court cannot reasonably infer that . . . Defendant[] violated [its]

8

disclosure requirements pursuant to § 1681g(a)(1) of the FCRA." *Frazier*, 2018 WL 3785131, at *6. Accordingly, Defendant's motion to dismiss should be granted.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss [Doc. 28] be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

September 24, 2018
Greenville, South Carolina