IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, GREENVILLE, SC
2018 OCT 12  PM 5: 03

| | |
|---|---|
| **EARL GAVIN** )<br>Plaintiff )<br> )<br>vs )<br> )<br>**EXPERIAN INFORMATION** )<br>**SOLUTIONS, INC.; TRANS UNION** )<br>**LLC; EQUIFAX, INC.** )<br>Defendants )<br> )<br> ) | **Case No 7:18-cv-00523-DCC-JDA** |

**PLAINTIFF OBJECTION TO THE MAGISTRATE JUDGE
REPORT AND RECOMMENDATION**

Under 28 U.S.C. § 636(b)(1)(C) and Rule 72.3(b) of the Rules of this Court, Plaintiff respectfully submit the following objections to certain of the Magistrate Judge's Report and Recommendation, issued on September 24, 2018.

**STANDARD OF REVIEW**

When considering Defendant s motion, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996)-, Jones v. General Elec. C , 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendant s motion. Hishon v. King & Spalding, A61 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in Plaintiffs complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule Defendant's motion.

# ARGUMENT AND AUTHORITIES

### I. The Magistrate disregard the letters sent to Transunion and the complaint requesting specifically what is required by law.

In writing, I was requesting <u>ALL INFORMATION</u> in my consumer file at Trans Union as of the date that you receive this letter regardless of how or where it is stored; pursuant to 15 U.S. Code 1681g(a)(1). *See exhibit/attachments*

1. Pursuant to 15 U.S. 1681g(a)(2), all sources of information in my consumer file at Trans Union.

**It's very clear what I asking for, which is ANY & ALL information in my file no matter what it is or where it's being stored. Which should include any and all information store on their TLO xp data collecting platform and all of my mailed correspondent such dispute letters, their reinvestigation forms ACDV & AUD to and from furnisher referencing to dispute items on my credit report etc.,.**

2. Pursuant to 15 U.S. 1681g(a)(3)(A), the identification of each person that procured a consumer report on me from Trans Union.

**Transunion didn't send all persons that procured or request my report from Transunion within 12 months from my request.**

3. Pursuant to 15 U.S. 1681g(a)(3)(B), the name, trade name, address, and telephone number of each person identified under 15 U.S. 1681g(a)(3)(A).

**Transunion didn't provide all the names, address and phone numbers of all parties was reporting or procured my consumer report.**

4. Pursuant to 15 U.S. 1681g(a)(4), the dates, original payees, and amounts of any checks in my consumer file at Trans Union used to adversely characterize me.

**This means any and all information that Transunion used to adversely characterize me.**

5. Pursuant to 15 U.S. 1681g(a)(5), a record of all inquiries received by Trans Union in the year preceding the receipt of this request that identified me in connection with a credit or insurance transaction that I did not initiate.

**Didn't receive record of all the inquiries received by Trans Union pertaining to me within the 12 month of my initial request for my full file disclosure, because there were inquiries on my Transunion credit report that I don't recognize. And I didn't applied or initiate any credit or insurance within 12 month of request for my consumer full file disclosure from the Transunion**

My request for a full file disclosure was to include all obsolete and archived information as permitted by the Fair Credit Reporting Act. **This means all obsolete and archived information that Transunion may be still holding on to that were deleted, was removed, disputed and then removed. Which should include all data, information provided from Transunion TLOxp platform**

**Attachments/exihibits enclosed:**
1. Both letters sent to Trans Union
2. 13 certified mail receipts - proof where I sent several correspondent disputing things on my credit report.
3. Copy of my credit report showing several inquiries - where I don't have knowledge of the individuals or company requesting my report. They should have proof of their permissible purpose.
4. Copy of Trans Union Request for Personal Credit Report. Shows that Trans union collects more information from consumer outside of what the have on credit report. You will see where they ask for email address, Driver License Number etc.

*I have sent them copy of the my driver license and social security card for verification.

In my request for my consumer full file disclosure, NONE of the above attachments was forward to me. And each request BY LAW says any and ALL information in my file - I have right to review for accuracy.

It was very clear in 2nd letter to the Trans Union that what they sent to me was NOT a full file disclosure. *See exhibit & attachments* . What Plaintiff received was copy of his credit report, which is the terminology used by Trans Union. Credit report is just one type of disclosure. My response was asking for something other than a credit report. Trans Union credit report doesn't equate to full consumer file disclosure. If Trans Union didn't have no other information in its files relating to Mr. Gavin, they should have categorically State that in their motion to dismiss.

Magistrate report referencing FCRA purpose to ensure the fair and accurate of credit report, BUT, my issues have nothing to do with disputing the accuracy of my credit report. My request was to obtain my consumer full file disclosure for my review to ensure that full consumer file is accurate. Remember credit report & consumer disclosure are

totally different.

## II. The Magistrate has failed to allow the discovery to be completed and has NOT review Transunion responses to Plaintiff discovery

Plaintiff receive response to Admission on or about July 26, 2018. Its very clear that Transunion is NOT being truthful to courts. The attached documents/exhibits, Trans union own webpage's, their data collecting software TLO xp, is very clear indication that Trans union does in fact store, collect data & information that was not provided to the Plaintiff at the time of his request.

**REQUEST FOR ADMISSION 1.** Admit or Deny that Transunion has been collecting data on Plaintiff since 2001

**Response: Trans Union admits that it began maintaining a credit file related to Plaintiff since March 1, 2001**

**REQUEST FOR ADMISSION 3.** Admit or Deny that Transunion sells information that they collect on Plaintiff to other 3rd parties for profit.

**Response: Tran Union admits that it sells consumer reports pursuant to contracts and agreements with subscribers. Trans Union denies remainder of Request for Admission No. 3.**

**REQUEST FOR ADMISSION 5.** Admit or Deny Transunion has more data, information on plaintiff then what is on his credit report.

**Response: Tran Union denies Request for Admission No.5**

**REQUEST FOR ADMISSION 6.** Admit or Deny That there is difference between to Credit Report & Consumer File Disclosure.

**Response: Trans Union admits Request for Admission No. 6**

**REQUEST FOR ADMISSION 10.** Admit or Deny that Credit Report is NOT a Consumer File

**Response: Tran Union admit Request for Admission for No. 10**

**REQUEST FOR ADMISSION 14.** Admit or Deny if Transunion collect more data or information then what shown or given in Plaintiff Credit Report.

**Response: Trans Union denies Request for Admission No. 14**

**REQUEST FOR ADMISSION 15.** Admit or Deny that Transunion gives 3rd parties whom requesting information on consumer more data & information then they would give a consumer.

**Response: Trans Union denies Request for Admission No. 15**

**REQUEST FOR ADMISSION 19.** Admit or Deny that Tranunion collect any of the data on consumers including criminal, rental history, driver records, banks accounts, and evictions

**Response: Trans Union denies Request for Admission No. 19**

**REQUEST FOR ADMISSION 20.** Admit or Deny that Transunion collects more then credit history or credit information on consumers

**Response: Trans Union denies Request for Admission No. 20**

During the discovery, Plaintiff uncover that Transunion is indeed selling, storing consumer data for profit that is not provide to me as consumer upon 2 request. Transunion sells to 3rd parties a data collecting platform/software called **TLOxp**, which compile data and information on consumers.

**TLOxp** is powered by **TransUnion**. **TLOxp** was acquired by **TransUnion** in 2013.

Transunion possess and SELLS this platform/software called TLOxp. And on their website in clearly states its capabilities and storing and collecting data and information on consumers. Plaintiff has every right to see ALL information they are storing, collecting and selling to 3rd parties, so Plaintiff can validate its accuracy.

https://www.tlo.com/about-tloxp
*Here information on their webpage:*

Your report says it all
Names, addresses, aliases, emails, phones, places of employment, Bankruptcies, liens, assets, criminal histories, social media profiles, Map relationships between a subject and relatives/associates (a TLOxp exclusive feature!)

TLOxp is updated every day
Daily updates ensure you receive the most current and reliable data points available.

That's why companies and organizations across the U.S. harness the power of TransUnion's industry-leading search and locating tool to:

Locate subjects in the U.S., Puerto Rico and Guam
Enhance due diligence practices
Mitigate risk more efficiently and effectively
Skip trace individuals to speed the collections process
Improve right party contact rates to help avoid compliance issues
Prevent and combat individual and corporate fraud
Authenticate individuals and businesses
Recover assets faster with less legwork
And much more

https://www.tlo.com/searches-and-reports

*Here information on their webpage:*

People and asset searches
TLOxp® can search and locate virtually any individual, anywhere in the U.S., including U.S. territories such as Guam and Puerto Rico. The information you receive about individual subjects is rich and constantly updated, including:
360° profile—From basic information like names, phones, emails and address to detailed data on employment, aliases, assets, criminal history, bankruptcies and much more.

Partial data searches—You can enter partial information from addresses, SSNs, telephone numbers and more. Search by location radius or age range. Even enter a phonetic name spelling, and TLOxp narrows the search to the fewest possible options. You won't believe how much this unique feature reduces legwork.

Plaintiff knows Transunion collect, stores, and sells their data collecting

platform/software TLOxp, which confirm why requesting copy of consumer full file

disclosure was necessary. Plaintiff is entitled to see ALL information that Trans Union

holding, or in their possession no matter where is stored or located. In effort to ensure that

all the information that Transunion is collecting, storing and selling to 3rd parties are

correct & accurate

https://www.tlo.com/collections

Access over 10,000 data sources in TLOxp to help you recover debt faster, easier and more effectively

TLOxp® provides industry-leading and actionable right party contact information to help improve your collections process. TLOxp's linking algorithms work to deliver a 360-degree report detailing the information needed to skip trace a subject. Tap into an intuitive interface to search and view collections criteria including current phone numbers, addresses, relatives and places of employment.
With TLOxp, you have the ability to customize searches and select a plan that best supports your agency's objectives. Configure data and reports for the broadest possible search options, or narrow the scope while maintaining flexibility.
Customizable features and potential benefits include:
Control access for individual collectors
Create customized reports for your selected search criteria
Minimize errors
Shorten the collections lifecycle
Support regulatory compliance
Drive higher recovery rates
Improved rates for locating and contacting the right party

### III. The Magistrate failed understand the difference from Credit report/Credit file and Consumer Full File Disclosure.

In its arguments for dismissal Trans Union immediately begins by conflating the words disclosure and credit report (disclosure/credit report) by arguing they are synonymous. Nowhere in the FCRA is the term credit disclosure/credit report used. A Credit report is a disclosure of course... of credit information. That does not mean it is necessarily a disclosure of all information held in a consumer s file at a certain time. The plain language of the FCRA requires, among other obligations, that CRA's clearly and accurately disclose" to a requesting consumer [a]ll information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(l). FCRA defines "file as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored. Icl.§ 1681a(g). The United States Court of Appeals for the Seventh Circuit has found that "[t]he term file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might he

furnished, or has been furnished, in a consumer report on that consumer." Gillespie v. Trans Union Corp., 482 F.3d 907, 909 (7th Cir.2007) (emphasis in original) (citing 16 C.F.R. pt. 600, app. § 603). The Seventh Circuit has held that, although a consumer's "entire file need not be disclosed upon request, "complete copies of their consumer reports" must be disclosed upon request. Id. The United States Court of Appeals fo the Third Circuit has ruled that a CRA may not evade disclosure requirements by, for example. contracting with a third party to store and maintain information that would otherwise clearly be part of the consumer s file and is included in a credit report, Cortez v. Trans Union, LLC, 617 F.3d 688, 711 (3d Cir.2010), or by using "[c]orporate organization, reorganization, structure, or restructuring." to circumvent reporting requirements. 12 C.F.R. § 1022.140(a). Jones v. Equifax No. 3:15-cv-112-RJC-DSC United States District Court, W.D. North Carolina, Charlotte Division April 11, 2016. Defendant's argument has no merit when looking at the plain language of the statute and case law.

Plaintiff wanted to obtain his full consumer file disclosure to obtain all information recorded and maintained in Defendants files and/or databases about him as 15 U.S.C. § 1681g(a)(l) states he is entitled to. Every consumer reporting agency shall, upon request, and subject to § 1681h(a)(l) of this title, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(l) In response to his very specific (2) request for his full consumer file disclosure Plaintiff received a document which stated it was a Trans Union Personal Credit Report with a mere 5 pages of consumer information which was not responsive to his request for ALL information in his file as requested. Statue makes it very clear any & all information that

handle or in their possession.

15 U.S.C. § 1681g(a)(l) requires that ALL information in the possession of a CRA at the time of a consumers proper request be disclosed in response to that request. Nowhere in §1681g does the statute limit that information to the scope of credit or credit related data which may be included in a conventional credit report. The plain language of the statute clearly states ALL information regardless of its nature must be provided other than clearly ancillary information excluded by §1681g(l)(B) which Plaintiff clearly did NOT request.

It was obvious to Plaintiff that information was being withheld by Defendants rather than being disclosed as required by the FCRA. Every consumer reporting agency shall, upon request, and subject to § 1681h(a)(l) of this title, clearly and accurately disclose to the consumer all information in the consumer s file at the time of the request. 15 U.S.C. § 1681g(a)(l) (emphasis added) Defendants have deliberately, intentionally and in violation of the law refused to provide all information in their file(s)/databases that relates directly to Mr. Gavin.

Upon information and belief Trans Union have far more information relating to Plaintiff in their file(s) and/or database(s) including archived information beyond that which Plaintiff has ever had access to or had the opportunity to review for accuracy and is provided to others when they make a request for consumer information on him. This information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 U.S.C. § 1681g(a)(l) when a proper request is made by a consumer such as Mr. Mack. Every consumer reporting agency shall, upon request, and subject to §

1681h(a)(l) of this title, clearly and accurately disclose to the consumer **all** information in the consumer s file at the time of the request. 15 U.S.C. § 1681g(a)(l)

Because Plaintiff has not had access to that undisclosed information he has therefore had no opportunity to review it and dispute the accuracy of it if it is false yet it may be provided to potential creditors, housing providers, insurers and employers without his knowledge and is purposely and illegally concealed from him. Plaintiff has the right to disclosure of that information **BY LAW** when it is properly requested which was clearly the case here and all Defendants failed to provide the proper full consumer file disclosures after a very unambiguous request was made for it multiple times.

## CONCLUSION

For the forgoing reason, the court should reject the Magistrate Judge's Report and Recommendation to deny the motion to dismiss the Plaintiff for failure to state a claim and allow the case to move forward its merits toward trial.

Earl Gavin
300 Marion Ave
Gaffney SC 29341

Date: October 6, 2018

Case No 7:18-cv-00523-DCC-JDA

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on the parties listed below via email on the date below

**Counsel for Transunion.**
Quilling, Selander, Lownds,
James Acosta
Winslett & Moser, P.C.,
6900 N. Dallas Parkway
Suite 800
Plano, TX 75024
E-mail: jacosta@qslwm.com
Website: www.qslwm.com