**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| EARL GAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 7:18-cv-00523-AMQ-JDA |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and EQUIFAX, INC., | ) ) ) |
| | ) |
| Defendants. | ) ) |

**TRANS UNION LLC'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND MEMORANDUM IN SUPPORT**

COMES NOW, Defendant Trans Union LLC ("Trans Union"), by its undersigned counsel, and files this Response to Plaintiff's Objection to the Magistrate Judge's Report and Recommendation and Memorandum in Support, and would respectfully show the court as follows:

### I.     INTRODUCTION

On October 15, 2018, Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation ("Magistrate Judge's Report"), which recommended that the Court dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. Dkt. 111.  Plaintiff, however, does not actually make any specific objection to the Magistrate's findings, or any of the legal analysis applied, or authority cited by the Magistrate.  Instead, the majority of Plaintiff's pleading is spent rehashing the allegations in Plaintiff's Amended Complaint and the arguments in Trans Union's Motion to Dismiss, and attempting to introduce hearsay information that Plaintiff found on the internet, and did not previously produce in

1

discovery.[1]     Accordingly, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation should be overruled.

## II.     ARGUMENTS AND AUTHORITIES

**1.   Plaintiff's Failure to Object to any Specific Portion of the Magistrate's Report is Insufficient and Constitutes a Waiver of Those Objections.**

A party that fails to object to a portion of a Magistrate's decision waives that objection. *See Frazier v. Foster*, 2015 WL 7313866, *1-2 (D. S.C. November 20, 2015). Further, objections to a magistrate's findings and conclusions under Rule 72(b) must be "specific." Fed. R. Civ. P. 72(b). It is well-established that a court "…need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 331 (4th Cir. 2006) (citations omitted).

Plaintiff uses the phrase "objection" in the title of his pleading, and in the introductory paragraph, and nowhere else. Glaringly absent from Plaintiff's pleading is any specific objection to the Magistrate's recommendation, the legal analysis, authority cited, or the standards employed by the Magistrate in reaching the conclusion to dismiss Plaintiff's Amended Complaint. *See* Dkt. 111. Plaintiff's failure to specifically object to any portion of the Magistrate Judge's Report constitutes waiver of those objections. *Farmer v. McBride,* at *1-2.

Plaintiff's failure to include any specific objection to the Magistrate Judge's Report also fails to comply with Fed. R. Civ. P. 72(b)(2), as a matter of law. Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or *general* objections need not be considered by a district court. *See U.S.*

---

[1] Trans Union objects to Plaintiff's introduction of items he claims are from the internet on the grounds they are hearsay.  Fed. R. Evid. 801.

2

3191920.1

*v. Midgette*, 478 F.3d 616, 621-622 (4th Cir. 2007). Providing Plaintiff with every benefit of liberal construction of his pleading, at best, he raises a general objection that is insufficient and need not be considered by this Court. As a result, this Court should overrule Plaintiff's objection and accept the Magistrate's Report.

2. **Plaintiff Failed to Remedy his Fatally Deficient Allegations in his Amended Complaint.**

Plaintiff's argument that the Magistrate Judge disregarded "letters sent to Trans Union" completely misses the point that his Amended Complaint fails to state a claim upon which relief can be granted. Nor does Plaintiff's argument contain any specific objection to the Magistrate Judge's Report. Instead, Plaintiff's assertions in this section of his pleading consists of nothing more than a lengthy rehashing of the allegations contained in his Amended Complaint. Plaintiff was provided with the opportunity to file an Amended Complaint, and did so, but he still failed to allege a cause of action upon which relief can be granted. Dkt. 51. The letters he submitted to Trans Union have no bearing on the pleading requirements of the Federal Rules of Civil Procedure that Plaintiff was obligated to satisfy. Plaintiff's argument does not provide any grounds for objecting the Magistrate Judge's Report and should be overruled.

3. **Plaintiff had Every Opportunity to Conduct Discovery.**

Plaintiff's assertion that the Magistrate Judge's Report failed to allow discovery to be completed is disproven by the facts. Notably, Plaintiff fails to identify any particular discovery that he was prevented from conducting during the pendency of the case. In fact, Plaintiff, Trans Union, and settling parties Equifax and Experian all exchanged detailed written discovery. If Plaintiff felt the need to conduct additional discovery he was free to do so. The Court even granted the parties request for an extension of the discovery deadline and provided the parties until October 25, 2018 to complete discovery. Dkt. 90. Even with the extended discovery

deadline, Plaintiff chose not to conduct the discovery that he now complains he is prevented from conducting.  Plaintiff's argument is disingenuous and provides no grounds for objecting to the Magistrate Judge's Report.

**4.     The Magistrate Judge Clearly Understood Plaintiff's Arguments.**

Plaintiff's assertion that the Magistrate Judge "failed to understand" Plaintiff's arguments does not merit consideration by the Court.  The Magistrate Judge's Report actually describes in detail her legal analysis, authority cited, and the standard employed in reaching the conclusion that Plaintiff's Amended Complaint should be dismissed.  However, Plaintiff fails to make any specific objection to the Magistrate Judge's legal analysis, authority cited, or the standard employed in reaching her conclusion.  Instead, Plaintiff provides another rehashing of the deficient allegations in his Amended Complaint, and the arguments raised in response to Trans Union's Motion to Dismiss.  Once again, Plaintiff's argument does not provide any basis for objecting to the Magistrate Judge's Report.

### III.    CONCLUSION

For all of the foregoing reasons, Trans Union respectfully requests that the Court overrule Plaintiff's objection and adopt the Magistrate Judge's Report and Recommendations as the opinion of the Court.

Respectfully Submitted,

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**
Federal ID No.: 2212
wjohnson@ycrlaw.com
**YOUNG CLEMENT RIVERS, LLP**
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 724-6659
(843) 579-1332 Fax
***Counsel for Trans Union LLC***

4

3191920.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

Jennifer Sun
jennifersun@jonesday.com
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA 92612
(949) 553-7572
 and
Lyndey Ritz Zwingelberg
lyndey.zwing@arlaw.com
Adams and Reese
1501 Main Street
Fifth Floor
Columbia, SC 29201
(803) 212-4958
*Counsel for Experian Information Solutions, Inc.*

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
44 E Camperdown Way
P.O. Box 728
Greenville, SC 29601
(864) 242-8235
*Counsel for Equifax, Inc.*

This is to certify that on October 26, 2018, a true and correct copy of the above and foregoing document has been served via First Class Mail and Electronic Mail on the following non-CM/ECF participant:

Earl Gavin
Egav1986@gmail.com
300 Marion Avenue
Gaffney, SC 29341
Plaintiff *Pro Se*

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**